*I*

United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *IN RE:* | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

---------------------------------------------------------------------------------------

| | |
|---|---|
| DEBRA KULAW, Individually and | § |
| As Personal Representative of the Heirs | § |
| and Estate of LEVAUGHN DARNOLD | § |
| PLAINTIFFS | § |
| | § |
| VS. | § |
| | § |
| | § |
| ABLE SUPPLY COMPANY; | § |
| AC&S, INC.; | § |
| AC & S, INC. (SUED INDIVIDUALLY | § |
| AND AS SUCCESSOR-IN-INTEREST TO | § |
| ARMSTRONG CONTRACTING & | § |
| SUPPLY, INC.); | § |
| AMF VOIT F/K/A TRIPLE B. | § |
| CORPORATIONS; | § |
| AMOCO CORPORATION; | § |
| A.P. GREEN INDUSTRIES INC.; | § |
| ARMSTRONG WORLD INDUSTRIES, INC. | § |
| ASBESTOS CLAIMS MANAGEMENT; | § |
| CORP. F/K/A NATIONAL GYPSUM; | § |
| BABCOCK & WILCOX; | § |
| BROWN & ROOT, INC.; | § |
| CERTAINTEED CORPORATION; | § |
| COMBUSTION ENGINEERGING, INC;. | § |
| CROWN CORK & SEAL COMPANY, INC.; | § |
| DRESSER INDUSTRIES, SUED | § |
| INDIVIDUALLY AND AS | § |
| SUCCESOR-IN-INTERST TO HARBISON | § |
| WALKER REFRACTORIES AND | § |
| WORTHINGTON PUMP INC; | § |
| FEDERAL MOGUL CORPORATION, | § |
| (INDIVIDUALLY AND AS | § |
| SUCCESSOR-IN-INTEREST TO | § |
| T& N, PLC, F/K/A TURNER & | § |
| NEWELL PLC); | § |
| FIBREBOARD CORPORATION; | § |
| FLINTOKE COMPANY; | § |
| FOSTER WHEELER ENERGY | § |

C.A. _B-01-181_

CNVPDF — www.fineio.com

CORPORATION;                                    §
GAF BUILDING MATERIALS                          §
CORPORATION, INDIVIDUALLY                       §
AND AS SUCESSOR TO GAF CORP.,                    §
AND EDGECLIFF CORP;                             §
GARLOCK INC;                                     §
GASKET HOLDING INC.;                             §
GASKET HOLDING INC.;                             §
(SUED INDIVIDUALLY AND AS                        §
SUCCESSOR-IN-INTEREST TO                         §
FLEXITALLIC GASKET CO.);                         §
GENERAL REFRACTORIES COMPANY;                    §
GEORGIA-PACIFIC CORPORATION;                     §
GEORGIA-PACIFIC CORPORATION                      §
(SUED INDIVIDUALLY AND AS                        §
SUCCESSOR-IN-INTEREST TO                         §
BESTWALL GYPSUM COMPANY);                        §
GUARDLINE, INC.;                                 §
HARBISON-WALKER REFRACTORIES;                    §
HARBISON-WALKER REFRACTORIES                     §
COMPANY (FORMALLY A DIVISION                     §
 OF INDRESCO, INC.);                             §
INDRESCO INC.;                                   §
INDRESCO INC. (SUED INDIVIDUALLY                 §
AS SUCCSSOR-IN-INTEREST TO                       §
HARBISON-WALKER REFRACTORIES,                    §
A DIVISION OF INDRESCO, INC.);                   §
J. T. THORPE COMPANY;                            §
KAISER ALUMINUN & CHEMICAL                       §
CORPORATION;                                     §
KELLY MOORE PAINT COMPANY, INC.;                 §
METROPOLITAN LIFE INSURANCE                      §
COMPANY;                                         §
MINNESOTA MINING &                               §
MANUFACTURING;                                   §
NORTH AMERICAN REFRACTORIES                      §
COMPANY;                                         §
OWENS-CORNING FIBERGLAS CORP.;                   §
OWENS ILLINOIS, INC.;                            §
OWENS ILLINOIS, INC.                             §
(SUED INDIVIDUALLY AND AS                        §
SUCCESSOR –IN- INTEREST TO                       §
OWENS-ILLIONIS GLASS COMPANY)                    §
PITTSBURGH CORNING CORP.;                        §
PPG INDUSTRIES, INC.;                            §
PROKO INDUSTRIES, INC.;                          §
QUIGLEY COMPANY, INC.;                           §
RAPID-AMERICAN CORPORATION;                      §
RILEY STOKER CORPORATION;                        §

THE SYNKOLOID COMPANY;                              §
T&N PLC F/K/A TURNER & NEWELL PLC;                  §
T&N PLC SUCCESSOR IN INTEREST                       §
TO KEASBEY & MATTISON;                              §
TURNER & NEWELL INDUSTRIES, INC.                    §
DBA UNITED GASKET CORP;                             §
TURNER NEWELL, LTD. D/B/A UNITED                    §
FABRICATED;                                         §
UNIROYAL HOLDING, INC.                              §
(SUED INDIVIDUALLY AND AS                           §
SUCCESSOR-IN-INTERST TO U.S.                        §
RUBBER COMPANY;                                     §
U.S. GYPSUM COMPANY;                                §
U.S. MINERAL PRODUCTS COMPANY;                      §
W.R. GRACE & CO.—CONN.;                             §
W.R. GRACE & CO.—CONN.                              §
(SUED INDIVIDUALLY AND AS                           §
SUCCESSOR-IN-INTEREST TO W.R.                       §
GRACE & COMPANY);                                   §
            DEFENDANTS                              §

## APPLICATION AND NOTICE OF REMOVAL
## FILED BY DEFENDANT GARLOCK INC

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes GARLOCK INC one of the Defendants in the case being removed (herein "GARLOCK"), and files this Application and Notice of Removal of the currently pending case: Cause No. 99-12-5218-D; Debbie Kulaw v. Able Supply Co.; In the 404th Judicial District Court of Cameron County, Texas (herein the "Removed Case").

### I.
### PRELIMINARY STATEMENT

1.      Defendant GARLOCK INC is an Ohio Corporation with its principal place of business in Charlotte, North Carolina, and is a named Defendant in the above styled Removed Case.  GARLOCK asserts a Cross-Claim or Third Party Action against the Debtor and others in the Removed Case for contribution or indemnification arising out of Plaintiff(s)' personal injury claims.

2.      As a result of the filing of the Bankruptcy Case, the Removed Case and all Court actions, including State and Federal District Court actions, are stayed pursuant to 11 U.S.C. § 362. *See Pope vs. Manville Forest Product Corporation*, 778 F.2d 239 (5th Cir. 1985).

3.      Additionally, this removal is subject to the mandatory transfer provisions of 28 U.S.C. § 157(b)(5) providing for the transfer to the United States District Court for the "district in which the case is pending"[1] as a result of the prior filing by Plaintiffs of this Removed Case in State Court against the Debtor, alleging personal injury claims and causes of action.

### II.
### JURISDICTION

4.      This Federal District Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(a) and (b).

---

[1]      *See*, Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) filed by the Defendant Garlock along with this Removal action.

---

Application and Notice of Removal

Page 1

5.    The Removed Case is removable to this court pursuant to 28 U.S.C. § 1452(a) and such other applicable provisions of 28 U.S.C. as the facts and claims warrant.

6.    This removal is timely filed pursuant to Rule 9027(a)(2) Bankruptcy Rules of Procedure.

### III.
### REMOVAL JURISDICTION

7.    In the Removed Case, Plaintiffs seeks to recover damages for claims against Debtor in the nature of personal injuries alleged to have occurred in part in Cameron, County, Texas.  As a result of the personal injury allegations the Southern District of Texas' standing order of automatic reference of removed cases to the Bankruptcy Court does not apply to a Removed Case dealing with personal injury or wrongful death.   Removal is thus proper to this Honorable Federal District Court instead of the Bankruptcy Court as otherwise is provided by the Standing Order of Reference.

8.    This entire case would be a "core" proceeding in the Debtor's Delaware bankruptcy case pursuant to 28  U.S.C. § 157(b)(2)(B) for all purposes except for the specific exclusion in that section of "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of *distribution* in a case under title 11."  [Emphasis added.]

9.    Consent of the other named Defendants is not necessary for a removal pursuant to 28 U.S.C. § 1452 inasmuch as this Court has jurisdiction under 28 U.S.C. § 1334. *See, e.g. Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985).

10.    Pursuant to Rule 9027, Rules of Bankruptcy Procedure, this Application and Notice of Removal is filed within ninety (90) days after the order for relief in the Debtor's bankruptcy case.

11.    A cost bond is not required to accomplish this removal.

---

Application and Notice of Removal

12.     Pursuant to Bankruptcy Rule 9027(a), Defendant would show the Court the following information which is detailed on Exhibit "1":

A.    The Parties:
    (i)    The original Plaintiffs in the Removed Case
    (ii)   The original Defendants in the Removed Case

B.    Status of Service of Process

C.    Counsel names, addresses and phone and fax numbers:
    (i)    The counsel for all Plaintiffs is:
           Peter A. Kraus
           Waters & Kraus, LLP
           3219 McKinney Ave.
           Dallas, TX 75204
           Phone & Fax: (214) 357-6244; (214) 357-7252

    (ii)   Counsel information for all Defendants is detailed on Exhibit "1"

13.     Under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027(a)(1), removal of this action is proper to this Court as the Federal District Court for the district and division where the Removed Case was pending, subject to the mandatory provisions of 28 U.S.C. § 157(b)(5).

14.     Under 28 U.S.C. § 157(b)(5), jurisdiction to determine venue for the pre-trial and trial of this civil action lies exclusively in the United States District Court for the District of Delaware, where the bankruptcy case is pending.  A Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) ("Transfer Motion) is filed simultaneously with this Court by Defendant GARLOCK along with this Removed Case, and an expedited hearing will be requested on the Transfer Motion. The mandatory venue determinations of a removed personal injury case in the District Court in Delaware provided in of title 28 U.S.C. § 157(b)(5):

> "The district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or the district court in the district in which the claim arose, *as determined by the district*

***court in which the bankruptcy case is pending***. (Emphasis added)." 28 U.S.C. §
157(b)(5).

Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the
debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court
action against the debtor irrespective of the district in which the controversy is pending or was
removed (the "Home" court being the United States District Court for the "district in which the
case is pending" - in this case Delaware). Filed with this Removed Case is Defendant
GARLOCK's Motion to Transfer Case Pursuant to the Mandatory Provisions of 28 U.S.C. §
157(b)(5). It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy
case be conducted in the district in which the bankruptcy petition was filed (the "home court").[2]
This policy, along with the policy considerations of 28 U.S.C. § 157(B)(5) dictates in these
special circumstances, transfer to the "Home" District Court for the legal and practical reasons
set out in the Transfer Motion.

15.     The Federal District Courts of Texas have in the past followed this procedure of
transfer to the Home Federal District Court. *See*, Orders attached hereto as Exhibit "2" and "3."

16.     GARLOCK INC, as removing Defendant, will give notice of the filing of this
Application And Notice of Removal to all parties by and through their attorneys of record, and
will file a copy of this Application And Notice of Removal with the clerk of the court of
Cameron, County, Texas.

17.     Pursuant to Bankruptcy Rule 9027(a)(1), a copy of Plaintiff(s) current complaint,
process and the current answer pleadings in the Removed Case, and relevant Court orders are

---

[2]     ***In re Burley***, 738 F.2d 981, 988 (9th Cir. 1984); ***Kotlicky v. Belford***, 64 Bankr. Rptr. 689, 681 (N.D. Ill.
1986) (a strong presumption exists favoring transfer to the home court); *see also* 1 ***Collier on Bankruptcy*** 11
3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the
proper venue for civil proceedings.").

submitted herewith as Exhibit "4[3]" along with a current docket sheet of all matters in the case, as may be available

18.    Removing Defendant shall promptly, and from time to time, supplement this removal with all such pleadings or other matters which may not have been reasonably available at the time of removal.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays that the Removed Case be docketed and assigned a civil action number in this Court pursuant to 28 U.S.C. §§ 157(b)(5), 1441, 1452(a), and Rule 9027, Rules of Bankruptcy Procedure and the Local Rules and that this Court assume jurisdiction of this case for the purposes of 28 U.S.C. § 157(B)(5), and that Removing Defendant have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
*Jordan, Hyden, Womble & Culbreth, P.C.*
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

---

[3]    Because the papers in the case are voluminous, the papers attached for filing with the Court are omitted from the copies of this Application and Notice of Removal that are being served on the other parties' counsel.

Application and Notice of Removal

Page 5

Mitchell C. Chaney
SB# 04107500
Rodriguez, Colvin & chaney, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC

## CERTIFICATE OF SERVICE

I, __Mitchell C. Chaney__, hereby certify that a true and correct copy of the Application and Notice of Removal, without exhibits, was served by First Class Mail, on all counsel of record as listed on the attached Exhibit "1,", this __22nd__ day of October, 2001:

---

**Application and Notice of Removal**

CVisPDF - www.fastio.com

Cause No. 99-12-5218-G; *Debbie Kulaw, Individually and as Personal Representative of the Heirs and Estate of LeVaughn Darnold, Deceased. v. ACandS, Inc. et al.;* In the 404th Judicial District Court, Cameron County, Texas;

| | |
|---|---|
| Status of Service of Process: | Accomplished Upon All Served |
| Original Plaintiff's in Removed Case: | LeVaughn Darnold and Jean B. Darnold |
| Counsel for Plaintiff: | Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue, Suite 3000Dallas, Texas 75204<br>Phone:   (214) 357-6244<br>Fax:      (214-357-7252 |
| Counsel for Defendant, Garlock Inc: | Mitchell C. Chaney<br>Rodriguez, Colvin & Chaney, L. L. P.<br>1201 East Van Buren Street<br>Brownsville, Texas  78522<br>Phone:   (956) 542-7441<br>Fax:      (956) 541-2170 |

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P.<br>1100 Louisiana, Suite 4200<br>Houston, Texas 77002 | 713-752-4200 | 713-621-9065 |
| Jerry Kacal | AC&S, INC. | Dunn Kacal Adams Pappas Law<br>2929 Allen Parkway, Suite 2600<br>Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| erry Kacal | AC & S, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ARMSTRONG CONTRACTING & SUPPLY, INC.) | Dunn Kacal Adams Pappas Law<br>2929 Allen Parkway, Suite 2600<br>Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Tori Levine | AMF VOIT F/K/A TRIPLE B. COPORATIONS | Brown McCarroll & Oaks Hartline<br>2000 Trammel Crow Center<br>2001 Ross Avenue | 214-999-6146 | 214-999-6170 |

| | | Dallas, Texas 75201 | | |
|---|---|---|---|---|
| Thomas Taylor | AMOCO CORPORATION | Andrews & Kurth, L.L.P. 600 Travis, Suite 4200 Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES INC. | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Ellsiton | ASBESTOS CLAIMS MANAGEMENT CORP. F/K/A NATIONAL GYPSUM | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Susan A. Carstens | BABCOCK & WILCOX | The Law Offices of Susan A. Carstens 1601 Westheimer Houston, Texas 77006 | 713-529-2141 | 713-529-2290 |
| Phil Brown | BROWN & ROOT, INC. | Wilson, Elser, Moskowitz, Edelman & Dicker 5000 Renaissance Tower 1201 Elm Street Dallas, Texas 75270 (214) 698-8000 | 214-939-4816 | 214-698-1101 |
| Gary Elliston | CERTAINTEED CORPORATION | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mary Lou Mauro | COMBUSTION ENGINEERGING, INC. | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Frank G. Harmon | CROWN CORK & SEAL COMPANY, INC. | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| Donald Godwin | DRESSER INDUSTRIES, SUED INDIVIDUALLY AND AS SUCCESOR-IN-INTERST TO HARBISON WALKER REFRACTORIES AND WORTHINGTON PUMP INC | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| Gary Elliston | FEDERAL MOGUL CORPORATION, (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO T& N, PLC, F/K/A TURNER & NEWELL PLC) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Jeffrey Mundy | FIBREBOARD CORPORATION | Brobeck, Phlegar & Harrison, L.L.P 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |

| James Harris | FLINTOKE COMPANY | Harris, Lively & Duesler<br>550 Fannin Street, Suite 650<br>P.O. Box 830<br>Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
|---|---|---|---|---|
| James M. Riley | FOSTER WHEELER ENERGY CORPORATION | Coats, Rose, Yale, Ryman & Lee, PC<br>800 First City Tower<br>1001 Fannin<br>Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gary Elliston | GAF BUILDING MATERIALS CORPORATION, INDIVIDUALLY AND AS SUCESSOR TO GAF CORP., AND EDGECLIFF CORP | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Eduardo Rodriguez<br>Mitchell C. Chaney<br>Teri L. Danish | GARLOCK INC | Rodriguez, Colvin & Chaney, L.L.P<br>1201 E. Van Buren<br>P.O. Box 2155<br>Brownsville, Texas  78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC. | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | GASKET HOLDING INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FLEXITALLIC GASKET CO.) | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold<br>1717 Main Street, Suite 5400<br>Dallas, Texas  75201 | 469-227-8200 | 469-227-8004 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | GEORGIA-PACIFIC CORPORATION (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO BESTWALL GYPSUM COMPANY) | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC. | Dogan & Wilkinson<br>726 Delmas Avenue<br>P.O. Box 1618<br>Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES COMPANY (FORMALLY A DIVISOIN OF INDRESCO, INC.) | Cordray, Goodrich & Miltenberger<br>One Century Plaza<br>108 W. Eighth St., Ste. 500<br>Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |

CSitPDF - www.fastio.com

| Lewis Miltenberger | INDRESCO INC. | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
|---|---|---|---|---|
| Lewis Miltenberger | INDRESCO INC. (SUED INDIVIDUALLY AS SUCCSSOR-IN-INTEREST TO HARBISON-WALKER REFRACTORIES, A DIVISION OF INDRESCO, INC.) | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Miller Thomas | J. T. THORPE COMPANY | Fairchild, Price, Thomas, Haley & Willingham 413 Shelbyville Street Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORPORATION | Hicks, Thomas & Lilienstern 700 Louisiana, Suite 1700 Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |
| Kenneth S. Wall | KELLY MOORE PAINT COMPANY, INC. | Brown McCarroll & Oaks Hartline 2727 Allen Parkway, Ste. 1300 Houston, TX 77019 | 713-529-3110 | 713-726-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE COMPANY | Locke, Liddell 600 Travis St., Suite 3400 Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| Anthony Pletcher | MINNESOTA MINING & MANUFACTURING | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 361-883-0210 |
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-758-2346 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS CORP. | Brobeck, Phlegar & Harrison, L.L.P 301 Congress Ave , Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS ILLINOIS, INC. | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| Peter Moir | OWENS ILLINOIS, INC (SUED INDIVIDUALLY AND AS SUCCESSOR –IN-INTEREST TO OWENS-ILLIONIS GLASS COMPANY) | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |
| James Powers | PITTSBURGH CORNING CORP. | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| Robert Adams | PPG INDUSTRIES, INC. | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |

| | | | | |
|---|---|---|---|---|
| Thomas Dougall | PROKO INDUSTRIES, INC. | Bowers, Orr & Dougall, L.L.P.<br>8910 Two Notch Rd., Suite 400<br>Columbia, South Carolina 29224 | 803-788-5220 | 803-788-6767 |
| Gary Elliston | QUIGLEY COMPANY, INC. | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Alex J. Gomez | RAPID-AMERICAN CORPORATION | Andrews & Kurth, L.L.P.<br>600 Travis, Suite 4200<br>Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Gary Elliston | RILEY STOKER CORPORATION | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| David Walsh | THE SYNKOLOID COMPANY | Brin & Brin, P.C.<br>1202 Third Street<br>Corpus Christi, TX 78404 | 361-881-9643 | 361-883-9970 |
| Gary Elliston | T&N PLC F/K/A TURNER & NEWELL PLC; T&N PLC SUCCESSOR IN INTERST TO KEASBEY & MATTISON | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | TURNER & NEWELL INDUSTRIES, INC. DBA UNITED GASKET CORP; TURNER NEWELL, LTD. D/B/A UNITED FABRICATED | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Hubert A. Crouch | UNIROYAL HOLDING, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTERST TO U.S. RUBBER COMPANY | Crouch & Inabnett<br>2300 Fountain Place<br>1445 Ross Avenue<br>Dallas, Texas 75202 | 214-922-7100 | 214-922-7101 |
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |
| Patricia Kelly | W.R. GRACE & CO.—CONN. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO W.R. GRACE & COMPANY) | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |

CVisPDF - www.fasiso.com

CVISPDF – www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**JUL 3 1 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| THE PARENTS INDIVIDUALLY AND AS, § | |
| PARENTS OF JOHN DOES, et al. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. B-00-77 |
| § | |
| MARINE MILITARY ACADEMY, et al., § | |
| § | |
| Defendants. § | |

## ORDER OF TRANSFER

BE IT REMEMBERED that on July 31, 2000, the Court GRANTED Defendant -
Debtor Marine Military Academy's motion to transfer pursuant to the mandatory provisions
of 28 U.S.C. §157(b)(5) (Dkt. No. 3). This case is ORDERED transferred to the United
States District Court for the District of Arizona.

DONE at Brownsville, Texas, this ____31____ day of July 2000.

Hilda G. Tagle

United States District Judge

EXHIBIT 2

CVISPDF - www.fastio.com



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
**ENTERED**

**JUN. 0 5 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Debbie Wayne, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-075 |
| | § | |
| Marine Military Academy, Inc., | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on June 2, 2000, the Court considered the Defendants'

Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5)

[Docket No. 2]. It is ordered that pursuant to 28 U.S.C. § 157(b)(5) this case is transferred

to the United States District Court for the District of Arizona for such action as that Court

may deem appropriate pursuant to 28 U.S.C. § 157(b)(5).

DONE at Brownsville, Texas, this 2nd day of June 2000.

John Wm. Black
United States Magistrate Judge

EXHIBIT 3

CVISPDF - www.fastio.com

* * * C L E R K ' S   E N T R I E S * * *

```
                                                      12    20   99
00514101
GAYLE MORTOLA-STRASSER                   (10)                    30.00
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000        MTN ON ORDER OF SEVERANCE

LEVAUGH DARNOLD, ET AL
              VS                                        BAKER & BOTTS
ABEL SUPPLY CO., ET AL                                      L.L.P.

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000
```

| Date | Entry | | |
|---|---|---|---|
| 02/02/00 | MTN TO TRANSFER VENUE SET FOR 03/30/2000 AT 9 AM..MMJR/CWARFORD | 12/20/99 | ORIGINAL PETITION FILED |
| 02/15/00 | MTN FOR DOCKET CONTROL CONFERENCE SET FOR 03/08/2000 AT 10:00 A.M...MMURRAYJR/CWARFORD | 12/20/99 | CITATION: ABEL SUPPLY CO. SERVED: 01/18/00   FILED: 07/18/00 |
| 02/15/00 | MTN TO SET ON JURY DOCKET SET FOR 03/08/2000 AT 10 AM..MMJR/CW | 12/20/99 | CITATION: ACANDS,INC. SERVED: 01/04/00   FILED: 07/18/00 |
| 02/15/00 | ORDER ASSIGNING MATTER TO LEVEL 3 DISCOVERY CONTROL PLAN SIGNED FOR ENTRY...MMURRAYJR/CWARFORD | 12/20/99 | CITATION: FIBREBOARD CORPORATION SERVED: 01/04/00   FILED: 07/18/00 |
| 03/07/00 | MTN TO DISMISS FOR FORUM NON CONVENIENS SET FOR 03/30/2000 AT 9:00 A.M...MMURRAYJR/CWARFORD | 12/20/99 | CITATION: AMF VOIT SERVED: 01/04/00   FILED: 07/18/00 |
| 03/10/00 | MTN TO TRANSFER VENUE SET FOR 05/04/00 AT 10 AM..MMJR/CWARFORD | 12/20/99 | CITATION SEC. OF STATE: FLINTKOTE COMPANY SERVED: 01/06/00   FILED: 07/18/00 |
| 03/13/00 | TRIAL SET FOR 10/16/00 WITH ANNOUNCEMENTS ON 10/13/00...MMJR/CW | 12/20/99 | CITATION: FOSTER WHEELER ENERGY CORPORATION SERVED: 01/06/00   FILED: 07/18/00 |
| 04/28/00 | ORDER NOTICE OF NON-SUIT        MMURRAYJR/CW (AS TO TRIPLE B CORPORATION ONLY) | 12/20/99 | CITATION: A.P. GREEN INDUSTRIES, INC. SERVED: 01/06/00   FILED: 07/18/00 |
| 04/28/00 05/18/00 | MTN TO DISMISS BASED ON FORUM NON CONVENIENS SET FOR 06/08/00 9:00 A.M...MMURRAYJR/CWARFORD | 12/20/99 | CITATION: ARMSTRONG WORLD INDUSTRIES, INC. SERVED: 01/04/00   FILED: 07/18/00 |
| 05/23/00 05/23/00 | ORDER GRANTING NON-SUIT        MMURRAYJR/CW (PLTFS LEVAUGHN DARNOLD AND JEAN B. DARNOLD AGAINST DEFT THE SYNKOLOID COMPANY) | 12/20/99 | CITATION SEC. OF STATE: GAF CORPORATION SERVED: 01/04/00   FILED: 07/18/00 |
| 07/31/00 07/31/00 | HON. KENNETH S. WALL TO WITHDRAW AND HON. MICHAEL C. CHANEY TO SUBSTITUTE FOR DEFT GARLOCK INC. AS PER ORDER SIGNED FOR ENTRY...MMURRAYJR/CWARFORD | 12/20/99 | CITATION: GARLOCK INC. SERVED: 01/06/00   FILED: 07/18/0 |
| 08/14/00 08/14/00 | ORDER ON PLTFS' NOTICE OF NON-SUIT        MMURRAYJR/CW (AS TO DEFTS PITTSBURGH CORNING INC. & PPG INDUSTRIES, INC.) | 12/20/99 | CITATION: GASKET HOLDING INC. SERVED: 01/04/00   FILED: 07/18/00 |
| 09/08/00 09/08/00 | HON. H. DANIEL SPAIN TO SUBSTITUTE AND HON. LEWIS C. MILTENBERGER TO WITHDRAW AS ATTORNEY FOR A.P. GREEN INDUSTRIES,INC AS PER ORDER SIGNED FOR ENTRY..MMJR/CWARFORD | 12/20/99 | CITATION SEC. OF STATE: GENERAL REFRACTORIES COMPANY SERVED: 01/06/00   FILED: 07/18/00 |
| 09/21/00 09/21/00 | MTN FOR SUMMARY JUDGMENT AND MTN TO SEVER SET FOR 10/13/00 AT 9:00 AM...MMURRAYJR/CWARFORD | 12/20/99 | SERVED: 01/06/00 |
| 09/25/00 09/25/00 | HEARING ON PLTFS' MOTION TO CONSOLIDATE SET FOR 10/05/00 @ 9:00 AM AS PER ORDER SIGNED.....MMURRAY/LROD | | |

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 21 of 116

```
* * *  C L E R K ' S   E N T R I E S  * * * *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

12   20   99
30.00
(10)
MTN ON ORDER OF SEVERANCE
BAKER & BOTTS L.L.P.

09/25/00  HEARING ON MOTION FOR SUMMARY JUDGMENT SET FOR 10/16/00
          @ 9:00 AM AS PER ORDER SIGNED....MMURRAY/LROD
09/25/00  BY SUBMISSION ONLY!!!! NO ORAL ARGUMENTS!!!!
10/03/00  GARLOCK INC.'S MTN FOR SEPARATE TRIALS & OBJECTION TO PLTF'S
10/03/00  MTN TO CONSOLIDATE SET FOR 10/05/00 AT 9 AM..MMURRAYJR/CW
10/03/00  DEFT GARLOCK INC.'S MTN TO STRIKE SET FOR 10/05/00 AT 9:00
          A.M..MMURRAYJR/CWARFORD
10/03/00  THIS CAUSE CONSOLIDATED INTO CAUS# 1998-10-004083 AS PER ORDER
10/10/00  SIGNED FOR ENTRY. M.MURRAY JR./IG
10/10/00  PLTF'S NOTICE OF NON-SUIT WITHOUT PREJUDICE..MMURRAYJR/CWARFORD
01/04/01  MTN FOR SUMMARY JUDGMENT SET FOR 09/06/01 AT 9 AM..MMJR/CW
08/15/01  MTN FOR SUMMARY JUDGMENT SET FOR 09/06/01 AT 9 AM..MMJR/CW
08/15/01  MTN FOR PARTIAL SUMMARY JUDGMENT SET FOR 09/06/01 AT 9 AM..MMJR
          /CWARFORD
08/15/01  MTN FOR CONTINUANCE SET FOR 08/31/01 AT 11 AM...MMURRAYJR/CW
08/30/01  MTN TO WITHDRAW SET FOR 09/20/01 AT 9 AM..MMURRAYJR/CWARFORD
08/31/01  RULE 11 AGREEMENT /CWARFORD
09/12/01  GARLOCK INC'S MTN FOR PARTIAL SUMMARY JUDGMT SET FOR 10/11/01 @
          8:30 A.M.,AS PER ORDER...AC LIMAS/IG
09/12/01  ORDER OF DISMISSAL  AC LIMAS/IG
09/12/01  (ALL CROSS ACTIONS & 3RD PARTY ACTIONS AGAINST/FLINTKOTE)
09/12/01  DRESSER INDUSTRIES MTN TO ADOPT-CO-DEFT'S PRETRIAL MTNS IS
09/12/01  GRANTED, AS PER ORDER...AC LIMAS/IG
09/12/01  ORDER NONSUIT  AC LIMAS/IG
09/12/01  (CERTAINTEED CORP., QUIGLEY CO, INC AND T&N PLC)
09/12/01  GARLOCK'S MTN FOR PARTIAL SUMMARY JUDGMT SET FOR 10/11/01 @
          8:30 A.M., AS PER ORDER. AC LIMAS/IG
09/12/01  ORDER SETTING WRIT OF SCIRE FACIAS SET FOR 9/12/01 @ 2:00 P.M.
          AC LIMAS/IG
09/18/01  AMENDED ORDER SETTING HEARING ON WRIT OF SCIRE FACIAS, AS PER

12/20/99  CITATION: ASBESTOS CLAIMS MANAGMENT
          CORPORATION
12/20/99    SERVED: 01/05/00      FILED: 07/18/00
12/20/99  CITATION: GEORGIA-PACIFIC CORPORATION
12/20/99    SERVED: 01/04/00      FILED: 07/18/00
12/20/99  CITATION: GUARDLINE, INC.
12/20/99    SERVED: 01/06/00      FILED: 07/18/00
12/20/99  CITATION: BABCOCK & WILCOX CO.
12/20/99    SERVED: 01/06/00      FILED: 07/18/00
12/20/99  CITATION: HARBISON-WALKER REFRACTORIES,
12/20/99    SERVED: 01/06/00      FILED: 07/18/00
12/20/99  CITATION: COMBUSTION ENGINEERING, INC.
12/20/99    SERVED: 01/04/00      FILED: 07/18/00
12/21/99  CITATION: CROWN CORK & SEAL COMPANY,
          INC.
12/21/99  CITATION: INDRESCO, INC.
12/21/99    SERVED: 01/06/00      FILED: 07/18/00
12/21/99  CITATION: DRESSER INDUSTRIES, INC.
12/21/99    SERVED: 01/04/00      FILED: 07/18/00
12/21/99  CITATION: FEDERAL-MOGUL CORPORATION
12/21/99    SERVED: 01/04/00      FILED: 07/18/00
12/21/99  CITATION: KAISER ALUMINUM & CHEMICAL
          CORPORATION
12/21/99    SERVED: 01/04/00      FILED: 07/18/00
12/21/99  CITATION: KELLY-MOORE PAINT COMPANY,
          INC.,
12/21/99    SERVED: 01/06/00      FILED: 07/18/00
12/21/99  CITATION: METROPOLITAN LIFE INSURANCE
```

1999-12-00...

12      20      99

MTN ON ORDER OF SEVERANCE          30.00

BAKER & BOTTS
L.L.P.

* * * C L E R K ' S   E N T R I E S * * *

* * * *

(10)

10/03/01
10:04 AM

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.          75209  0000
DALLAS, TEXAS

00200303          HON. MEL D. BAILEY, 901 MAIN ST.
3500 NATIONSBANK.          75202  0000
DALLAS, TEXAS

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

09/18/01   ORDER...AC LIMAS/IG OBJECTIONS TO AND MTN TO STRIKE EXPERT
           DEFTGARLOCK INC'S SET FOR 10/11/01 @ 8:30 A.M. AS PER ORDER...
09/25/01   TESTIMONY/IG SET FOR 10/11/01 @ 8:30 A.M., AS PER ORDER FOR 10/11/01
09/25/01   AC LIMAS/IG MTN TO STRIKE WITNESSES SET FOR 10/11/01
09/25/01   DEFT GARLOCK INC'S MTN TO STRIKE WITNESSES SET FOR 10/11/01
09/25/01   DEFT GARLOCK INC'S MTN TO STRIKE...AC LIMAS/IG
09/25/01   @ 8:30 A.M., AS PER ORDER...AC LIMAS/IG

                           COMPANY          FILED: 07/18/0
              SERVED: 01/04/00   MINNESOTA MINING AND
12/21/99   CITATION MANUFACTURING CO,   FILED: 07/18/00
12/21/99   MANUFACTURING: 01/04/00   NORTH AMERICA REFRACTORIES
           SERVED: NORTH AMERICA   FILED: 07/18/00
12/21/99   CITATION:   COMPANY          FILED: 07/18/00
12/21/99   COMPANY   SERVED: 01/04/00   OWENS CORNING FIBERGLASS
           CITATION: OWENS CORNING   FILED: 07/18/00
12/21/99   CITATION   SERVED: 01/04/00
12/21/99   CORPORATION   CORPORATED: 01/ OF STATE:
           SERTON SEC. INC.
12/21/99   CITATI=ILINOIS, INC.   FILED: 07/18/00
12/21/99   OWENS-ILLINOIS/06/00   CORNING
           SERVED: PITTSBURGH   FILED: 07/18/00
12/21/99   CITATION: PITTSBURGH   FILED: 07/18/00
12/21/99   CORPORATION: 01/04/00   INDUSTRIES, INC.
           CORPORATED: 01/04/00   PPG INDUSTRIES, INC.
           SERVED: PPG   FILED: 07/18/00
12/21/99   CITATION: 01/06/00   PROKO INDUSTRIES, INC.
12/21/99   SERVON: PROKO/00   FILED: 07/18/0
12/21/99   CITATION: 01/QUIGLEY CORP., FILED:
           SERVON: QUIGLEY CORP., FILED: OTION
12/21/99   SERVED: 01/04/00   CORPORATION 07/18/00
12/21/99   CITATION: RAPID-AMERICA   FILED: OTION
           SERVED: RAPID/00   CORPORATION 07/18/00
12/21/99   CITATED: 01/06/STOCKER   FILED: 07/18/00
12/21/99   SERVED: RILEY STOCKER
           CITATION: RILEY/00   THE SYNKOLOID
12/21/99   SERVED: SEC. OF STATE:
12/21/99   CITATION SEC. OF STATE:
           COMPANY

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 24 of 116

RUN TIME 10:04 AM

PAGE: 04

1999-12-005218-G

LEVAUGH DARNOLD, ET AL
VS
ABEL SUPPLY CO., ET AL

```
*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *
```

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)

MTN ON ORDER OF SEVERANCE          12          20          99

30.00

BAKER & BOTTS

L.L.P.

12/21/99          SERVED: 01/06/00
12/21/99          CITATION: J. T. THORPE COMPANY          FILED: 07/18/00
12/21/99          SERVED: 01/06/00          FILED: 07/18/(
12/21/99          CITATION SEC. OF STATE: UNIROYAL
                  HOLDING COMPANY
12/21/99          SERVED: 01/06/00
12/21/99          CITATION: U. S. GYPSUM COMPANY          FILED: 07/18/00
12/21/99          SERVED: 01/04/00          FILED: 07/18/00
                  CITATION SEC. OF STATE: U.S. MINERAL
                  PRODUCTS COMPANY
12/21/99          SERVED: 01/06/00
12/21/99          CITATION: W. R. GRACE & CO.          FILED: 07/18/00
12/21/99          SERVED: 01/06/00          FILED: 07/18/00
01/19/00          PLTFS', ORIGINAL PETITION
                  DEFT, GUARD-LINE, INC.'S ANSWER TO .
                  AND JURY DEMAND/CWARFORD
01/19/00          ORIGINAL ANSWER: GEORGIA-PACIFIC
                  CORPORATION
01/19/00          ORIGINAL ANSWER: GUARDLINE, INC.
01/20/00          ORIGINAL ANSWER: OWENS-ILLINOIS, INC.
01/20/00          JURY FEE: Pd. by PETER A MOIR
01/20/00          OWENS-ILLINOIS, INC.'S MTN TO DISMISS
                  PLTFS' CLAIMS BECAUSE OF
01/20/00          FORUM NON CONVENIENS;
                  ALTERNATIVELY, SUBJECT TO AND WITHOUT
01/20/00          WAIVING THE FOREGOING, ITS MTN TO
                  TRANSFER VENUE, AND,
                  SUBJECT TO AND WITHOUT WAIVING THE
                  FOREGOING, ITS ORIGINAL

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 25 of 116

```
* * * * C L E R K ' S   E N T R I E S * * *
```

00514101                                    12        20        99
GAYLE MORTOLA-STRASSER                       (10)
4807 W. LOVERS LN.
DALLAS, TEXAS        75209 0000   MTN ON ORDER OF SEVERANCE    30.00

00200303
HON. MEL D. BAILEY                                    BAKER & BOTTS
3500 NATIONSBANK, 901 MAIN ST.                          L.L.P.
DALLAS, TEXAS        75202 0000

LEVAUGH DARNOLD, ET AL
        VS
ABEL SUPPLY CO., ET AL

01/20/00    ANSWER TO PLTFS' ORIGINAL
            PETITION/CWARFORD
01/21/00    CERTIFICATE OF WRITTEN
            DISCOVERY/CWARFORD
01/25/00    ORIGINAL ANSWER: W. R. GRACE & CO.
01/25/00    ORIGINAL ANSWER: GENERAL REFRACTORIES
            COMPANY
01/25/00    CROSS ACTION: GENERAL REFRACTORIES
            COMPANY
01/25/00    DEFT GENERAL REFRACTORIES COMPANY'S
            SPECIAL APPEARANCE TO
01/25/00    PRESENT MTN TO THE JURISDICTION,
            AND SUBJECT THERETO, ITS
01/25/00    MTN TO TRANSFER VENUE, AND SUBJECT
            THERETO, ITS ORIGINAL
01/25/00    ANSWER TO PLTFS' ORIGINAL PETITION,
            CROSS-ACTION AND ANSWER
01/25/00    TO ALL CROSS-ACTIONS/CWARFORD
01/25/00    DEFT W.R. GRACE & CO. CONN.'S MTN TO
            TRANSFER VENUE AND SUBJECT
01/25/00    THERETO ITS ORIGINAL ANSWER AND
            ANSWER TO ALL CROSS ACTIONS
            /CWARFORD
01/25/00    DEFT W.R. GRACE & CO.-CONN.'S REQUEST
            FOR JURY TRIAL SUBJECT TO
01/25/00    MTN TO TRANSFER VENUE/CWARFORD
01/25/00    ORIGINAL ANSWER: KAISER ALUMINUM &
            CHEMICAL CORPORATION
01/25/00    ORIGINAL ANSWER OF DEFT KAISER

Case 1:01-cv-00181  Document 1  Filed in TXSD on 10/19/2001  Page 26 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

```
* * *   C L E R K ' S   E N T R I E S   * * * *
```

1999-12-005218-G

LEVAUGH DARNOLD, ET AL
        VS
ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

02200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)          12          20          99

MTN ON ORDER OF SEVERANCE                    30.00

                              BAKER & BOTTS
                                L.L.P.

| Date | Entry |
|---|---|
| 01/25/00 | ALUMINUM & CHEMICAL CORP. SUBJECT TO ITS MTN TO TRANSFER VENUE /CWARFORD |
| 01/25/00 | KAISER ALUMINUM & CHEMICAL CORP MTN TC TRANSFER VENUE AND MTN |
| 01/25/00 | TO DISMISS UNDER FORUM NON CONVENIENS /CWARFORD |
| 01/26/00 | ORIGINAL ANSWER: OWENS CORNING FIBERGLASS CORPORATION |
| 01/26/00 | CROSS ACTION: OWENS CORNING FIBERGLASS CORPORATION |
| 01/26/00 | OWENS CORNING'S MTN TO TRANSFER VENUE; MTN TO DISMISS ON THE |
| 01/26/00 | BASIS OF FORUMNON CONVENIENS MADE SUBJECT TO ITS MTN TO |
| 01/26/00 | TRANSFER VENUE; AND ORIGINAL ANSWER, CROSS ACTION AND JURY |
| 01/26/00 | DEMAND MADE SUBJECT TO ITS MTN TO TRANSFER VENUE/CWARFORD |
| 01/27/00 | DEFT ACANDS, INC.'S MTN TO TRANSFER VENUE/CWARFORD |
| 01/27/00 | DEFT ACONDS, INC.'S ORIGINAL ANSWER SUBJECT TO ITS MTN TO |
| 01/27/00 | TRANSFER VENUE; AND DEFT'S ANSWER TO ANY AND ALL CROSS- ACTIONS/CWARFORD |
| 01/27/00 | DEMAND FOR JURY TRIAL/CWARFORD |
| 01/27/00 | CETIFICATE OF WRITTEN DISCOVERY/CWARFORD |

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 27 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

```
*   *   *   C L E R K ' S   E N T R I E S   *   *   *   *   *
```

1999-12-005218-G

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS            75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS            75202 0000

(10)                12       20       99

MTN ON ORDER OF SEVERANCE                    30.00

                                   BAKER & BOTTS
                                   L.L.P.

01/27/00  ORIGINAL ANSWER: ACANDS,INC.
01/28/00  DEFT GARLOCK INC'S MTN TO TRANSFER
          VENUE AND ORIGINAL ANSWER
          SUBJECT THERETO/CWARFORD
01/28/00  DEFT GARLOCK INC'S REQUEST FOR
          DISCLOSURE/CWARFORD
01/28/00  ORIGINAL ANSWER: CROWN CORK & SEAL
          COMPANY, INC.
01/28/00  CROSS ACTION: CROWN CORK & SEAL
          COMPANY, INC.
01/28/00  DEFT, CROWN CORK & SEAL COMPANY,
          INC.'S MTN TO TRANSFER VENUE,
01/28/00  MTN TO DISMISS, ORIGINAL ANSWER TO
          PLTFS' ORIGINAL PETITION,
          CROSS-ACTIONS/CWARFORD
01/28/00  CROSS-ACTION AND ANSWER TO ALL
01/28/00  ORIGINAL ANSWER: DRESSER INDUSTRIES,
          INC.
01/31/00  ORIGINAL ANSWER, ANSWER TO
          CROSS-ACTION, AND JURY DEMAND OF
01/31/00  DEFT, PITTSBURGH CORNING CORP.
          /CWARFORD
01/31/00  ORIGINAL ANSWER: PITTSBURGH CORNING
          CORPORATION
01/31/00  ORIGINAL ANSWER: METROPOLITAN LIFE
          INSURANCE COMPANY
01/31/00  CROSS ACTION: METROPOLITAN LIFE
          INSURANCE COMPANY
01/31/00  METROPOLITAN LIFE'S ORIGINAL ANSWER,
```

C5MPDF — www.fesco.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 28 of 116

```
*     *     *   C L E R K ' S   E N T R I E S   *     *     *     *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)

MTN ON ORDER OF SEVERANCE

12        20        99

30.00

BAKER & BOTTS
L.L.P.

| Date | Entry |
|------|-------|
| 01/31/00 | CROSS ACTION, AND ANSWER TO CROSS ACTIONS TO PLTFS' ORIGINAL PETITION AND JURY |
| 01/31/00 | DEMAND /CWARFORD |
| 02/01/00 | ORIGINAL ANSWER: PROKO INDUSTRIES, INC. |
| 02/02/00 | ORIGINAL ANSWER: COMBUSTION ENGINEERING, INC. |
| 02/02/00 | ORIGINAL ANSWER: BABCOCK & WILCOX CO. |
| 02/02/00 | DEFT KELLY-MOORE PAINT CO., INC.'S MTN TO TRANSFER VENUE AND SUBJECT THERETO ORIGINAL ANSWER AND SPECIAL EXCEPTIONS/CW |
| 02/02/00 | DEFT, COMBUSTION ENGINERRING, INC.'S MTN TO TRANSFER VENUE, |
| 02/02/00 | MTN TO DISMISS FOR FORUM NON CONVENIENS AND SUBJECT THERETO, |
| 02/02/00 | ORIGINAL ANSWER /CWARFORD |
| 02/03/00 | FIBREBOARD CORP'S MTN TO TRANSFER VENUE; MTN TO DISMISS ON THE BASIS OF FORUM NON CONVENIENS MADE SUBJECT TO ITS MTN |
| 02/03/00 | TO TRANSFER VENUE; AND ORIGINAL ANSWER, CROSS ACTION AND JURY DEMAN MADE SUBJECT TO ITS MTN TO TRANSFER VENUE/CW |
| 02/03/00 | FIBREBOARD CORP'S MTN FOR ASSIGNMENT TO RULE 190 LEVEL 3 |
| 02/03/00 | DISCOVERY CONTROL PLAN /CWARFORD |
| 02/03/00 | PITTSBURGH CORNING CORP.'S DESIGNATION |

CutePDF  www.fazio.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 29 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

**  *  *  C L E R K ' S   E N T R I E S  *  *  *  *

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)                    12        20        99

MTN ON ORDER OF SEVERANCE                    30.00

                        BAKER & BOTTS
                              L.L.P.

| Date | Entry |
|---|---|
| | OF EXPERT AND FACT |
| | WITNESSES /CWARFORD |
| 02/03/00 | PITTSBURGH CORNING CORPORATION'S |
| | RESPONSE TO PLTFS' RULE 194 |
| 02/03/00 | REQUEST FOR DISCLOSURE TO DEFT |
| | /CWARFORD |
| 02/03/00 | RESPONSE OF PITTSBURGH CORNING |
| | CORPORATION TO PLTFS' FIRST |
| | SET OF INTERR. AND REQUEST FOR |
| 02/03/00 | PRODUCTION /CWARFORD |
| 02/03/00 | MTN TO TRANSFER VENUE, MTN TO DISMISS |
| | AND ANSWER OF DEFT |
| 02/03/00 | FEDERAL-MOGUL COR. IND. /CWARFORD |
| 02/03/00 | MINNESOTA MINING AND MANUFACTURING CO. |
| | MTN TO TRANSFER VENUE |
| | AND ORIGINAL ANSWER TO PLTFS' |
| 02/03/00 | ORIGINAL PETITION AND ANSWER |
| 02/04/00 | TO ALL CROSS ACTIONS/CWARFORD |
| 02/04/00 | CERTIFICATE OF WRITTEN DISCOVERY |
| | /CWARFORD |
| 02/04/00 | GAF CORORATION'S SPECIAL APPEARANCE |
| | AND SUBJECT THERETO, MTN |
| 02/04/00 | TO TRANSFER VENUE AND MTN TO |
| | DISMISS AND ORIGINAL ANSWER/CW |
| 02/04/00 | DEFT KELLY-MOORE PAINT COMPANY'S |
| | REQUEST FOR DISCLOSURE/CW |
| 02/07/00 | SUGGESTION OF BANKRUPTCY /CWARFORD |
| 02/07/00 | PLTFS' MTN TO SET ON JURY DOCKET |
| | /CWARFORD |
```

CutePDF - www.fastio.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 30 of 116

```
*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00220303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)        12        20        99

MTN ON ORDER OF SEVERANCE

                    30.00

                    BAKER & BOTTS
                    L.L.P.

| Date | Entry |
|------|-------|
| 02/08/00 | SPECIAL APPEARANCE OF THE FLINTKOTE COMPANY AND MTN TO TRANSFER |
| 02/08/00 | AND ORIGINAL ANSWER SUBJECT THERETO/CWARFORD |
| 02/08/00 | PPG INDUSTRIES, INC.'S MTN TO TRANSFER, MTN FOR DISMISSAL BASED |
| 02/08/00 | ON FORUM NON CONVENIENS AND SUBJECT THERETO, ORIGINAL |
| 02/08/00 | ANSWER AND ANSWER TO ALL CROSS-ACTIONS IN RESPONSE TO PLTFS' |
| 02/08/00 | ORIGINAL PETITION/CWARFORD |
| 02/08/00 | CROSS ACTION: DRESSER INDUSTRIES, INC. |
| 02/09/00 | MTN FOR BIFURCATED TRIAL/CWARFORD |
| 02/09/00 | DEFT W.R.GRACE & CO. CONN'S AMENDED MTN TO TRANSFER VENUE AND |
| 02/09/00 | SUBJECT THERETO ITS AMENDED ANSWER AND AMENDED ANSWER TO |
| | ALL CROSS ACTIONS /CWARFORD |
| 02/09/00 | DEFT W.R. GRACE & CO. CONN'S MTN FOR |
| 02/09/00 | DOCKET CONTROL CONFERENCE |
| | /CWARFORD |
| 02/09/00 | CROWN, CORK & SEAL COMPANY, INC.'S |
| 02/11/00 | RESPONSE TO PLTFS' REQUEST FOR DISCLOSURE/CWARFORD |
| 02/11/00 | CROWN,CORK & SEAL COMPANY INC.'S ANSWERS TO PLTFS' FIRST SET |
| 02/11/00 | OF INTERR. AND RESPONSES TO PLTFS' REQUEST FOR PROD./CW |
| 02/15/00 | ORIGINAL ANSWER OF DEFT FOSTER WHEELER |

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 31 of 116

```
*    *    *    C L E R K ' S   E N T R I E S    *    *    *    *
```

1999-12-005218-G

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)          12          20          99

MTN ON ORDER OF SEVERANCE                    30.00

                              BAKER & BOTTS
                              L.L.P.

| Date | Entry |
|---|---|
| | ENERGY CORP. SUBJECT |
| 02/15/00 | ORIGINAL ANSWER OF DEFT FOSTER WHEELE ENERGY CORP SUBJECT TO |
| 02/15/00 | MTN TO TRANSFER VENUE/CWARFORD |
| 02/15/00 | DEFT FOSTER WHEELER ENERGY CORP.'S MTN TO TRANSFER VENUE/CW |
| 02/15/00 | FOSTER WHEELER ENERGY CORP.'S RESPONSE TO PLTF'S REQUEST FOR |
| | DISCLOSURE/CWARFORD |
| 02/15/00 | DEFT FOSTER WHEELER ENERGY CORP'S REQUEST FOR DISCLOSURE TO |
| | PLTF /CWARFORD |
| 02/15/00 | FOSTER WHEELER ENERGY CORP.'S |
| 02/15/00 | OBJECTIONS AND/OR ANSWER TO PLTFS FIRST SET OF INTERR. AND REQUEST |
| 02/15/00 | FOR PRODUCTION OF DOCUMENTS TO DEFTS /CWARFORD |
| 02/18/00 | CERTIFICATE OF WRITTEN DISCOVERY/CWARFORD |
| 02/18/00 | SPECIAL APPEARANCE TO PRESENT MTN OBJECTING TO JURISDICTION/CW |
| 02/21/00 | IN THE ALTERNATIVE AND SUBJECT TO ITS SPECIAL APPEARANCE, RAPID |
| 02/21/00 | AMERICAN CORP.'S MTN TO DISMISS FC FORUM NON CONVENIENS/CW |
| 02/21/00 | ORIGINAL ANSWER: THE SYNKOLOID COMPANY |
| 02/21/00 | CROSS ACTION: THE SYNKOLOID COMPANY |
| 02/21/00 | DEFT THE SYNKOLOID COMPANY'S MTN TO DISMISS FOR FORUM ON |

C58PDF - www.fasiio.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 32 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

```
*  *  *  *  C L E R K ' S   E N T R I E S   *  *  *  *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

```
00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000
```

(10)

12        20        99

MTN ON ORDER OF SEVERANCE                    30.00

BAKER & BOTTS
L.L.P.

| Date | Entry |
|------|-------|
| | CONVENIENS/CWARFORD |
| 02/21/00 | DEFT THE SYNKOLOID COMPANY'S MTN TO TRANSFER VENUE AND SUBJECT |
| 02/21/00 | TO ITS MTN TO TRANSFER VENUE ITS ORIGINAL ANSWER, CROSS- |
| 02/21/00 | ACTION AND ANSWER TO ALL CROSS-ACTIONS BEING FILED SUBJECT |
| 02/21/00 | TO ITS MTN TO DISMISS FOR FORUM ON CONVENIENS/CWARFORD |
| 02/21/00 | DEFT'S JURY DEMAND SUBJECT TO ITS MTN TO DISMISS FOR FORUM |
| 02/21/00 | NON CONVENIENS AND MTN TO TRANSFER VENUE/CWARFORD |
| 02/21/00 | DEFT THE SYNKOLOID COMPANY'S MTN TO QUASH SUBJECT TO ITS MTN |
| 02/21/00 | TO DISMISS FOR FORUM NON CONVENIENS AND MTN TO TRANSFER VENUE/CWARFORD |
| 02/21/00 | ORIGINAL ANSWER: RAPID-AMERICA |
| 02/22/00 | CORPORATION |
| 02/22/00 | ORIGINAL ANSWER OF DEFT RAPID-AMERICAN CORPORATION SUBJECT TO |
| 02/22/00 | ITS SPECIAL APPEARANCE AND MTN TO DISMISS FOR FORUM NON |
| 02/22/00 | CONVENIENS /CWARFORD |
| 02/24/00 | DEFT A.P.GREEN INDUSTRIES INC.'S MTN TO DISMISS PLTFS' CLAIMS |
| 02/24/00 | BECAUSE OF FORUM NON CONVENIENS; ALTERNATIVELY, SUBJECT |

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 33 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

**  *  *  C L E R K ' S   E N T R I E S  *  *  *  *

1999-12-005218-G

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS        75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS        75202 0000

(10)                    12        20        99

MTN ON ORDER OF SEVERANCE

                                  30.00

                        BAKER & BOTTS
                             L.L.P.

| Date | Entry |
|------|-------|
| 02/24/00 | THERETO, AND WITHOUT WAIVING THE FOREGOING, IT'S ORIGINAL |
| 02/24/00 | ANSWER AND ANSWER TO CROSS-ACTIONS /CWARFORD |
| 02/24/00 | HARBISON-WALKER REFRACTORIES COMPANY'S, SUED IMPROPERLY HEREIN |
| 02/24/00 | AS A DIVISION OF INDRESCO INC. AND INDRESCO INC., MTN TO |
| 02/24/00 | TRANSFER VENUE, AND SUBJECT TO AND WITHOUT WAIVING THE |
| 02/24/00 | FOREGOING, MTN TO DISMISS PLTFS' CLAIMS BECAUSE OF FORUM NON |
| 02/24/00 | CONVENIENS; ALTERNATIVELY, SUBJECT TO AND WITHOUT WAIVING |
| 02/24/00 | THE FOREGOING, ITS ORIGINAL ANSWER AND ANSWER TO CROSS- |
| 02/24/00 | ACTIONS/CWARFORD |
| 02/28/00 | ORIGINAL ANSWER: ARMSTRONG WORLD INDUSTRIES, INC. |
| 02/28/00 | ORIGINAL ANSWER: ASBESTOS CLAIMS MANAGEMENT CORP |
| 02/28/00 | ORIGINAL ANSWER: U.S. GYPSUM COMPANY |
| 02/28/00 | DEFT GARLOCK INC.'S OBJECTIONS, ANSWERS AND RESPONSES TO PLTFS' |
| 02/28/00 | MASTER SET OF INTERROGATORIES AND REQUEST FOR PROD./CW |
| 02/28/00 | CERTIFICATE OF WRITTEN DISCOVERY/CWARFORD |
| 02/28/00 | METROPOLITAN LIFE INSURANCE COMPANY'S |
```

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 34 of 116

```
*   *   *   C L E R K ' S   E N T R I E S   *   *   *   *   *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)                              12        20        99

MTN ON ORDER OF SEVERANCE                            30.00

                                        BAKER & BOTTS
                                        L.L.P.

02/28/00   RESPONSE TO PLTFS'
           REQUEST FOR DISCLOSURE/CWARFORD
02/28/00   CERTIFICATE OF WRITTEN
           DISOCVERY/CWARFORD
02/28/00   ANSWER OF DEFT PLTFS' ORIGINAL
           PETITION AND JURY DEMAND/CW
02/28/00   SPECIAL APPEARANCE AND ANSWER OF
           DEFT,UNIROYAL HOLDINGS,INC./CW
02/29/00   CERTIFICATE OF WRITTEN
           DISCOVERY/CWARFORD
02/29/00   DEFT DRESSER INDUSTRIES, INC.'S
           CERTIFICATE OF WRITTEN
02/29/00   DISCOVERY/CWARFORD
02/29/00   CERTIFICATE OF WRITTEN
           DISCOVERY/CWARFORD
03/02/00   RULE 11 AGREEMENT /CWARFORD
03/06/00   NORTH AMERICAN REFRACTORIES COMPANY'S
           MTN TO TRANSFER VENUE,
03/06/00   MTN TO DISMISS FOR FORUM NON
           CONVENIENS, AND ORIGINAL
03/06/00   ANSWER SUBJECT THERETO /CWARFORD
03/14/00   VERIFICATION OF GARLOCK INC'S 2/23/00
           OBJECTIONS ANSWERS AND
03/14/00   RESPONSES TO PLTFS' FIRST SET OF
           INTERR. AND REQUESTS FOR
03/14/00   PRODUCTION/CWARFORD
03/14/00   DEFT GARLOCK INC'S RESPONSES TO PLTFS'
           REQUEST FOR DISCLOSURE/
           CWARFORD

CutePDF - www.foxia.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 35 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM

*   *   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *   *        1999-12-005218-G

LEVAUGH DARNOLD, ET AL        00514101
                             GAYLE MORTOLA-STRASSER                    (10)         12        20        99
        VS                   4807 W. LOVERS LN.
                             DALLAS, TEXAS        75209 0000            MTN ON ORDER OF SEVERANCE      30.00
ABEL SUPPLY CO., ET AL
                             00200303
                             HON. MEL D. BAILEY                                              BAKER & BOTTS
                             3500 NATIONSBANK, 901 MAIN ST.                                     L.L.P.
                             DALLAS, TEXAS        75202 0000

                             03/14/00  ANSWER OF DEFT TO PLTFS' ORIGINAL
                                       PETITION AND JURY DEMAND/CW
                             03/15/00  NORTH AMERICAN REFRACTORIES COMPANY'S
                                       RESPONSE TO REQUESTS FOR
                                       DISCLOSURE /CWARFORD
                             03/15/00  NARCO'S OBJECTIONS & ANSWERS TO PLTFS'
                             03/15/00  FIRST SET OF INTERR.AND
                                       REQUESTS FOR PRODUCTION TO DEFTS
                                       /CWARFORD
                             03/21/00  ORIGINAL ANSWER: J. T. THORPE COMPANY
                             03/21/00  CROSS ACTION: J. T. THORPE COMPANY
                             03/21/00  J.T.THORPE COMPANY'S MTN TO TRANSFER
                                       VENUE/CWARFORD
                             03/21/00  J.T.THORPE COMPANY'S SPECIAL
                                       EXEPTIONS, ANSWER, CROSS-ACTION
                                       AND ANSWER TO OTHER ACTIONS/CWARFORD
                             03/28/00  CERTIFICATE OF WRITTEN DISCOVERY
                                       /CWARFORD
                             03/30/00  DEFT, GASKET HOLDINGS INC.'S, FKA
                                       ELEXITALLIC INC. ANSWER TO
                             03/30/00  PLTFS' ORIGINAL PETITION /CWARFORD
                             04/07/00  DEFT ACANS, INC'S MTN TO SEVER AND
                                       DISMISS BASED ON FORUM NON
                                       CONVENIENS AND BRIEF IN SUPPORT
                             04/07/00  THEREOF /CWARFORD
                             04/18/00  DEFT, J T THORPE COMPANY'S RESPONSES
                                       TO REQUESTS FOR DISCLOSURE
                             04/18/00  ANSWERS TO PLIF'S FIRST SET OF
                                       INTERR. AND REQUESTS FOR
```

CutePDF · www.fenito.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 36 of 116

```
THE 10:04 AM
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

**   *   *   C L E R K ' S   E N T R I E S   *   *   *   *   *

*   *

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS                75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS                75202 0000

                        (10)              12    20    99

                        MTN ON ORDER OF SEVERANCE          30.00

                                          BAKER & BOTTS
                                          L.L.P.

04/18/00   PRODUCTION /CWARFORD
04/26/00   NOTICE OF NON-SUIT /CWARFORD
05/22/00   MTN TO TRANSFER VENUE, MTN TO DISMISS.
           ANSWER, MTN TO SEVER, AMENDED
05/22/00   CROSS-CLAIMS OF DEFT FEDERAL-
           MOGUL CORP. /CWARFORD
06/02/00   AMENDED NOTICE OF ORAL HEARING
           /CWARFORD
06/06/00   AMENDED NOTICE OF ORAL HEARING
           /CWARFORD
06/06/00   OWENS CORNING'S EXHIBIT LIST /CWARFORD
06/06/00   FIBREBOARD'S EXHIBIT LIST /CWARFORD
06/06/00   DESIGNATION OF EXPERT WITNESSES AND
           WITNESS /CWARFORD
06/06/00   OWENS CORNING'S EXPERT WITNESS REPORTS
           /CWARFORD
06/06/00   DESIGNATION OF EXPERT WITNESSES AND
           WITNESS LIST /CWARFORD
06/06/00   OWENS CORNING'S DESIGNATION OF DEPO
           TRANSCRIPTS IN OTHER
           CASES /CWARFORD
06/06/00   OWENS CORNING'S MTN IN LIMINE /CWARFORD
06/06/00   OWENS CORNING'S FIRST SUPPLEMENTAL MTN
           IN LIMINE /CWARFORD
06/06/00   OWENS CORNING'S CONTENTIONS /CWARFORD
06/06/00   OWENS CORNING'S CONTESTED ISSUES OF
           LAW /CWARFORD
06/06/00   OWENS CORNING'S CONTESTED ISSUES OF
```

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 37 of 116

RUN DATE 10/03/01
RUN TIME 10:04 AM

* * * * * C L E R K ' S   E N T R I E S * * * *

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS                75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS                75202 0000

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

(10)                    12          20          99

MTN ON ORDER OF SEVERANCE                        30.00

                                    BAKER & BOTTS
                                        L.L.P.

06/06/00  OWENS CORNING'S MTN FOR LEAVE TO USE
          VIDEOTAPED DEPO OF
          FACT /CWARFORD
06/06/00  DR. H. CORWIN HINSHAW /CWARFORD
06/06/00  OWENS CORNING'S MTN TO EXCLUDE THE
          TESTIMONY OF BARY CASTLEMAN
06/06/00  OWENS CORNING'S MTN FOR BIFURCATION OF
          TRIAL /CWARFORD
06/06/00  OWENS CORNING'S OPPOSITION TO
          CONSOLIDATION AND MTN FOR
06/06/00  SEPARATE TRIALS /CWARFORD
06/06/00  OWENS CORNING'S PROPOSED CHARGE OF THE
          COURT /CWARFORD
06/06/00  OWENS CORNING'S MTN TO TRANSFER VENUE
          PURSUANT TO RULE 86 AND,
06/06/00  SUBJECT THERETO, AMENDED ANSWERS TO
          PLTF'S PETITION, CROSS-
06/06/00  ACTION, AND AMENDED ANSWER TO
          CROSS-ACTIONS/ CWARFORD
06/06/00  FIBREBOARD CORPORATION'S MTN TO
          TRANSFER VENUE PURSUANT TO RULE
06/06/00  86 AND, SUBJECT THERETO, AMENDED
          ANSWERS TO PLTF'S PETITION,
06/06/00  CROSS-ACTION, AND AMENDED ANSWER T
          CROSS-ACTIONS /CWARFORD
06/21/00  MTN TO DISMISS FOR FORUM NON
          CONVENIENS SUBJECT TO AND WITHOUT
06/21/00  WAIVING ITS PREVIOUSLY FILED MTN TO
          TRANSFER VENUE/CWARFORD

```
*   *   *   C L E R K ' S   E N T R I E S   *   *   *   *   *   *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)        12        20        99

MTN ON ORDER OF SEVERANCE

30.00

L.L.P.          BAKER & BOTTS

07/06/00  DEFT GENERAL REFRACTORIES CO.'S LIST
          OF WITNESSES SUBJECT TO
07/06/00  ITS PREVIOUSLY FILED SPECIAL
          APPEARANCE AND MTN TO TRANSFER
          VENUE /CWARFORD
07/06/00  DEFT GENERAL REFRACTORIES COMPANY'S
07/06/00  LIST OF EXPERT WITNESSES,
          SUBJECT TO ITS SPECIAL APPEARANCE
07/06/00  AND SUBJECT TO ITS MTN
          TO TRANSFER VENUE /CWARFORD
07/06/00  DEFT'S MTN FOR SUBSTITUTION OF COUNSEL
07/17/00  /CWARFORD
07/18/00  VERIFICATION OF DEFT'S ANSWERS TO
          INTERR./CWARFORD
07/27/00  DEFT GARLOCK INC AND THE ANCHOR
          PACKING CO.'S REQUEST FOR
07/27/00  DISCLOSURE /CWARFORD
08/16/00  DEFT'S TRIAL TESTIMONY AND DEPOSITION
          PAGE AND LINE DESIGNATION
08/28/00  DEFT'S EXHIBIT LIST /CWARFORD
08/28/00  DEFT'S LIST OF POTENTIAL WITNESSES AND
          DEPO TESTIMONY AND
08/28/00  EXPERT WITNESS LIST /CWARFORD
08/31/00  A.P.GREEN INDUSTRIES,INC.'S MTN FOR
          SUBSTITUTION OF COUNSEL/Cw
08/31/00  HARBISON-WALKER REFRACTORIES COMPANY,
          SUED IMPROPERLY HEREIN AS
08/31/00  A DIVISION OF INDRESCO INC. AND
          INDRESCO, INC.'S MTN FOR

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 39 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

1999-12-005218-G

```
*    *    *    C L E R K ' S    E N T R I E S    *    *    *    *    *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

(10)          12          20          99

MTN ON ORDER OF SEVERANCE

                              30.00

BAKER & BOTTS
L.L.P.

| | |
|---|---|
| 08/31/00 | SUBSTITUTION OF COUNSEL /CWARFORD |
| 09/01/00 | W.R.GRACE & CO.-CONN'S LIST OF EXHIBITS /CWARFORD |
| 09/01/00 | W.R.GRACE & CO. CONN.'S EXPERT WITNESS LIST /CWARFORD |
| 09/01/00 | W.R.GRACE & CO. CONN'S FACT WITNESS LIST /CWARFORD |
| 09/01/00 | W.R.GRACE & CO.-CONN'S DESIGNATION OF DEPO AND TRIAL TESTIMONY TAKEN IN OTHER CASES /CWARFORD |
| 09/01/00 | DEFT W.R.GRACE & CO.-CONN'S MTN TO ADOPT DEFT'S PRETRIAL MTNS AND BRIEF IN SUPPORT THEREOF /CWARFORD |
| 09/01/00 | DEFT W.R GRACE & CO-CONN'S MTN TO BIFURCATE /CWARFORD |
| 09/01/00 | DEFT W.R.GRACE & CO.-CONN'S MTN TO DISCLOSE SETTLEMENT AMOUNTS /CWARFORD |
| 09/01/00 | MTN TO SUBMIT JURY QUESTIONNAIRE /CWARFORD |
| 09/01/00 | DEFT W.R.GRACE & CO.-CONN'S MTN IN LIMINE /CWARFORD |
| 09/01/00 | FIRST SUPPLEMENTAL MTN IN LIMINE OF DEFT W.R.GRACE & CO.-CONN /CWARFORD |
| 09/01/00 | MTN IN LIMINE OF DEFT W.R.GRACE & CO.-CONN TO EXCLUDE EVIDENCE REGARDING THE MULTIBESTOS CO. /CWARFORD |
| 09/01/00 | MEMORANDUM BRIEF IN SUPPORT OF MTN IN |

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 40 of 116

```
RUN TIME 10:04 AM

*  *  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *  *

                                        00514101
                                        GAYLE MORTOLA-STRASSER           (10)
LEVAUGH DARNOLD, ET AL                  4807 W. LOVERS LN.                        12        20        99
                                        DALLAS, TEXAS        75209 0000
        VS                                                       MTN ON ORDER OF SEVERANCE
                                        00200303
ABEL SUPPLY CO., ET AL                  HON. MEL D. BAILEY                                      30.00
                                        3500 NATIONSBANK, 901 MAIN ST.
                                        DALLAS, TEXAS        75202 0000
                                                                                      BAKER & BOTTS
                                                                                        L.L.P.
```

| Date | Entry |
|------|-------|
| 09/01/00 | LIMINE OF DEFT W.R. GRACE & CO-CONN. TO EXCLUDE EVIDENCE REGARDING THE MULTIBESTOS |
| 09/01/00 | CO. /CWARFORD |
| 09/06/00 | DEFT ACANDS, INC.'S NO EVIDENCE MTN FOR SUMMARY JUDGMENT AND |
| 09/06/00 | MTN TO SEVER /CWARFORD |
| 09/12/00 | DEFTS' MTN TO QUASH PLTFS' NOTICE OF DEPO OF DR.JAMES ROBB /CW |
| 09/12/00 | DEFT KELLY-MOORE PAINT COMPANY, INC.'S DESIGNATION OF "WILL |
| 09/12/00 | CALL" WITNESSES /CWARFORD |
| 09/14/00 | A.P.GREEN INDUSTRIES, INC.'S EXHIBIT LIST /CWARFORD |
| 09/14/00 | JURY DEMAND/CWARFORD |
| 09/14/00 | A.P.GREEN INDUSTRIES, INC.'S EXPERT WITNESS LIST /CWARFORD |
| 09/14/00 | DEFT A.P.GREEN INDUSTRIES, INC'S FIRST AMENDED ORIGINAL ANSWER, |
| 09/14/00 | ANSWER TO CROSS-ACTIONS AND/OR THIRD-PARTY ACTIONS/CWARFORD |
| 09/14/00 | HARBISON-WALKER REFRACTORIES COMPANY(FORMERLY) A DIVISION OF |
| 09/14/00 | INDRESCO INC.'S EXPERT WITNESS LIST /CWARFORD |
| 09/14/00 | HARBISON-WALKER REFRACTORIES COMPANY(FORMERLY) A DIVISION OF |
| 09/14/00 | INDRESCO INC.'S LIST OF EXHIBITS /CWARFORD |

CSitPDF - www.fasiio.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 41 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

```
* * *  C L E R K ' S   E N T R I E S  * * * * *
```

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

12      20      99

30.00

MTN ON ORDER OF SEVERANCE

(10)

BAKER & BOTTS
L.L.P.

| Date | Entry |
|------|-------|
| 09/14/00 | JURY DEMAND /CWARFORD |
| 09/14/00 | HARBISON-WALKER REFRACTORIES CO. (FORMERLY)A DIVISION OF INDRESCO INC.'S FIRST AMENDED |
| 09/14/00 | ORIGINAL ANSWER, ANSWER TO CROSS-ACTIONS AND/OR THIRD-PARTY ACTIONS/CWARFORD |
| 09/14/00 | INDRESCO INC.'S FIRST AMENDED ORIGINAL ANSWER, ANSWER TO CROSS-ACTIONS AND/OR THIRD-PARTY ACTIONS /CWARFORD |
| 09/14/00 | INDRESCO INC'S EXPERT WITNESS LIST /CWARFORD |
| 09/14/00 | INDRESCO INC.'S LIST OF EXHIBITS /CWARFORD |
| 09/14/00 | JURY DEMAND /CWARFORD |
| 09/18/00 | UNIROYAL HOLDING, INC.'S LIST OF EXPERT AND FACT WITNESSES/CW |
| 09/18/00 | UNIROYAL HOLDING, INC.'S EXHIBIT LIST /CWARFORD |
| 09/18/00 | CROWN,CORK & SEAL CO., INC.'S FIRST SUPPLEMENTAL RESPONSE TO PLTFS' REQUEST FOR DISCLOSURE /CWARFORD |
| 09/18/00 | NOTICE OF INTENTION TO TAKE DEPO ON WRITTEN QUESTIONS/CWARFORD |
| 09/18/00 | DEFT DRESSER INDUSTRIES, INC.'S MTN IN LIMINE /CWARFORD |
| 09/18/00 | DEFT DRESSER INDUSTRIES, INC.'S MTN TO |

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 42 of 116

RUN TIME 10:04 AM

* * * * C L E R K ' S   E N T R I E S * * * *

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS        75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS        75202 0000

(10)        (12)        20        99

MTN ON ORDER OF SEVERANCE        30.00

BAKER & BOTTS
L.L.P.

| | |
|---|---|
| | ADOPT CO-DEFTS' PRE- |
| | TRIAL MTNS /CWARFORD |
| 09/18/00 | DEFT DRESSER INDUSTRIES, INC.'S |
| | DESIGNATION OF EXPERT AND |
| | FACT WITNESSES /CWARFORD |
| 09/18/00 | DRESSER INDUSTRIES, INC.'S DESIGNATION |
| | OF TRIAL EXHIBITS/CW |
| 09/18/00 | DRESSER INDUSTRIES INC.'S OBJECTIONS |
| | TO PLTFS' EXHIBITS/CW |
| 09/19/00 | DEFT KAISER ALUMINUM & CHEMICAL CORP'S |
| | EXHIBIT LIST /CWARFORD |
| 09/19/00 | DEFT KAISER ALUMINUM & CHEMICAL CORP'S |
| | LIST OF WITNESSES/CW |
| 09/19/00 | DEFT GEORGIA-PACIFIC'S MTN FOR SUMMARY |
| | JUDGMENT AND BRIEF |
| | IN SUPPORT THEREOF /CWARFORD |
| 09/19/00 | DEFTS' MTN IN LIMINE AND BRIEF |
| | /CWARFORD |
| 09/19/00 | DEFTS' MTN FOR BIFURCATION /CWARFORD |
| 09/19/00 | DEFT'S MTN TO EXCLUDE VIDEOTAPED |
| | "SIMULATIONS" AND RELATED |
| | EVIDENCE AND MEMORANDUM OF LAW IN |
| | SUPPORT THEREOF /CWARFORD |
| 09/19/00 | DEFT GEORGIA-PACIFIC CORP'S MTN TO |
| | ADOPT DEFT'S PERTRIAL MTNS |
| | AND BRIEF IN SUPPORT THEREOF |
| | /CWARFORD |
| 09/19/00 | DEFT GEORGIA-PACIFIC CORP'S EXHIBIT |
| | LIST /CWARFORD |

CutePDF - www.fastio.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 43 of 116

RUN DATE 10/03/01
RUN TIME 10:04 AM

\* \* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \* \*

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

BAKER & BOTTS
L.L.P.

(10)          12          20          99

MTN ON ORDER OF SEVERANCE

30.00

09/19/00   COMPANY'S MTN TO EXCLUDE AND/
           OR LIMIT EXPERT TESTIMONY OF DAVID
           STEVEN EGILMAN,M.D./CW
09/19/00   THE FLINKOTE COMPANY'S DISCLOSURE OF
           EXPERT AND FACT WITNESSES
09/19/00   THE FLINKOTE COMPANY'S EXHIBIT LIST
           /CWARFORD
09/19/00   CONTENTIONS OF DEFT THE FLINTKOTE
           COMPANY /CWARFORD
09/19/00   MTN IN LIMINE WITH BRIEF IN SUPPORT
           /CWARFORD
09/19/00   COMBUSTION ENGINEERING, INC.'S
           DESIGNATION OF POTENTIAL EXPERT
           WITNESSES./CWARFORD
09/19/00   COMBUSTION ENGINEERING, INC.'S
           DESIGNATION OF FACT WITNESSES/CW
09/19/00   COMBUSTION ENGINEERING, INC.'S EXHIBIT
           LIST /CWARFORD
09/19/00   COMBUSTION ENGINEERING, INC.'S
           DESIGNATION OF DEPO FROM
           OTHER CASES /CWARFORD
09/19/00   COMBUSTION ENGINEERING, INC.'S
           DESIGNATION OF PAGE/LINE DEPO
           TESTIMONY /CWARFORD
09/19/00   COMBUSTION ENGINEERING, INC.'S MTN FOR
           LEAVE TO USE VIDEOTAPED
           DEPO OF DR. HORTON CORWIN HINSHAW
           /CWARFORD
09/19/00   RILEY STOKER CORP'S DESIGNATION OF

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 44 of 116

```
*  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *  *  *
```

```
LEVAUGH DARNOLD, ET AL        00514101
                              GAYLE MORTOLA-STRASSER       (10)
          VS                  4807 W. LOVERS LN.
                              DALLAS, TEXAS      75209 0000
ABEL SUPPLY CO., ET AL                                           MTN ON ORDER OF SEVERANCE   12   20   99

                              00200303                                                              30.00
                              HON. MEL D. BAILEY
                              3500 NATIONSBANK, 901 MAIN ST.                     BAKER & BOTTS
                              DALLAS, TEXAS      75202 0000                        L.L.P.
```

| Date | Entry |
|---|---|
| 09/19/00 | FACT AND EXPERT WITNESSES/CW DEFT RILEY STOKER CORP.'S EXHIBIT LIST /CWARFORD |
| 09/19/00 | DEFT KAISER ALUMINUM & CHEMICAL CORP'S FIRST AMENDED LIST OF WITNESSES /CWARFORD |
| 09/19/00 | PLIF'S FIRST AMENDED PETITION AND JURY DEMAND/CWARFORD |
| 09/20/00 | OWENS-ILLINOIS, INC. SUPPLEMENT TO DISCOVERY AND DESIGNATION |
| 09/20/00 | OF WITNESSES, DEPO TESTIMONY, AND TRIAL EXHIBITS/CWARFORD |
| 09/21/00 | DEFT. ACANDS, INC'S FIRST MOTION FOR CONTINUANCE (LROD) |
| 09/21/00 | DEFT GEORGIA-PACIFIC'S SUPPLEMENTAL MOTION FOR SUMMARY |
| 09/21/00 | JUDGMENT AND BRIEF IN SUPPORT THEREOF (LROD) |
| 09/21/00 | CITATION: BUILDING MATERIALS CORP. OF AMERICA |
| 09/21/00 | SERVED: 11/20/00    FILED: 07/11/01 |
| 09/21/00 | CITATION: DRESSER |
| 09/21/00 | SERVED: 11/20/00    FILED: 07/11/01 |
| 09/21/00 | CITATION SEC. OF STATE: GAF BUILDING MATERIALS CORP. |
| 09/21/00 | SERVED: 11/20/00    FILED: 07/11/01 |
| 09/21/00 | CITATION SEC. OF STATE: GAF BUILDING MATERIALS CORPORATION |
| 09/21/00 | SERVED: 11/20/00    FILED: 07/11/01 |

CutePDF - www.faxio.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 45 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

1999-12-005218-G

```
*  *  *  *  C L E R K ' S   E N T R I E S   *  *  *  *  *
```

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

```
00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000
```

(10)        (12)        20        99

MTN ON ORDER OF SEVERANCE              30.00

BAKER & BOTTS
L.L.P.

| Date | Entry |
|------|-------|
| 09/22/00 | DEFT DRESSER INDUSTRIES, INC'S MOTION TO ADOPT CO-DEFTS' |
| 09/22/00 | PRE-TRIAL MOTIONS (LROD) |
| 09/22/00 | DEFT DRESSER INDUSTRIES, INC'S DESIGNATION OF EXPERT AND FACT WITNESSES (LROD) |
| 09/22/00 | DEFT DRESSER INDUSTRIES, INC'S MOTION IN LIMINE (LROD) |
| 09/22/00 | DRESSER INDUSTRIES INC'S OBJECTIONS TO PLTFS. EXHIBITS (LROD) |
| 09/22/00 | DRESSER INDUSTRIES INC'S DESIGNATION OF TRIAL EXHIBITS (LROD) |
| 09/26/00 | DEFENDANT, GUARD-LINE, INC'S MOTION IN LIMINE (LROD) |
| 09/26/00 | CERTIFICATE OF WRITTEN DISCOVERY (LROD) |
| 09/26/00 | DEFENDANT GENERAL REFRACTORIES COMPANY'S ANSWER TO PLTFS' |
| 09/26/00 | FIRST AMENDED PETITION SUBJECT TO ITS PREVIOUSLY FILED SPECIAL APPEARANCE AND MOTION TO TRANSFER VENUE (LROD) |
| 09/27/00 | DEFT UNITED STATES MINERAL PRODUCTS COMPANY'S MTN FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF /CWARFORD |
| 09/28/00 | CERTIFICATE OF WRITTEN DISCOVERY /CWARFORD |
| 09/29/00 | DEFT GARLOCK INC'S MTN TO STRIKE /CWARFORD |

CitiPDF - www.faxio.com

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 46 of 116

RUN DATE 10/03/01
RUN TIME 10:04 AM

* * * * * C L E R K ' S   E N T R I E S * * * *

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

12          20          99

(10)          30.00

MTN ON ORDER OF SEVERANCE

BAKER & BOTTS
L.L.P.

10/02/00  NOTICE OF ENTRY OF TEMPORARY
          RESTRAINING ORDER /CWARFORD
10/02/00  GARLOCK INC.'S MTN FOR SEPARATE TRIALS
          AND OBJECTION TO PLTFS'
10/02/00  MTN TO CONSOLIDATE /CWARFORD
10/03/00  DEFT, GUARD-LINE,INC.'S ANSWER TO
          PLTFS' FIRST AMENDED PETITION
          AND JURY DEMAND /CWARFORD
10/03/00  DEFT KAISER ALUMINUM & CHEMICAL
          CORP.'S RESPONSE TO PLTFS'
10/03/00  MTN TO CONSOLIDATE /CWARFORD
10/03/00  DEFTS' EXHIBIT LIST /CWARFORD
10/03/00  DEFTS' LINE AND PAGE DESIGNATIONS
          /CWARFORD
10/03/00  DEFTS' LINE AND PAGE DESIGNATIONS
          /CWARFORD
10/03/00  DEFTS' ARMSTRONG WORLD INDUSTRIES,
          INC.,QUIGLEY COMPANY, INC.
10/03/00  UNITED STATE'S GYPSUM CO. & T&N LTD
          (FKA T&N PLC AND TURNER
          & NEWELL PLC) GENERAL LIST OF
10/03/00  MED. STATE-OF-THE-ART,
          ECONOMIC,LIABILITY AND DAMAGE
          EXPERTS /CWARFORD
10/03/00  DEFTS' LIST OF POTENTIAL DEPO AND
          TRIAL TESTIMONY /CWARFORD
10/03/00  DEFTS' MTN IN LIMINE AND BRIEF
          /CWARFORD
10/03/00  DEFTS' MTN TO BIFURCATE /CWARFORD

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 47 of 116

```
RUN DATE 10/03/01
RUN TIME 10:04 AM
```

```
*   *   *   C L E R K ' S   E N T R I E S   *   *   *   *
```

```
00514101                                           (10)
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS        75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS        75202 0000
```

```
12        20        99

MTN ON ORDER OF SEVERANCE

                    30.00

BAKER & BOTTS
L.L.P.
```

LEVAUGH DARNOLD, ET AL
            VS
ABEL SUPPLY CO., ET AL

10/03/00  DEFT ARMSTRONG WORLD INDUSTRIES,
          INC.'S LIST OF POTENTIAL
          FACT/EXPERT WITNESSES AND DEPO
10/03/00  TESTIMONY /CWARFORD
10/03/00  DEFT UNITED STATES GYPSUM CO.'S EXPERT
          WITNESS LIST /CWARFORD
10/03/00  DEFT QUIGLEY CO. INC. LIST OF
          POTENTIAL FACT/EXPERT WITNESSES
10/03/00  AND DEPO TESTIMONY /CWARFORD
10/03/00  DEFT T&N LTC (FKA T&N PLC AND TURNER &
          NEWELL PLC) EXPERT AND
10/03/00  FACT WITNESS LIST /CWARFORD
10/03/00  MTN IN LIMINE OF DEFT UNITED STATES
          GYPSUM COMPANY TO EXCLUDE
10/03/00  ALL EVIDENCE OF PRIOR DISCOVERY
          ANSWERS IN OTHER CASES /CW
10/03/00  MEMORANDUM OF LAW IN SUPPORT OF MTN IN
          LIMINE OF DEFT UNITED
10/03/00  STATES GYPSUM CO. TO EXCLUDE ALL
          EVIDENCE OF PRIOR DISCOVERY
10/03/00  ANSWERS IN OTHER CASES /CWARFORD
10/03/00  MTN IN LIMINE OF DEFT UNITED STATES
          GYPSUM CO. TO EXCLUDE
10/03/00  ARGUMENT AND EVIDENCE RELATING TO
          THE SARANAC EXPERIMENTS/CW
10/03/00  MEMORANDUM OF LAW IN SUPPORT OF MTN IN
          LIMINE OF DEFT UNITED
10/03/00  STATES GYPSUM CO. TO EXCLUDE
          ARGUMENT AND EVIDENCE

```
RUN DATE 10/03/01                                                        PAGE: 29
RUN TIME 10:04 AM                                          1999-12-005218-G

          *    *    *   C L E R K ' S   E N T R I E S   *   *   *   *

LEVAUGH DARNOLD, ET AL           00514101
                                 GAYLE MORTOLA-STRASSER      (10)            12      20      99
          VS                     4807 W. LOVERS LN.
                                 DALLAS, TEXAS     75209 0000     MTN ON ORDER OF SEVERANCE
ABEL SUPPLY CO., ET AL
                                 00200303                                         30.00
                                 HON. MEL D. BAILEY
                                 3500 NATIONSBANK, 901 MAIN ST.
                                 DALLAS, TEXAS    75202 0000          BAKER & BOTTS
                                                                          L.L.P.

          10/03/00  RELATING TO THE SARANAC EXPERIMENTS
                    /CWARFORD
          10/03/00  MTN IN LIMINE OF DEFT UNITED STATES
                    GYPSUM COMPANY TO EXCLUDE
          10/03/00  EVIDENCE AND ARGUEMENT RELATING TO
                    THE CLAIMS OF OTHER CO.
          10/03/00  EMPLOYEES /CWARFORD
          10/03/00  MEMORANDUM OF LAW IN SUPPORT OF MTN IN
                    LIMINE OF DEFT UNITED
          10/03/00  STATES GYPSUM CO. TO EXCLUDE
                    EVIDENCE AND ARGUMENT RELATING
          10/03/00  TO THE CLAIMS OF OTHER CO.
          10/03/00  EMPLOYEES /CWARFORD
          10/03/00  MTN IN LIMINE OF DEFT UNITED STATES
                    GYPSUM CO. TO EXCLUDE ALL
          10/03/00  POST-SALE EVIDENCE AND ALL EVIDENCE
                    RELATING TO PRODUCTS
          10/03/00  NOT AT ISSUE /CWARFORD
          10/03/00  MEMORANDUM OF LAW IN SUPPORT OF MTN IN
                    LIMINE OF DEFT UNITED
          10/03/00  STATES GYPSUM CO. TO EXCLUDE ALL
                    POST-SALE EVIDENCE AND
          10/03/00  ALL EVIDENCE RELATING TO PRODUCTS
                    NOT AT ISSUE /CWARFORD
          10/03/00  MTN IN LIMINE OF DEFT UNITED STATES
                    GYPSUM CO. TO EXCLUDE
          10/03/00  EVIDENCE AND ARGUMENT RELATING TO
                    MIRIELLO ISSUE/CWARFORD
          10/03/00  MEMORANDUM OF LAW OF DEFT UNITED
```

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 49 of 116

```
. . .  .  .  . /  .  /  .
RUN TIME 10:04 AM
```

**\* \* \* \* \* \* C L E R K ' S   E N T R I E S \* \* \* \* \***

```
                                              00514101
                                              GAYLE MORTOLA-STRASSER           (10)              12              20              99
                                              4807 W. LOVERS LN.
LEVAUGH DARNOLD, ET AL                        DALLAS, TEXAS       75209 0000    MTN ON ORDER OF SEVERANCE
        VS
                                              00200303                                                                            30.00
ABEL SUPPLY CO., ET AL                        HON. MEL D. BAILEY
                                              3500 NATIONSBANK, 901 MAIN ST.                                        BAKER & BOTTS
                                              DALLAS, TEXAS       75202 0000                                        L.L.P.
```

```
10/03/00    STATES GYPSUM CO. IN SUPPORT
            OF MTN IN LIMINE TO EXCLUDE
            EVIDENCE AND ARGUMENT RELATING
            TO MIRIELLO ISSUE /CWARFORD
10/03/00    DEFT GAF CORP'S ADOPTION OF GARLOCK'S
10/04/00    MTN FOR SEPARATE TRIALS
            AND OBJECTIN TO PLTFS' MTN TO
10/04/00    CONSOLIDATE /CWARFORD
            DEFT GAF CORP'S ADOPTION OF GARLOCK'S
10/04/00    MTN TO STRIKE WITNESSES
            DEFT W.R. GRACE CO.-CONN'S MOTION TO
10/04/00    STRIKE (LROD)
            DEFT W.R.GRACE CO.-CONN'S OPPOSITION
            TO PLTFS' MOTION TO
10/04/00    CONSOLIDATE (LROD)
10/05/00    ACANDS, INC.'S RULE 58 ADOPTION AND
            JOINDER OF GARLACK'S MTNS
10/05/00    TO STRIKE /CWARFORD
10/06/00    NOTICE OF ENROLLMENT OF ADDITIONAL
            COUNSEL /CWARFORD
10/06/00    GAF CORPORATION'S MTN TO ADOPT DEFTS'
            PRETRIAL MOTIONS/CWARFORD
10/06/00    DEFT GAF CORPORATION'S MTN TO EXCLUDE
            AND/OR LIMIT EXPERT
10/06/00    TESTIMONY OF DAVID STEVEN
            EGILMAN,M.D./CWARFORD
10/06/00    DEFT GAF'S MTN TO REQUIRE PLTFS TO
            PROVIDE THE NAMES OF
10/06/00    WITNESSES FORTY-EIGHT HOURS PRIOR
```

RUN DATE 10/03/01
RUN TIME 10:04 AM

PAGE: 31

1999-12-005218-G

* * * CLERK'S ENTRIES * * * *

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS          75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS          75202 0000

LEVAUGH DARNOLD, ET AL
VS
ABEL SUPPLY CO., ET AL

(10)                          12   20   99
MTN ON ORDER OF SEVERANCE           30.00

BAKER & BOTTS
L.L.P.

| Date | Entry |
|---|---|
| | TO THE DATE OF THEIR |
| 10/06/00 | ANTICIPATED TESTIMONY AT TRIAL /CWARFORD |
| 10/06/00 | MTN IN LIMINE OF DEFT GAF CORPORATION /CWARFORD |
| 10/10/00 | PLEADINGS TRANSFERRED INTO CAUSE# 1998-10-004083 |
| 10/11/00 | PLTFS' MTN TO RECONSIDER OR IN THE ALTERNATIVE JOINT MTN TO |
| 10/11/00 | CONTINUE /CWARFORD |
| 10/11/00 | PLTF'S RESPONSE TO DEFT'S NO EVIDENCE MTN FOR SUMMARY JUDGMT/CW |
| 10/11/00 | DEFT GENERAL REFRACTORIES COMPANY'S MTN TO REQUEST HEARING |
| 10/11/00 | SET ON ITS SPECIAL APPEARANCE SUBJECT TO ITS PREVIOUSLY FILED |
| 10/11/00 | SPECIAL APPEARANCE /CWARFORD |
| 10/11/00 | PLTFS' NOTICE OF FILING OF MEDICAL RECORD AFFIDAVITS /CWARFORD |
| 10/11/00 | AFFIDAVIT /CWARFORD |
| 12/15/00 | DEFT'S MTN TO TRANSFER VENUE AND SUBJECT THERETO MTN TO DISMISS |
| 12/15/00 | AND ORIGINAL ANSWER /CWARFORD |
| 12/28/00 | ORIGINAL ANSWER: GAF BUILDING MATERIALS CORPORATION |
| 03/13/01 | RULE 11 AGREEMENT /CWARFORD |
| 07/13/01 | MTN ON ORDER OF SEVERANCE : GARLOCK INC. |
| 08/13/01 | MTN TO WITHDRAW AS ATTORNEYS OF RECORD |

```
RUN DATE 10/03/01
RUN TIME 10:04 AM                                                    PAGE: 32

                                                        1999-12-005218-G

*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *

00514101                                          12      20      99
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.                                               30.00
DALLAS, TEXAS          75209 0000    (10)
                                     MTN ON ORDER OF SEVERANCE
00200303
HON. MEL D. BAILEY                               BAKER & BOTTS
3500 NATIONSBANK, 901 MAIN ST.                     L.L.P.
DALLAS, TEXAS          75202 0000
```

LEVAUGH DARNOLD, ET AL
VS
ABEL SUPPLY CO., ET AL

08/13/01   FOR HARBISON-WALKER
           REFRACTORIES COMPANY AND OR
           INDRESCO, INC. /CWARFORD
08/14/01   NORTH AMERICAN REFRACTORIES COMPANY'S
           EXHIBIT LIST /CWARFORD
08/14/01   NORTH AMERICAN REFRACTORIES SECOND
           SUPPLEMENTAL RESPONSE TO
           REQUESTS FOR DISCLOSURE /CWARFORD
08/14/01   PLTF'S NOTICE OF NON-SUIT /CWARFORD
08/15/01   DEFT BROWN & ROOT, INC.'S NO EVIDENCE
           MTN FOR SUMMARY
08/15/01   JUDGMENT /CWARFORD
08/17/01   NORTH AMERICAN REFRACTORIES COMPANY'S
           CERTIFICATE OF WRITTEN
           DISCOVERY /CWARFORD
08/17/01   DEFT GARLOCK INC'S MTN FOR CONTINUANCE
           /CW
08/27/01   DEFT DRESSER INDUSTRIES, INC.'S MTN
           FOR CONTINUANCE /CW
08/28/01   SCIRE FACIAS: DEBBIE KULOW
08/28/01   SERVED:
08/28/01   DEFENDANT GARLOCK INC'S VERIFIED MTN.
           FOR WRIT OF SCIRE FACIAS
09/04/01   DRESSER INDUSTRIES,INC.'S FIRST
           SUPPLEMENTAL DESIGNATION OF
           TRIAL EXHIBITS /CWARFORD
09/04/01   DEFT DRESSER INDUSTRIES,INC.'S FIRST
09/04/01   SUPPLEMENTAL DESIGNATION
           OF EXPERT AND FACT WITNESSES

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 52 of 116

```
*  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *
```

00514101
GAYLE MORTOLA-STRASSER
4807 W. LOVERS LN.
DALLAS, TEXAS              75209 0000

00200303
HON. MEL D. BAILEY
3500 NATIONSBANK, 901 MAIN ST.
DALLAS, TEXAS              75202 0000

LEVAUGH DARNOLD, ET AL

VS

ABEL SUPPLY CO., ET AL

(10)                    12          20          99

MTN ON ORDER OF SEVERANCE

                                      30.00

                              BAKER & BOTTS
                                 L.L.P.

09/04/01   /CWARFORD
           DEFT DRESSER INDUSTRIES, INC.'S FIRST
           SUPPLEMENTAL MTN IN LIMINE
09/04/01   DEFT DRESSER INDUSTRIES, INC.'S MTN TO
           ADOPT CO-DEFTS' PRE-TRIAL
09/04/01   MTNS TO ADOPT CO-DEFTS' PRE-TRIAL
           MTNS /CWARFORD
09/06/01   TRANSFERRED FROM THE 103rd COURT
09/06/01   TRANSFERRED FROM THE 357th COURT
09/06/01   TRANSFERRED FROM THE 103rd COURT
09/11/01   MTN FOR NONSUIT OF THE FLINTKOTE CO
           WITHOUT PREJUDICE AS TO
           ALL PLTFS(IGARCIA)
09/20/01   DEFENDANT GARLOCK INC'S MOTION TO
           STRIKE WITNESSES/FG
09/20/01   AFFIDAVIT OF TERI L DANISH/FG
09/24/01   GARLOCK'S OBJECTION TO AND MTN TO
           STRIKE EXPERT TESTIMONY
09/24/01   OR OTHER EVIDENCE THAT WORKPLACE
           EXPOSURE TO CHRYSOTILE
           ASBESTOS CAUSES
           MESOTHELIOMA(IGARCIA/OC)
09/24/01   GARLOCK INC.'S MTN TO STRIKE WILLIAM
           LONGO AND RICHARD HATFIELD
           AS PLIFS' EXPERT
           WITNESSES(IGARCIA/OC)
09/26/01   SUPPLEMENT TO GARLOCK'S OBJECTION TO
           AND MTN TO STRIKE EXPERTS
09/26/01   TESTIMONY OR OTHER EVIDENCE THAT

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 53 of 116

```
* * * *   C L E R K ' S   E N T R I E S   * * * *

                              00514101
LEVAUGH DARNOLD, ET AL        GAYLE MORTOLA-STRASSER            (10)       12      20    99
                              4807 W. LOVERS LN.
            VS                DALLAS, TEXAS      75209 0000       MTN ON ORDER OF SEVERANCE

ABEL SUPPLY CO., ET AL        00200303                                                  30.00
                              HON. MEL D. BAILEY
                              3500 NATIONSBANK, 901 MAIN ST.                      BAKER & BOTTS
                              DALLAS, TEXAS      75202 0000          L.L.P.


                                     09/26/01   WORKPLACE EXPOSURE TO
                                                  CHRYSOTILE ASBESTOS CAUES
                                                  MESOTHELIMOA (IGARCIA/OC)
                                     09/26/01   GARLOCK INC'S SUPPLEMENT TO MTN TO
                                                  STRIKE WILLIAM LONGO AND
                                     09/26/01   RICHARD HATFIELD AS PLTFS' EXPERT
                                                  WITNESSES (IGARCIA/OC)
```

1/28/00

NO. 99-12-5218-D

| LEVAUGHN DARNOLD, ET UX. | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY CO., ET AL. | § | 103RD JUDICIAL DISTRICT |

### DEFENDANT GARLOCK INC'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GARLOCK INC, (hereinafter referred to as "GARLOCK"), one of the Defendants in the above-entitled and numbered cause, and in response to Plaintiffs' Original Petition, files this its Motion to Transfer Venue and Original Answer Subject Thereto and would respectfully show the Court the following:

### MOTION TO TRANSFER VENUE

1. The Plaintiffs' Original Petition ("Petition") does not allege sufficient facts establish proper venue in CAMERON County. Further, GARLOCK specifically denies each venue fact in the Petition.

2. GARLOCK specifically denies that it has a principal office in CAMERON County.

3. GARLOCK objects to venue in CAMERON County on the ground that CAMERON County is not a proper county and no basis exists mandating or permitting venue in CAMERONCounty.

4. GARLOCK specifically denies that Plaintiffs have satisfied the requirements of 15.002 of the Texas Civil Practices and Remedies Code in order to establish proper venue in CAMERON County.

FILED 9:00 O'CLOCK
AURORA DE LA GARZA DIST. CLERK
JAN 2 8 2000
DISTRICT COURT, CAMERON COUNTY, TEXAS

5. GARLOCK requests that this case be transferred to Harris County, Texas where one or more defendants to this action have their principal office. As such, Harris County is a county of proper venue pursuant to 15.002.

6. Should it be determined that Harris County, Texas, is not a county of proper venue, GARLOCK requests that this action be transferred to Dallas County, Texas, a county in which one or more of the Defendants to this action have their principal place of office.

## ORIGINAL ANSWER

7. Subject to its Motion to Transfer Venue and without waiving same, GARLOCK enters its general denial to all of the material allegations contained in Plaintiffs' Original Petition.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

8. GARLOCK denies that any Plaintiffs sustained any injuries or damages as a result of contact with or the use of any product manufactured or sold by GARLOCK and that if Plaintiffs did in fact sustain any injury or damage, as alleged, which is expressly denied, then such injury or damage was the result of his own negligence.

### Second Affirmative Defense

9. The products which GARLOCK sold were at all times reasonably fit and suitable for the purpose for which they were sold, and GARLOCK, denies same were in any way defective for the use for which they were sold. If Plaintiffs did sustain any injuries as alleged which is expressly denied, then such injuries were due to and caused by Plaintiffs' occupation, and GARLOCK is not liable or responsible for any occupational disease which was suffered or sustained by Plaintiffs in the course of their employment.

HOU 120103 1
991 70736

## Third Affirmative Defense

10.    GARLOCK denies that any product or products which it manufactured, sold or produced caused or brought about any injury or illness, if any, to Plaintiffs.  The physical conditions of which Plaintiffs complain were not caused or brought about by any products sold by GARLOCK, and such conditions, if any, are due solely to disease or other causes or to the acts or omissions of third persons and the actions of Plaintiffs.

## Fourth Affirmative Defense

11.    If any Plaintiffs did sustain injuries or occupational diseases, then such Plaintiff is guilty of various acts, wrongs and omissions, each and all of which amount to negligence in the performance of his work and occupation, which acting together or separately were a proximate cause of such injuries.  In this connection, GARLOCK would show that, among other things:

(a)    Each Plaintiff failed to exercise ordinary care for his safety when he knew or should have known of the hazards incident to his work;

(b)    Each Plaintiff failed to utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working might be harmful;

(c)    Each Plaintiff failed to use GARLOCK's products properly and subjected them to use that was abnormal and not reasonably foreseeable by GARLOCK;

(d)    Each Plaintiff failed to advise, request or demand that his employer or employers provide proper safety equipment, clothing, and protective devices for his use as an employee; and

(e)    Each Plaintiff failed to heed advice and warnings given about proper, safe work conditions and use of the products with which he was working and failed to use equipment provided to him by his employer and others.

## Fifth Affirmative Defense

12.     If any Plaintiff sustained any injuries or damages as a result of the use of any material or products manufactured or sold by GARLOCK, which is denied, the danger, if any, arising from the continued use of such material or products was open and obvious and well known to each Plaintiff or should have been known to him; but, nevertheless, he continued to use and subject himself to such products.

13.     Alternatively, if there was any danger, and such was not open and obvious and apparent to each Plaintiff at all times, each Plaintiff nevertheless knew of the dangers involved and continued to use and to work with such materials and under such conditions with such knowledge, and thus, GARLOCK owed no duty to warn him of any dangers involved. Therefore, Plaintiffs are barred from any recovery under theory of <u>volenti no fit injuria</u>.

## Sixth Affirmative Defense

14.     If any Plaintiff sustained any injuries or damages as a result of the use of any product sold by GARLOCK, which is specially denied, then such occurred more than two (2) years prior to the filing of this suit and therefore, such cause of action is barred by the two-year statute of limitations of the State of Texas.

## Seventh Affirmative Defense

15.     If any Plaintiff sustained any injuries or damages as a result of the use of any product sold by GARLOCK, which is specially denied, then such occurred more than four (4) years prior to filing of this suit; and, therefore, such cause of action for personal injury is barred by the four-year statute of limitations of the State of Texas.

## Eighth Affirmative Defense

16.     If any Plaintiff sustained any injuries or damages as a result of the use of any product manufactured or sold by GARLOCK, which is expressly denied, then more than two (2) years have elapsed from the time Plaintiff allegedly discovered he had contracted an asbestos-related disease until this cause of action was commenced; and, therefore, Plaintiffs' cause of action is barred by the two-year statute of limitations of the State of Texas.

## Ninth Affirmative Defense

17.     GARLOCK specially denies that its products have at any time released dangerous amounts of asbestos fibers into the air.

18.     Further, any alleged injuries suffered by any Plaintiff were due to and solely caused by the negligence of his employers in failing to provide safe and suitable working conditions, failing to train properly and supervise said Plaintiff and failing to warn Plaintiff of any dangerous condition that his employers knew or should have known were incident to the work being performed by each Plaintiff and in failing to provide safety equipment to each Plaintiff.

## Tenth Affirmative Defense

19.     GARLOCK specifically denies the existence of any warranty, express or implied, on the part of GARLOCK and specifically denies any fault or breach of warranty on the part of GARLOCK.  Any products or products manufactured or sold by GARLOCK were at all times reasonably fit and suitable for the purposes for which they were manufactured and sold, and Plaintiffs' alleged injuries did not result from any defect in said product or products.  Further, GARLOCK specifically denies that the reasonable and intended use of its products could result in dust conditions which allegedly cause the injuries to Plaintiffs.

HOU 120103 1
991 70736

### Eleventh Affirmative Defense

20.     Alternatively, Plaintiffs' alleged injuries and damages, if any, were caused by acts,

wrongs, omissions and negligence of third parties or a third party, for whose acts GARLOCK is not

liable or responsible; or if Plaintiffs sustained any injuries or damages from the use of any product,

or from any breach of warranty (which are specifically denied), then such was the result of the fault

or breach of warranty of third persons other than GARLOCK.

### Twelfth Affirmative Defense

21.     Plaintiffs' injuries and damages, if any, were the result of an unavoidable accident.

### Thirteenth Affirmative Defense

22.     There is and was no liability on the part of GARLOCK because the alleged

happenings in question were brought about or caused by conditions arising in the course of the work

which Plaintiffs were doing, and originally incident thereto; and Plaintiffs and his employers used

their own manner, method and means of performing such work.   Further, GARLOCK owed no duty

with respect to such work, nor was there any relationship as between Plaintiffs  and GARLOCK

which created any duty on the part of GARLOCK as to the manner or method in which the work was

done or the conditions under which Plaintiffs  performed such work.

### Fourteenth Affirmative Defense

23.     During the period of time for which Plaintiffs  are asserting a claim for injury, the

State of Texas had enacted a worker's compensation law which provides that the disease complained

of by Plaintiffs is an occupational disease for which a person engaged in the occupation of an

asbestos worker or working with asbestos products can claim worker's compensation disability

benefits against his employer at the time the disease is discovered.   According to the Plaintiffs'

HOU 120103 1
991 70736

pleadings. Plaintiffs used asbestos and asbestos insulation products over a period of many years, and

if he has asbestosis or other diseases, such are due to the nature of his occupation and were acquired

over a long period of time and were not the result of working with any particular product or products.

but were due to the nature of his employment.

24.     Further, the Texas Worker's Compensation Act provides worker's compensation

benefits as the exclusive remedy for the disability of an employee if such resulted from any injury

or occupational disease incurred or sustained in the course of his/her employment.

## Fifteenth Affirmative Defense

25.     Plaintiffs could have no claim based upon strict liability in tort for any alleged

exposure to asbestos dust from asbestos-containing products prior to June 6, 1967 when the Supreme

Court first adopted the rule of strict liability as set forth in the Restatement of Torts. Section 402A.

Prior to this time when the Supreme Court of Texas decided <u>McKisson v. Sales Affiliates, Inc.</u>, 416

S.W.2d 787 (Tex. 1967), the doctrine of strict liability did not apply to the manufacturers of non-

food products. Therefore, claims asserted by Plaintiffs for recovery based upon strict liability for

exposures prior to June 6, 1967, should be stricken and denied.

## Sixteenth Affirmative Defense

26.     The state of the medical and scientific knowledge prior to recent years was such that

GARLOCK did not know (and had no reasonable grounds for knowing) at the time Plaintiffs were

allegedly exposed to GARLOCK's products, or any other time, that any of its products containing

asbestos might be hazardous.

27.     GARLOCK had no notice or reason to believe that any of its products might be

potentially hazardous since, <u>inter alia,</u> any asbestos fibers contained in its products are locked in,

encapsulated, and firmly bound. Therefore, GARLOCK could not have reasonably foreseen any danger associated with the use of any of its products and cannot be charged with notice that any of its products posed a hazard.

### Seventeenth Affirmative Defense

28.     GARLOCK asserts that Plaintiffs' claims for punitive and/or exemplary damages violates the Due Process clauses of the Federal and Texas Constitutions and should, therefore, be stricken and all proffered testimony in support of such damage claims should be disallowed.

29.     Specifically, GARLOCK would show this Court that the Due Process Clauses contained in the Texas Constitution and the Fourteenth Amendment to the U.S. Constitution are violated by Plaintiffs' punitive damages claims because it allows unreasonable and unlimited punitive damages to be assessed against GARLOCK. Such violation of the Due Process Clauses results in chilling the fundamental rights owed to GARLOCK since no objective standard exists to limit the potential award of punitive damages and such a possibility is unpredictable and potentially unlimited.

30.     In the event this Honorable Court rejects such assertion, and pleading in the alternative if necessary, GARLOCK would invoke Texas Civil Practice and Remedies Code, Section 41.008, limiting any award of exemplary damages to either $200,000.00 or two (2) times the amount of "economic damages" as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.00, whichever is greater.

## CONTRIBUTION AND COMPARABLE RESPONSIBILITY

ANCHOR pleads the applicable provisions of Chapters 32 and 33 of the Texas Civil Practices and Remedies Code dealing with contribution and comparative responsibility and requests that this court assess damages, if any, in accordance with the provisions contained therein.

### JURY DEMAND

ANCHOR hereby demands a jury trial on all issues.

### ANSWER TO ALL CROSS-ACTIONS

GARLOCK generally denies any and all Cross-Actions heretofore or hereafter made against it by any other parties in this case. GARLOCK reserves the right to plead further upon the completion of discovery in this cause.

### PRAYER

WHEREFORE, GARLOCK respectfully requests that upon trial hereof Plaintiffs recover nothing and that they go hence without costs, and alternatively, GARLOCK respectfully requests judgment for contribution from the other Defendants, together with such other and further relief as it may show itself justly entitled to receive.

Respectfully submitted,

BROWN McCARROLL & OAKS HARTLINE,

BY:_____.

    KENNETH S. WALL
STATE BAR NO. 20756790
6990 Port West Drive
Suite 190
Houston, Texas 77024
Phone: (713) 525-6201
Fax: (713) 426-1846

ATTORNEYS FOR DEFENDANT
GARLOCK INC

### Certificate of Service

    I hereby certify that a true and correct copy of the above and foregoing Motion to Transfer Venue and Original Answer Subject Thereto of GARLOCK INC was sent by certified mail, return receipt requested, to counsel for Plaintiffs and by regular mail to all other counsel of record on this the **24th** day of **January**, 2000.

_____.

Ms. Gayle M. Strasser
WATERS & KRAUS
4807 W. Lovers Lane
Dallas, Texas 75209

ATTORNEYS FOR PLAINTIFFS

HOU:176857.1
32021.70736

## NO. 99-12-5218-D

| | | |
|---|---|---|
| LEVAUGHN DARNOLD, ET UX. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY CO., ET AL. | § | 103RD JUDICIAL DISTRICT |

### DEFENDANT GARLOCK INC'S REQUEST FOR DISCLOSURE

**PLAINTIFFS.** by and through their attorney of record, Ms. Gayle M. Strasser, WATERS & KRAUS, 4807 W. Lovers Lane, , Dallas, Texas 75209.

Pursuant to Rule 194, Texas Rules of Civil Procedure, you are requested to disclose.

within 30 days of service of this request, the information or material described in Rule 194.2 (a-

k).

Dated:  January 24, 2000

Respectfully submitted,

BROWN McCARROLL & OAKS HARTLINE, L.L.P.

BY: _____

KENNETH S. WALL
State Bar Number 20756790
6990 Port West Drive
Suite 190
Houston, Texas 77024
Phone: (713) 525-6201
Fax:  (713) 426-1846

ATTORNEYS FOR DEFENDANT
GARLOCK  INC

FILED ___ O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK

JAN 2 8 2000

DISTRICT COURT OF CAMERON COUNTY, TEX.

HOU:176857.1
32021.70736

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing instrument was sent by certified mail, return receipt requested, to counsel for Plaintiffs and by regular mail to all known counsel of record on this the **24th** day of January, 2000.

Ms. Gayle M. Strasser
WATERS & KRAUS
4807 W. Lovers Lane
Dallas, Texas 75209

ATTORNEYS FOR PLAINTIFFS

HOU:176857.1
32021.70736

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 66 of 116

99-12-5218-G

CAUSE NO. 98-10-04083-E

| | | |
|---|---|---|
| DEBBIE KULAW, Individually and | § | IN THE DISTRICT COURT |
| as Personal Representative of the Heirs | § | |
| And Estate of LeVAUGHN DARNOLD, | § | |
| *Deceased*, VALENTIN RAMIREZ and EVA | § | |
| RAMIREZ; LUIS GARCIA and GUADALUPE | § | |
| GARCIA, | § | |
| *Plaintiffs,* | § | |
| | § | CAMERON COUNTY |
| V. | § | |
| | § | |
| | § | |
| ACandS, INC. (sued individually and as | § | |
| successor-in-interest to ARMSTRONG | § | |
| CONTRACTING & SUPPLY, INC.); | § | |
| ABLE SUPPLY COMPANY; | § | |
| AMOCO CORPORATION; | § | |
| A.P. GREEN INDUSTRIES, INC.; | § | |
| BROWN & ROOT, INC.; | § | |
| CERTAINTEED CORPORATION; | § | |
| COMBUSTION ENGINEERING, INC.; | § | |
| CROWN CORK & SEAL COMPANY, INC.; | § | |
| DRESSER INDUSTRIES, INC., sued Individually and | § | |
| as successor-in-interest to HARBISON-WALKER | § | |
| REFRACTORIES and WORTHINGTON PUMP INC.; | § | |
| FLINTKOTE COMPANY; | § | |
| FOSTER WHEELER ENERGY CORPORATION; | § | |
| GARLOCK INC; | § | |
| GASKET HOLDING, INC. (sued individually and as | § | |
| successor-in-interest to FLEXITALLIC GASKET CO.); | § | |
| GENERAL REFRACTORIES COMPANY; | § | |
| GEORGIA-PACIFIC CORPORATION | § | |
| (sued individually and as successor-in-interest to | § | |
| BESTWALL GYPSUM COMPANY); | § | |
| GUARD-LINE, INC.; | § | |
| HARBISON-WALKER REFRACTORIES | § | |
| COMPANY (formally a division of INDRESCO INC.); | § | |
| INDRESCO INC. (sued individually and as | § | |
| successor-in-interest to HARBISON-WALKER | § | |
| REFRACTORIES, a division of INDRESCO, INC.); | § | |
| KAISER ALUMINUM & CHEMICAL | § | |
| CORPORATION; | § | |
| KELLY-MOORE PAINT COMPANY, INC. | § | |
| METROPOLITAN LIFE INSURANCE COMPANY; | § | |
| MINNESOTA MINING & MANUFACTURING | § | |
| COMPANY (a/k/a "3M"); | § | |
| NORTH AMERICAN REFRACTORIES | § | |
| COMPANY; | § | |
| OWENS-ILLINOIS, INC. (sued individually and as | § | |

CutePDF - www.fonts.com

successor-in-interest to OWENS-ILLINOIS §
GLASS COMPANY); §
PROKO INDUSTRIES, INC.; §
QUIGLEY COMPANY, INC.; §
RILEY STOKER CORPORATION; §
THE SYNKOLOID COMPANY; §
T&N plc f/k/a TURNER & NEWELL PLC; §
T&N plc successor in interest to §
KEASBEY & MATTISON; §
TURNER & NEWELL INDUSTRIES, INC. §
d/b/a UNITED GASKET CORP.; §
TURNER & NEWELL, LTD. §
d/b/a UNITED FABRICATED; §
UNIROYAL HOLDING, INC. (sued individually and §
as successor-in-interest to U. S. RUBBER COMPANY); §
U.S. GYPSUM COMPANY; §
U.S. MINERAL PRODUCTS COMPANY; §
W.R. GRACE & CO.—CONN. (sued §
individually and as successor-in-interest to §
W.R. GRACE & COMPANY); §
     *Defendants* §    **404th JUDICIAL DISTRICT**

## PLAINTIFFS' THIRD CONSOLIDATED AMENDED PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

    COME NOW, Plaintiffs, JEAN B. DARNOLD, Individually and as Personal Representative of the Heirs and Estate of LEVAUGHN DARNOLD, VALENTIN RAMIREZ and EVA RAMIREZ, LUIS GARCIA and GUADALUPE GARCIA, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

<div align="center">I.</div>

    1. Pursuant to T.R.C.P. 190.1 Discovery will be conducted under Level 2 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County. Certain acts or omissions, which were a proximate or producing cause of Plaintiffs' and Decedent's asbestos-related injuries, occurred in Texas; therefore, venue properly lies in this County. Finally, a substantial part of the events or omissions giving rise to plaintiffs' claims arose in Cameron County. Therefore, venue is proper in Cameron County.

    2. The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3. Plaintiffs Valentin Ramirez and Eva Ramirez reside at 167 Greenbriar, Brownsville, Texas 78520, Luis Garcia and Guadalupe Garcia reside at 1925 E. Lincoln Street, Brownsville, Texas 76521, Jean B. Darnold resides at 1511 Puckett Avenue S.W., Decatur, Alabama 35601.

4. Defendant, **ACandS, INC.** (sued individually and as successor-in-interest to **ARMSTRONG CONTRACTING & SUPPLY, INC.**), is a foreign corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, and upon whom service may be had by serving C.T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

5. Defendant, **ABLE SUPPLY COMPANY**, may be served with process through its registered agent, Thomas J. Daubner, 5220 Texas, Houston, Texas 77011-4295.

6. Defendant, **AMOCO CORPORATION**, is a corporation organized and existing under and by virtue of the laws of the State of Indiana with an agent of service in the State of Texas, to wit: Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78704. Therefore, Defendant, **AMOCO CORPORATION**, may be served through its registered agent.

7. Defendant, **A.P. GREEN INDUSTRIES, INC.**, may be served through its registered agent, C. T. Corp System, 350 North Saint Paul Street, Dallas, Texas 75201.

8. Defendant, **BROWN & ROOT, INC.**, may be served through its registered agent for service of process, C. T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

9. Defendant, **CERTAINTEED CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201

10. Defendant, **COMBUSTION ENGINEERING, INC.**, may be served with process through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

11. Defendant, **CROWN CORK & SEAL COMPANY, INC.**, individually and as Successor in-Interest to Mundet Cork Corporation, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

12. Defendant, **DRESSER INDUSTRIES, INC.**, sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES** and **WORTHINGTON PUMP INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

13. Though Defendant, **FLINTKOTE COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for

Case 1:01-cv-00181  Document 1   Filed in TXSD on 10/19/2001   Page 69 of 116

service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its corporate headquarters, Two Embarcadero Center, Suite 1600, San Francisco, California 94111, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-. 045. Defendant, **FLINTKOTE COMPANY**, may be served through the Secretary of State for the State of Texas.

14. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, may be served with process through its registered agent, U.S. Corporation, 400 North St. Paul Street, Dallas, Texas 75201.

15. Defendant, **GARLOCK INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

16. Defendant, **GASKET HOLDING, INC.**, may be served with process through its corporate headquarters, P.O. Box 760, 6915 Hwy. 225, Deer Park, Texas 77536, said corporation is being sued individually and as successor-in-interest to **FLEXITALLIC GASKET CO.**

17. Defendant, **GENERAL REFRACTORIES COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19009, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-.045. Defendant, **GENERAL REFRACTORIES COMPANY**, may be served through the Secretary of State for the State of Texas.

18. Defendant, **GEORGIA-PACIFIC CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **BESTWALL GYPSUM COMPANY**.

19. Defendant, **GUARD-LINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

20. Defendant, **HARBISON-WALKER REFRACTORIES COMPANY** (formerly a division of **INDRESCO INC.**), having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

21. Defendant, **INDRESCO INC.** (sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES**, a division of **INDRESCO INC.**), having its

principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

22. Defendant, **KAISER ALUMINUM & CHEMICAL CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

23. Defendant, **KELLY-MOORE PAINT COMPANY, INC.**, may be served through its agent for service of process, Mr. Kenneth Wall, 2727 Allen Suite 1300, Houston, Texas 77019.

24. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, may be served with process through its registered agent, Robert Wolin, Wolin, Fuller, Ridley & Miller, L.L.P., 1717 Main Street, 3100 BancOne Center, Dallas, Texas 75201.

25. Defendant, **MINNESOTA MINING AND MANUFACTURING COMPANY, a/k/a "3M"**, (hereinafter referred to as "3M"), may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

26. Defendant, **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

27. Although Defendant, **OWENS-ILLINOIS, INC.**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is being sued individually and as successor-in-interest to **OWENS-ILLINOIS GLASS COMPANY**. Therefore, said corporation may be served with process through its corporate headquarters Fiblerglass Tower, One Seagate, Toledo, Ohio 43666, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant, **OWENS-ILLINOIS, INC.**, may be served through the Secretary of State for the State of Texas.

28. Defendant, **PROKO INDUSTRIES, INC.**, having its principal place of business in Texas, may be served through its registered agent, Proko Industries, Inc., C/O Bowers Orr & Dougall, 8910 Two Notch Road, Ste. 400, P. O. Box 25389, Columbia, South Carolina 29224.

29. Defendant, **QUIGLEY COMPANY, INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 N. St. Paul, Ste 2900, Dallas, Texas 75207.

30. Defendant, **RILEY STOKER CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

31. Although Defendant, **THE SYNKOLOID COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 148 East 5th Street, Bayonne, New Jersey 07002, pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. §§ 17.041-.045. Defendant, **THE SYNKOLOID COMPANY**, may be served through the Secretary of State for the State of Texas.

32. Although Defendant **T&N plc (f/k/a TURNER & NEWELL PLC, individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY)** had at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent. Therefore, said corporation may be served with process through its home office address, Styal Road, Manchester England, GB-M 225 TN, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. Defendant **T&N plc (f/k/a TURNER & NEWELL PLC, individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY)** may be served with process through the Secretary of State of Texas.

33. Although Defendant, **T&N plc (successor in interest to KEASBEY & MATTISON)**, is a foreign corporation having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for **T&N plc**. This suit arises out of business contacts in this State, and under the circumstances, **T&N plc** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office address, Styal Road, Manchester England, GB-M 225 TN.

34. Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)**, is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State

for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)**. This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

35.  Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED)**, is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED)**. This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

36.  Although Defendant, **UNIROYAL HOLDING, INC.** (sued individually and as successor-in-interest to **U. S. RUBBER COMPANY**), has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant **UNIROYAL HOLDING, INC.**, may be served through the Secretary of State for the State of Texas.

37.  Defendant, **U.S. GYPSUM COMPANY**, may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

38.  Although Defendant, **U.S. MINERAL PRODUCTS COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered

agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **U.S. MINERAL PRODUCTS COMPANY**, may be served through the Secretary of State for the State of Texas.

39. Defendant, **W.R. GRACE & CO.-CONN.**, may be served with process through its registered agent, Prentice-Hall Corporation System, 400 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **W.R. GRACE & COMPANY**.

40. This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

## COUNT ONE

41. Each Defendant corporation or its predecessor-in-interest, with the exception of **METROPOLITAN LIFE INSURANCE COMPANY, BROWN & ROOT, INC., and J.T. THORPE COMPANY**, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff and Decedent have been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Plaintiff and Decedent have suffered injuries proximately caused by their exposure to asbestos-containing products designed, manufactured and sold by Defendants.

42. Plaintiffs allege that Plaintiff and Decedent were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in their occupations. In that each exposure to such products caused or contributed to Plaintiff's and Decedent's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

43. In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products

at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

44. Defendant **OWENS-ILLINOIS, INC.** is being sued in its capacity as the designer and inventor of the Kaylo product, as we all as in its capacity as manufacturer and distributor of Kaylo product until the year 1958.

<u>**COUNT TWO**</u>

45. All of the allegations contained in the previous paragraphs are realleged herein

46. The disabilities, illnesses, injuries, and/or death of Plaintiff and Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's and Decedent's health and well-being. Certain Defendants, **ACandS, INC., BROWN & ROOT, INC., CROWN CORK & SEAL, INC., and FOSTER WHEELER ENERGY CORPORATION**, created hazardous and deadly conditions to which Plaintiff and Decedent were exposed and which caused Plaintiff and Decedent to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's and Decedent's disabilities, illnesses, injuries, and/or death:

(a)     in failing to timely and adequately warn Plaintiff and Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     in failing to provide Plaintiff and Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff and Decedent from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or

CutePDF - www.tesso.com

asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)     in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

47. The disabilities, illnesses, injuries, and/or death of Plaintiff and Decedent were a direct and proximate result of 3M's negligence in placing in to the stream of commerce respiratory devices defective in design and inadequate for the purposes for which they were intended, namely preventing the inhalation of dust, including asbestos dust, generated from construction and/or insulation activities.

48. 3M knew or should have known that workers would use and rely upon 3M's respiratory devices at sites where asbestos materials were commonly and extensively used which created substantial and constant quantities of dust and that 3M's respiratory devices would provide inadequate protection against the inhalation of asbestos dust.

49. Furthermore, 3M was negligent for failing to warn and/or properly instruct workers regarding the inadequacies of its respiratory devices for preventing the inhalation of asbestos dust.

50. The disabilities, illnesses, injuries, and death of Plaintiff and Decedent are a direct and proximate result of Alcoa, Inc.'s negligence in placing in the stream of commerce aluminum

insulation jacketing/covering/lagging which was defective in design in that its installation, use and removal would disturb, scrape and otherwise damage asbestos-containing thermal insulation products and cause the release of respirable asbestos fibers which were breathed by Plaintiff and Decedent. Furthermore, **Alcoa, Inc.** was negligent for failing to warn and/or properly instruct workers regarding the hazards created by the installation, use and removal of its insulation jacketing/covering/lagging products.

## COUNT THREE

51. All of the allegations contained in the previous paragraphs are realleged herein.

52. Plaintiff and Decedent were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they were designed by and/or left the hands of Defendants.

53. The Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the disabilities, illnesses, injuries and/or death of Plaintiff and Decedent.

54. Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

55. Plaintiff and Decedent were unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiff and Decedent were unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

56. During the periods that Plaintiff and Decedent were exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

57. Plaintiff and Decedent used a respiratory device designed and manufactured by 3M, commonly known as a "dust mask." Plaintiffs would show that the defective condition of such respiratory devices rendered them unreasonably dangerous for use as devices for protection against the inhalation of asbestos dust and fibers. Plaintiffs would further show that the respiratory devices were in a defective condition at the time that they left the hands of the Defendant, 3M.

58. Defendant, 3M, was engaged in the business of manufacturing and selling respiratory devices, commonly known as dust masks, and these products, without substantial change in the condition in which they were sold, were a proximate and/or producing cause the disabilities, illnesses, injuries, and death of Plaintiff and Decedent.

59. Defendant, 3M, knew that its respiratory device would be used without inspection for defects and, by placing them on the market, represented that they would safely preclude the inhalation of asbestos fibers.

60. Plaintiff and Decedent were unaware of the defects in the 3M respiratory devices which rendered them ineffective as protection against the inhalation of asbestos dust.

61. During the periods Plaintiff and Decedent used and relied upon Defendant's respiratory devices, the devices were utilized in a manner for which they were intended to be used.

## COUNT FOUR

62. All of the allegations contained in the previous paragraphs are realleged herein.

63. Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiff's and Decedent's injuries, diseases, illnesses, and/or death by exposing Plaintiff and Decedent to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff and Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. In this connection, Plaintiffs have sued the **METROPOLITAN LIFE INSURANCE COMPANY** in its capacity as a conspirator. Defendants committed the above-described wrongs by willfully

Case 1:01-cv-00181   Document 1   Filed in TXSD on 10/19/2001   Page 78 of 116

misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

64. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff and Decedent who were using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon Plaintiff and Decedent and workers such as Plaintiff and Decedent who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and Decedent and workers such as Plaintiff and Decedent have suffered.

(c)     Other conspirators participating in the conspiracy (or in ongoing or subsequent conspiracies were **T&N plc.**, **Keasbey and Mattison**, and **United States**

**Gypsum Company** (hereinafter called the "conspirators"), some or all of whom were members of the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, _inter alia,_ that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(1)     Defendant **T&N, plc., directly and through its subsidiary, Keasbey and Mattison,** was an active conspirator and engaged in the suppression, alteration and destruction of relevant scientific studies involving the hazards of asbestos. Defendant **T&N** conspired with Johns-Manville and participated in numerous unlawful acts in furtherance of the conspiracy.

(2)     Further, Defendant, **T&N** committed the tort of assault and battery upon Plaintiff and Decedent, by intentionally, knowingly and/or recklessly causing them bodily harm. Plaintiffs specifically assert the doctrine of transferred intent.

(3)     Further, Defendant, **T&N** intentionally manufactured and/or sold and/or distributed and/or marketed a defective product in that it intentionally manufactured and/or sold and/or distributed and/or marketed asbestos-containing products without adequate warnings of the hazards of asbestos that could and did result in personal injury and/or death to those exposed to its products, including Plaintiff and Decedent.

(4)     Plaintiffs further allege that Defendant **T&N** is guilty of the tort of negligent undertaking as defined in Sections 323 and 324 of the Restatement (second) of Torts. Said Defendant was the Parent Corporation to several subsidiary corporations, which mined, manufactured and distributed asbestos-containing products. These subsidiary corporations include but are not limited to: TBA Industrial Products f/k/a Turner Brothers Asbestos Company, Bell Asbestos Mines, Atlas Asbestos Company, Atlas Turner, Keasby and Mattison (Defendant T&N's alter ego in the United States), J. W. Roberts, Turner Asbestos Fiber, Raybestos-Belaco, Ferodo, Nuturn, Certainteed and Newells

Insulation Company. The evidence will show that Defendant **T&N** undertook a serious health hazard associated with exposure to asbestos and asbestos-containing products. Defendant **T&N's** assumption of the duties enumerated in Section 323 and 324 and its failure to exercise reasonable care in the performance of such duties was a proximate cause of Plaintiff's and Decedent's disabilities, illnesses, injuries, and death.

(d)     In addition, certain of the Defendants, including but not limited to **Metropolitan Life Insurance Company, Alcoa, Inc., Owens-Illinois, Inc., Kaiser Aluminum & Chemical Corporation** (by and through the acts of Roger A. Hitchins, President of the National Refractories Company, corporate predecessor by merger to Mexico Refractories Company, Corporate predecessor by merger to Kaiser Aluminum & Chemical Corporation) contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff and Decedent from contracting asbestos-related disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff and Decedent even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff and Decedent to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

65. Plaintiff and Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the

nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

66. As a direct and proximate result of Plaintiff's and Decedent's reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiff and Decedent sustained damages including injuries, illnesses, disabilities, and/or death and have been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

67. Moreover, Defendants continue to contrive, combine, confederate, and conspire among themselves to injure Plaintiff and Decedent and to deprive Plaintiffs of their rightful recoveries by joining together and forming an entity known as the "Asbestos Claims Facility" and/or "Wellington Agreement" and by proposing and entering into an agreement known as the "Center for Claims Resolution." As a direct and proximate result of Defendants' ongoing actions, Plaintiffs continue to sustain damages.

## COUNT FIVE

68. All of the allegations contained in the previous paragraphs are realleged herein.

69. The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or malice resulting in damages and injuries to the Plaintiff and Decedent. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff and Decedent, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to the Plaintiff and Decedent and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT SIX

70. All of the allegations contained in the previous paragraphs are realleged herein.

71. Defendant **METROPOLITAN LIFE INSURANCE COMPANY** rendered substantial aid and assistance to the manufacturers of asbestos containing products to which Plaintiff and Decedent were exposed, and such assistance by Metropolitan Life aided and abetted the negligence and the marketing of unreasonably dangerous asbestos containing products by

such manufacturers which proximately caused Plaintiff's and Decedent's disabilities, illnesses, injuries, and/or death.

<div align="center">

### COUNT SEVEN

</div>

72. All of the allegations contained in the previous paragraphs are realleged herein.

73. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, through its Policyholders Service Bureau undertook duties owed by the asbestos-producing Defendants to the Plaintiff and Decedent by the testing of asbestos workers and the conduct of scientific studies. These duties included without limitation, the duty:

(1)    to test fully and adequately for health risks concomitant to the normal and intended use of their products; and

(2)    to instruct fully and adequately in the uses of their products so as to eliminate or reduce the health hazards concomitant with their normal or intended use.

In undertaking these duties, **METROPOLITAN LIFE** knew or should have known that it was providing testing services for the ultimate protection of third persons, including the Plaintiff and Decedent.

74. In both conducting said tests and in publishing their alleged results, **METROPOLITAN LIFE** failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. **METROPOLITAN LIFE** also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

75. The Plaintiff and Decedent unwittingly but justifiably relied upon the thoroughness of **METROPOLITAN LIFE's** tests and information dissemination, the results of which Metropolitan Life published in leading medical journals.

76. As a direct and proximate contributing result of **METROPOLITAN LIFE's** failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to the Plaintiff and Decedent from asbestos exposure was increased, and (ii) the Plaintiff and Decedent suffered the injuries described below.

77. In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; and in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the asbestos-producing Defendants materially to understate the hazards of asbestos exposure, all for its own profit and gain, **METROPOLITAN LIFE** acted recklessly, wantonly, and in calculated disregard for the welfare of the general public, including the Plaintiff and

nt by: WATERS/KRAUS                   2143577252;            07/26/0' '·'·   ,'··.'· ·· · ·· ···· ··

## COUNT EIGHT

78. All of the allegations contained in the previous paragraphs are realleged herein.

79. The actions of all defendants also constitute negligence per-se.

80. Each defendant violated statutory law relating to asbestos exposure. Such violations constitute negligence per-se or negligence as a matter of law. Further. Each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiffs and Decedent. Plaintiff is not making any claims under federal law.

## COUNT NINE

81. All of the allegations contained in the previous paragraphs are realleged herein.

82. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

83. Each of the Defendants knew or should have known that its individual actions would combine to cause the disabilities, illnesses, injuries and/or death of the Plaintiff and Decedent.

84. The actions of each of the Defendants is a proximate cause of Plaintiff's and Decedent's injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## COUNT TEN

70. All of the allegations contained in the previous paragraphs are realleged.

71. Defendant **AMOCO CORPORATION** was at all times relevant the employers of LEVAUGHN DARNOLD.

72. Plaintiffs would show that Defendant **AMOCO CORPORATION** was negligent, grossly negligent, and intentionally committed certain acts and omissions which created conditions at the workplace which were a proximate cause of his mesothelioma resulting from exposure to asbestos.

73. In particular, Plaintiffs would show that the Defendants demonstrated such an entire want of care as to establish that its acts and omissions were the result of actual conscious indifference to his rights, safety and welfare and that such specific acts of negligence, gross negligence and intentional acts or omissions committed by the Defendants that proximately caused lung cancer include:

> Failure to provide safe equipment for LEVAUGHN DARNOLD to use;
>
> Failure to provide adequate safety measures and protection against deadly and life threatening asbestos dust, all despite Defendants' knowledge of the extreme risk of harm inherent to asbestos exposure;

CibPDF - www.fenrir.com

Failure to adequately warn LEVAUGHN DARNOLD of the inherent dangers of asbestos contamination;

Failure to provide LEVAUGHN DARNOLD a safe place to work by failing to maintain the ambient and environmental conditions of the plant in proper and safe conditions;

Failure to follow and adhere to statutory law, and guidelines pertaining to asbestos and the exposure to asbestos of employees and others. Such failure constituted negligence per se at a minimum.

## DAMAGES

85. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff and Decedent, and of the following general and special damages including:

(a)  Damages to punish Defendants for proximately causing Decedent's untimely death;

(b)  The conscious physical pain and suffering and mental anguish sustained by Plaintiff and Decedent;

(c)  The physical impairment suffered by Plaintiff and Decedent;

(d)  The disfigurement suffered by Plaintiff and Decedent;

(e)  Reasonable and necessary medical expenses incurred by Plaintiff and Decedent's estate;

(f)  Plaintiff's and Decedent's lost earnings and net accumulations;

(g)  Reasonable funeral and burial expenses incurred by Decedent's estate;

(h)  Plaintiff's and Decedent's mental anguish caused by the extraordinarily increased likelihood of developing asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold and/or distributed by the named Defendants;

(i)  Past and future loss of the care, maintenance services, support, advice, counsel and consortium which Plaintiffs would have received from the Plaintiff and Decedent prior to their illnesses, disabilities and death caused by their exposure to asbestos;

(j)  The mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;

(k)  Plaintiffs seek punitive and exemplary damages; and

CutePDF - www.fastio.com

(l)      Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the plaintiff/decedent.

86.  Plaintiffs filed suit within two (2) years of the date of discovering Plaintiff's and Decedent's asbestos-related conditions or the existence of any asbestos-related causes of action.

87.  Plaintiffs discovered Plaintiff's and Decedent's injuries and its cause less then two years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

**WATERS & KRAUS, LLP**

DARREN P. McDOWELL
State Bar No. 24025520
GAYLE M. MORTOLA
State Bar No. 00798388
JEFFERY B. SIMON
State Bar No. 00788420
PETER A. KRAUS
State Bar No. 11712980

WATERS & KRAUS, LLP
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

LAW OFFICES OF FRANK COSTILLA
**FRANK COSTILLA**
State Bar No. 04856500
5 East Elizabeth
Brownsville, Texas 78520
(956) 541-4982
(956) 544-3152 fax

ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE ALL CORRESPONDANCE AND PLEADINGS ON WATERS & KRAUS, LLP**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Plaintiffs' Second Consolidated Amended Petition and Jury Demand** was sent via one of the methods checked below, to all counsel of record on the _____ day of _____, 2001.

[ ]  regular mail
[ ]  certified mail, return receipt requested
[ ]  federal express
[ ]  hand delivery
[ ]  facsimile

DARREN P. McDOWELL

CAUSE NO. 98-10-04083-E

| | | |
|---|---|---|
| VALENTIN RAMIREZ AND EVA | § | IN THE DISTRICT COURT OF |
| RAMIREZ; LUIS GARCIA AND | § | |
| GUADALUPE GARCIA | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| ABLE SUPPLY COMPANY, ET AL. | § | 404TH JUDICIAL DISTRICT |

CAUSE NO. 99-12-5218-D

| | | |
|---|---|---|
| JEAN B. DARNOLD, Individually and | § | IN THE DISTRICT COURT OF |
| As Personal Representative of the Heirs | § | |
| and Estate of LEVAUGHN DARNOLD | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY CO.; ET AL. | § | 404TH JUDICIAL DISTRICT |

## DEFENDANT GARLOCK INC'S SECOND AMENDED VERIFIED ANSWER, JURY DEMAND, AND ORIGINAL CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE

TO THE HONORA        ᴛ OF SAID COURT:

COMES N                              "), Defendant in the above

entitled and numb                              lotion to Transfer Venue, and

subject to and wi                              nue, files its Second Amended

Verified Answei                              ı Subject to Motion to Transfer

Venue in respor                              ɔport thereof, would show the

Court as follow

Defendant Garlock ınc ᴎᴇᴙ ᵧ        .enial, pursuant to Rule 93 of the
Texas Rules of Civil Procedure, asserting that plaintiff does not have the legal capacity
to sue; and that plaintiff is not entitled to recover in the capacity in which she sues.

## II.

## GENERAL DENIAL

Defendant Garlock Inc herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' live pleadings and all cross-actions which have been or may be filed herein, and states that these are matters that should be proven by Plaintiffs and/or Cross-Defendants as required by law; and Defendant would require strict proof thereof.

## III.

## AFFIRMATIVE DEFENSES

2.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiffs were caused or contributed to, in whole or in part, by the Plaintiffs' own negligence and/or comparative responsibility.   More specifically, Defendant would show that, among other things:

(a)   Each Plaintiff failed to exercise ordinary care for his safety when he knew or should have known of the hazards incident to his work;

(b)   Each Plaintiff failed to utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working might be harmful;

(c)   Each Plaintiff failed to use Defendant's products properly and subject them to use that was abnormal and not reasonably foreseeable by Defendants;

(d)   Each Plaintiff failed to advise, requests or demand that his employer or employers provide proper safety equipment, clothing, and protective devices for his use as an employee; and

(e)   Each Plaintiff failed to heed advice and warnings given about proper, safe work conditions and use of the products with which he was working and failed to use equipment provided to him by his employer and others.

2.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by the Plaintiffs, which are expressly denied, were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendant, and for which acts Defendant is not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole proximate cause of the occurrences in question and the alleged damages of the Plaintiffs, if any.

2.03   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendant, over which Defendant had no control, was the sole proximate cause of the Plaintiffs' alleged injuries.

2.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

2.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiffs, Plaintiffs' employers, or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

2.06   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of Armstrong World Industries, Inc., Babcock and Wilcox Company, Pittsburgh Corning Corporation, Owens-Corning f/k/a Owens-Corning Fiberglas Corporation, Fiberboard Corporation,

National Gypsum Company, GAF Corporation, or W. R. Grace & Co.–Conn. were the sole proximate cause of the incident and injuries complained of in this lawsuit.

2.07  For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

2.08  For further answer, if such be necessary, and pleading in the alternative Defendant further affirmatively alleges that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

2.09  For further answer, if such be necessary, and pleading in the alternative Defendant affirmatively alleges that the warranties and exclusions of warranties offered when the product in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

2.10  For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

2.11  For further answer, if such be necessary, and pleading in the alternative, Defendant further reserves the right to elect that the appropriate percentages of the Plaintiffs' alleged injuries and damages be allocated among those parties whose conduct caused the matters complained of by the Plaintiffs. Defendant specifically reserves the right to elect to submit to the jury issues of comparative causation and/or comparative negligence and/or comparative responsibility against any settling or non-settling entity

*DEFENDANT GARLOCK INC'S SECOND AMENDED VERIFIED ANSWER, JURY DEMAND, AND ORIGINAL CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE*

*PAGE 4*

as to Plaintiff in this or other suits, as applicable, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil Practice & Remedies Code (as amended and/or repealed), and/or Art. 2212 and/or 2212a, Texas Revised Civil Statutes.

2.12   For further answer, if such be necessary, and pleading in the alternative, Defendant specifically asserts its rights to an appropriate credit, offset and/or reduction in any liability, which is expressly denied, in the event of a settlement by any person, in accordance with the Texas Civil Practice and Remedies Code.

2.13   For further answer, if such be necessary, and pleading in the alternative, in the event that Defendant is found liable to Plaintiffs, which is highly unlikely and would be manifestly unfair, Defendant reserves its right to elect either a pro rata reduction or to take a credit or offset against any judgment against it for any and all sums Plaintiffs have received or may hereafter receive in settlement from any party, person or entity, and/or in the alternative assert its right to elect a proportionate reduction of any damages found against it based upon the percentage of negligence, causation, responsibility, or fault attributable to any settling tortfeasor, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil Practice and Remedies Code (as amended and/or repealed), and/or Article 2212 and/or 2212a, Texas Revised Civil Statutes.

2.14   For further answer, if such be necessary, and pleading in the alternative, Defendant affirmatively alleges that all or part of Plaintiffs' claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

2.15   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in

part, because Plaintiffs failed to mitigate the effect of the alleged injuries and damages as required by law.

2.16   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, by the Texas Worker's Compensation Act which provides benefits as the exclusive remedy for the disability of an employee for injuries or occupational diseases which were incurred or sustained during the course of their employment.

2.17   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if any of its products are hazardous, which is not admitted but is specifically denied, then because of the states of medical and scientific knowledge in the past, Defendant had no notice or reason to believe that any of its products might be potentially hazardous, and therefore, could not have reasonably foreseen any dangers associated with the use of any of its products.

2.18   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims for damages based on fear of future disease, emotional distress, mental anguish, lost wages, loss of wage earning capacity, devaluation or loss of business in the future, devaluation or loss of use and enjoyment of business, personal and real property, loss of consortium or medical expenses in the future are so speculative and not based upon appropriate evidence that they should not be a recoverable element of damage.

2.19   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims for damages based on fear of future disease, emotional distress, and mental anguish are barred in the absence of demonstrated and sufficient physical injury caused by the harms alleged herein, which

Defendant denies, and in the absence of sufficient demonstrated increases in risk of disease, which Defendant denies.

2.20   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if there was any danger, and such was not open and obvious and apparent to Plaintiffs at all times, Plaintiffs nevertheless knew of the dangers involved and continued to use and to work with such materials and under such conditions with such knowledge, and thus, Defendant owed no duty to warn him of any dangers involved.   Therefore, Plaintiffs are barred from any recovery under the theory of volenti no fit injuria.

2.21   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that they are liable for exemplary damages and rely on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.22   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States.  Texas Law is vague and standardless as to whether and how much to punish a Defendants, and is likely to produce arbitrary and capricious results.   Therefore, any award of punitive damages should be disallowed, or declared null and void.

2.23   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a) <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

## III.

## JURY DEMAND

Subject to and without waiving their Motion to Transfer Venue, Defendant hereby requests a trial by jury and tenders the jury fee herewith.

## ORIGINAL CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE

COMES NOW GARLOCK INC, Defendant in the above-entitled and numbered cause, and, subsequent to filing its Motion to Transfer Venue and subject to and without waiving said Motion to Transfer Venue, file this its Cross-Action Subject to Motion to Transfer Venue against all Co-Defendants in this cause, and as grounds thereof, would show the Court as follows:

## IV.

Defendant/Cross-Plaintiff would show that it has been named as a Defendant in connection with the above-referenced lawsuit. Cross-Defendants are also named Defendants in this lawsuit and have filed and appeared previously.

V.

In the event that Defendant/Cross-Plaintiff has a judgment rendered against it, then it is entitled to complete indemnification and/or contribution from said Cross-Defendants because, any injury alleged by Plaintiffs (to which Defendant has denied any liability on), would not have occurred except due to the acts and/or omissions of the Cross-Defendants. Defendant/Cross-Plaintiff, in seeking indemnity and contribution as allowed by law and statute, also seek reimbursement of its reasonable and necessary attorney's fees and court costs in this matter.

WHEREFORE, Defendant Garlock Inc prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury; that, if liability is assessed against Defendant/Cross-Plaintiff that they have complete indemnification and/or contribution from Cross-Defendants for any and all amounts paid out herein and for any reasonable and necessary attorney's fees and reimbursement of court costs; and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Eduardo Robert Rodriguez
State Bar No. 17144000
Mitchell C. Chaney
State Bar No. 04107500
Teri L. Danish
State Bar No. 05375320
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170
ATTORNEYS FOR DEFENDANT,
GARLOCK INC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Garlock Inc's Second Amended Verified Answer, Jury Demand, and Original Cross-Action Subject to Motion to Transfer Venue was served upon all counsel of record, to-wit:

Darren P. McDowell
Waters & Kraus
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
Attorneys for Plaintiffs

All Known Defense Counsel

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 2 day of August, 2001.

Teri L. Danish



FILED ___ 10 ___ O'CLOCK ___
AURORA DE LA GARZA DIST CL...

AUG 0 2 2001

DISTRICT COURT OF CAMERON CO.
RICK M. CORNEJO

## VERIFICATION OF TERI L. DANISH

STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared

TERI L. DANISH, who being by me duly sworn, on her oath deposed and said

that she is the Attorney of Record for Defendant Garlock Inc in the above-entitled

and numbered cause; that she is familiar with the facts contained in the above and

foregoing Defendant Garlock Inc's Second Amended Verified Answer. Jury

Demand and Cross-Claim, Subject to Motion to Transfer Venue; and that every

statement contained in the Verfied Denial, paragraph I, is true and correct and

within her personal knowledge.

Teri L. Danish

SUBSCRIBED AND SWORN TO before me on the 1st day of August,

2001, to certify which witness my hand and official seal.

Notary Public For The State Of Texas



CRUZ N. RAMIREZ
NOTARY PUBLIC
STATE OF TEXAS
COMM. EXPIRES 12-23-2001

IN RE:  ASBESTOS LITIGATION        §        IN THE DISTRICT COURTS OF
                                   §
                                   §
                                   §        CAMERON COUNTY, TEXAS

## STANDING ORDER #1

Having considered the type and number of asbestos cases
pending in Cameron County and after having heard the argument of
counsel and reviewing the motions and briefs of the parties, the
Court finds that good cause exists for the entry of this Order.

This Order is intended to facilitate the administration
of asbestos cases in Cameron County.  This Order shall apply to all
cases pending in the District Courts of Cameron County in which a
claim for money damages is made for any injury, illness,
malignancy, fear of malignancy, mental anguish, loss of consortium,
survival benefits, wrongful death or other damages claimed as a
result of exposure to products containing asbestos.

## SPECIFIC ORDERS

1.   The District Clerk of Cameron County shall maintain
a file entitled "In Re: Asbestos Litigation" which file may be
referred to as the "Master Asbestos File".  A motion or other
instrument filed in the Master Asbestos File is deemed filed in

**CAMERON.ORD**

-2-

each and every asbestos case in which the filing party has made an appearance and to which it may be applicable, and is incorporated by reference into such case and file for all purposes. Case specific motions shall be filed in the applicable case file and should not be filed in the Master Asbestos File.

2.    Motions concerning common issues filed in the Master Asbestos File shall be served upon opposing counsel seven (7) or more days in advance of the requested hearing date, unless a longer notice period is mandated by the Texas Rules of Civil Procedure. The Court may entertain emergency motions and hearings otherwise.

3.    The Clerk shall maintain a master service list of all counsel representing parties in any asbestos case filed in Cameron County.  Counsel for each party shall be listed once and any party required to serve any notice in an asbestos case governed by this Order shall serve one copy of the document to be served on counsel for each party as appearing on the master service list attached hereto as Exhibit "A" as appropriate.  Said master service list shall be updated periodically and circulated by the Court as the need arises.

CAMERON ORD

-3-

4.   Service of any and all motions shall be upon all counsel as appropriate under the Texas Rules of Civil Procedure on the master service list.   It is the responsibility of counsel to ensure correct listing on the master service list.

5.   After appearance date of each asbestos case, all counsel for defendants in that particular case shall confer and designate a Liaison Defense Counsel.   Such counsel shall be responsible to act as a coordinator for the scheduling of certain discovery matters.   Liaison Defense Counsel chosen for each case shall file a notice of such designation in the particular case and advise Plaintiffs' counsel of same.   The responsibilities of Liaison Defense Counsel will be limited to the scheduling and orderly administration of Plaintiff ~~and coworker~~ depositions, Independent Medical Examinations, medical records review, and/or pathology material review in those cases assigned to that particular liaison counsel.   This order is not to be construed as to enable Liaison Defense Counsel to appear for parties other than the specific client(s) of the liaison counsel with regard to any matter.

**CAMERON ORD**

- 4 -

6.   Plaintiffs in each case filed in Cameron County prior to the date this Order is signed shall serve answers and\or objections to the master sets of discovery which are attached hereto as Exhibit "B" within ninety (90) days of the date of this Order, if not previously served.   Copies of the answers and\or objections shall be served upon each party.   If Plaintiffs have previously answered these interrogatories and requests for production, they need only supplement their answers pursuant to paragraph 20 of this Order and the Texas Rules of Civil Procedure.

7.   For all cases filed on or after the date this Order is signed, each Plaintiff shall provide their answers and\or objections to the master discovery interrogatories and requests for production within ninety (90) days of the date of filing of Plaintiff's Original Petition.

8.   Simultaneously with the filing and service of answers to master discovery, Plaintiffs will provide the Defendants with signed authorizations to enable Defendants to obtain medical records, VA records, income tax records, social security records, military records and personnel records.

CAMERON ORD

-5-

9.    Each Defendant shall serve answers and\or objections to the Master Set of Discovery to Defendants attached hereto as Exhibit "C", within ninety (90) days of the date of this Order or within 90 days of the date of a defendant's Appearance Day for cases filed on or after the date of this Order, whichever is later, if not previously served.  Copies of the answers and/or objections shall be served upon each party.

10.    Nothing in this Order shall preclude any party from pursuing additional written discovery which is not duplicative of a master discovery request.  The additional non-duplicative written discovery will be as provided by the Texas Rules of Civil Procedure.  Prior to serving additional written discovery, counsel for the party propounding the discovery shall confer with counsel for the party responding to the discovery regarding the nature and extent of the additional written discovery.  All additional written discovery shall contain a certificate by the party filing same that such conference has been held.

11.    Plaintiffs' in each case filed in Cameron County shall designate all "product identification witnesses" whom they

CAMERON ORD

-6-

intend to testify at the trial of their case as soon as practicable but no later than ~~sixty (60)~~ seventy (75) days before the date of trial. Such designation shall include the name of the witness and current address of the witness as well as the accompanying product information relating to that witness. Plaintiffs shall provide identification of worksites and the product information; i.e. work history sheets, ninety (90) days after filing their petition

12. Unless the Plaintiff through his or her counsel produces a letter from his or her treating physician which states that Plaintiff may not travel due to a medical condition, Plaintiff's discovery or trial deposition shall be noticed to take place in Cameron County, Texas or at such other location as can be agreed to by Plaintiff's Counsel and Liaison Defense Counsel unless such agreed location is objected to in writing by any party at least three days prior to the date for which the deposition is noticed. Any physician letter produced to show that Plaintiff may not travel due to a medical condition must actually specify the medical condition or illness precluding travel by the Plaintiff. Plaintiffs, excluding those alleging diagnoses of mesothelioma, who

**CAMERON ORD**

-7-

are "too sick to travel" for purposes of a deposition and/or defense medical examination shall not personally appear at the trial of their cause unless defendants are given a reasonable opportunity to conduct an Independent Medical Examination in Texas at least thirty (30) days prior to trial. The defendants reserve the right to request a physical examination, pursuant to Rule 167a of the Texas Rules of Civil Procedure, of plaintiffs alleging a diagnosis of mesothelioma which alleged condition precluded that plaintiff's ability to travel to Texas for his/her deposition or Independent Medical Examination. Plaintiffs reserve the right to object to the request described in the preceding sentence.

13. Defendants are, as a group, entitled to arrange for a medical examination of the Plaintiff, if living, to be conducted by a physician of their choice and at defendants' expense. The request for medical examination should be coordinated by Liaison Defense Counsel, and should be coordinated with each Plaintiff's deposition, if possible. The defendants reserve the right to request additional medical examinations of the plaintiffs at the defendants' expense where justified by the circumstances of a

CAMERON.ORD

-8-

particular case.   Plaintiffs reserve the right to object to the request described in the preceding sentence.   Defendants shall reimburse each plaintiff examined for his/her actual travel expenses (of a reasonable nature) not to exceed Two Hundred and Fifty Dollars ($250.00) if the medical examination takes place outside of Cameron County and more than one hundred (100) miles from the plaintiff's home.

14.   The Defendants are ordered to cause a report of the medical examination described in the preceding paragraph to be reduced to writing and served upon Plaintiffs' counsel as soon as practicable after the examination but no later than thirty (30) days prior to trial unless otherwise agreed by counsel for Plaintiffs and Liaison Defense Counsel.   If said examination takes place within forty five (45) days prior to trial, then Defendants have up to fifteen (15) days prior to trial to provide the written report of the examination.

15.   Parties may amend their pleadings up to thirty (30) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.   Opposing parties may respond to

CAMERON.ORD

-9-

amended pleadings up to fifteen (15) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.

16. Each Defendant with an answer on file is deemed to be asserting a cross-action for contribution and indemnity against each of the other defendants and\or settling persons for any claims they may assert in such action. Cross-actions against Defendants who have been dismissed or non-suited by Plaintiffs will be dismissed thirty (30) days after the dismissal order is signed, unless objection to the dismissal is made in writing. This dismissal will be effective automatically by virtue of this Order without the necessity of any written motion or written order by the Court.

17. Plaintiffs must serve their witness and exhibit lists on or before sixty (60) days prior to trial. Defendants must serve their witness and exhibit lists on or before thirty (30) days prior to trial. Failure to timely serve a list of exhibits or witnesses will result in inadmissibility of exhibits and\or witnesses' testimony unless the party can show good cause for failure. Upon request, a party must produce for copying or

CAMERON.ORD

otherwise make available for inspection any exhibit.

18. The parties shall endeavor to reduce paperwork whenever possible. To this end, the parties are to come to an agreement to implement form pleadings, particularly petitions, to avoid needless redundancy and waste.

19. Medical records from examining and/or treating physicians, hospitals, clinics or other health-care providers except those records generated and/or obtained from experts for the purposes of litigation, are determined by the Court to be authentic under the Texas Rules of Civil Evidence, unless specific objection is made thereto at least ten (10) days prior to trial. These records are not to be filed with the Court. This Order deems medical records authentic and should not be construed to otherwise affect the admissibility of said records. Objections regarding medical records other than authenticity are still subject to the ruling of the Court pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence.

20. Plaintiffs agree to provide Defense Counsel with all relevant pathology, chest images and supplemental and/or amended

CAMERON ORD

-11-

Master Discovery Responses/Discovery Responses as soon as practicable but no later than ninety (90) days prior to trial. In return, Liaison Defense Counsel will provide counsel for Plaintiffs with a copy of defense medical testifying expert reports as soon as practicable but no later than thirty (30) days prior to trial. Should any chest images, pathology, or supplemental and\or amended discovery responses be tendered by plaintiffs sixty (60) to ninety (90) days prior to the trial of any case then defendants will have until fifteen (15) days prior to trial in order to tender defense medical testifying expert reports and supplemental and\or amended discovery responses to Plaintiff's counsel. Should any chest images, pathology or supplemental and\or amended discovery responses be tendered by Plaintiffs less than sixty (60) days prior to trial, then any evidence or information, including but not limited to additional witnesses, expert medical reports and\or exhibits, contained within those materials will not be utilized by Plaintiffs upon the trial of the subject case. Defendants hereby specifically retain the right to file motions for continuance\motions to compel based on a failure to tender or late

CAMERON.ORD

-12-

tender of materials by Plaintiffs.

     21.  The Court reserves the right to supplement or modify this Order upon reasonable notice. *Counsel may propose additional paragraphs to the Court for inclusion in the standing order after notice & hearing*

     22.  To the extent that matters are not addressed and/or covered by this Standing Order, the Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence and local rules of court shall govern.

    **SIGNED** this the **31** day of *August*, 1995.


_____
Judge, 103rd District Court

_____
Judge, 197th District Court

_____
Judge, 138th District Court

 

_____
Judge, 197th District Court

_____
Judge, 357th District Court


COPIES TO: 9/7/95
ALL KNOWN CONSEL OF RECORD

AUG 31 1995
AURORA DE LA GARZA, DIST. CLERK
DISTRICT COURT, CAMERON COUNTY, TEXAS

CAMERON ORD

-13-

<u>AGREED AS TO FORM:</u>

BARON & BUDD, P.C.

By: _____
      Russell W. Budd
      State Bar No. 03312400
      Angelyn Schmid
      State Bar No. 17764960
      3102 Oak Lawn Avenue
      Suite 1100
      Dallas, Texas 75219
      (214) 521-3605
      (214) 520-1181 (Fax)

ATTORNEYS FOR PLAINTIFFS

BEAN & MANNING, L.L.P.

By: _____
      William J. Cozort, Jr.
      State Bar No. 04967550
      5847 San Felipe Road
      Suite 1500
      Houston, Texas  77057
      (713) 783-7070
      (713) 974-8173 (Fax)

ATTORNEYS FOR OWENS-CORNING FIBERGLAS
CORPORATION, DEFENDANT

CAMERON ORD

-14-

BOWERS, ORR & ROBERTSON

By: _____
    Thomas Dougall
    State Bar No. 00785457
    1401 Main Street
    Suite 1100
    Columbia, South Carolina 29201
    (803) 252-0494
    (803) 252-1068 (Fax)

ATTORNEYS FOR PROKO
INDUSTRIES, INC.


BROWN, MCCARROLL, OAKS & HARTLINE

By: _____
    T. John Ward
    State Bar No. 20848000
    Melissa K. Ferrell
    State Bar No.
    1300 Wortham Tower
    2727 Allen Parkway
    Houston, Texas   77019-2100
    (713) 529-3110
    (713) 525-6295 (Fax)

ATTORNEYS FOR GARLOCK, INC.
AND THE ANCHOR PACKING COMPANY


CAMERON ORD

-15-

ORGAIN, BELL & TUCKER, L.L.P.

By: _____
         Michael J. Truncale
         State Bar No. 20258125
         470 Orleans Street
         Beaumont, Texas 77701
         (409) 838-6412
         (409) 838-6959 (Fax)

ATTORNEYS FOR KELLY-MOORE
PAINT COMPANY

**CAMERON.ORD**

# EXHIBIT "A"

CVISPDF – www.fesko.com

**ALLIED-SIGNAL/BENDIX CORPORATION**
Dawn Wright
State Bar No. 12742030
Thompson & Knight
3300 First City Center
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
969-1700
FAX NO. 969-1466

**ANCHOR PACKING COMPANY**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-6295

**ASTEN GROUP, INC.**
Robert B. Summers
State Bar No. 19507700
Thornton, Summers, Biechlin,
  Dunham & Brown, L.C.
1114 Lost Creek Blvd., Suite 215
Austin, Texas 78746
(512) 329-6666
FAX (512) 327-4694

**BORG-WARNER CORPORATION**
Elizabeth Phifer
State Bar No. 15908550
McCue & Lee, P.C.
Three Lincoln Centre
Suite 1050, LB 11
5430 LBJ Freeway
Dallas, Texas 75240
490-0808
FAX NO. 490-9545

CENTER FOR CLAIMS RESOLUTION
RILEY STOKER CORPORATION
H.B. FULLER
RHONE POULENC AG
GEORGIA-PACIFIC CORPORATION
David Crowe (CCR)
State Bar No. 00516425
Gary Elliston (RS/HBF/RP/)
State Bar No. 00658470
Mel Bailey (GP)
State Bar No. 01532100
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**CCR DEFENDANTS INCLUDE:**
Amchem
A.P. Green Refractories
Armstrong World Industries
CertainTeed Corporation
C.E. Thurston & Sons, Inc.
Dana Corporation
Flexitallic Gasket Co., Inc.
GAF Corporation
I.U. North America, Inc. (formerly Unijax)
Maremont Corporation
National Gypsum Company
  (also known as The Asbestos
  Claims Management Corp.
  and the NGC Asbestos Disease
  and Property Damage Settlement Trust)
National Service, Ind., Inc.
  (formerly North Brothers)
NOSROC Corporation
Ferodo America, Inc.
  (formerly Nuturn Corporation)
Pfizer, Inc.
Quigley Company, Inc.
Shook & Fletcher Insulation
T & N, plc
  (formerly Turner & Newall Inc.)
Union Carbide Corporation
United States Gypsum Company

**CROWN CORK & SEAL COMPANY, INC.**
Frank G. Harmon, III
State Bar No. 09020500
Crain, Caton & James
3300 Two Houston Center
Houston, Texas 77010
(713) 658-2323
FAX (713)658-1921

**FLINTKOTE**
James M. Harris, Jr.
Bar No. 09065800
Holmes & Harris
P.O. Box 830
550 Fannin Street
Beaumont, Texas 77704
(409) 832-8382
FAX NO. (409) 833-4240

**FOSTER WHEELER ENERGY CORPORATION**
James M. Riley, Jr.
State Bar No. 16931800
Coats, Rose, Yale,
  Holm, Ryman & Lee
800 First City Tower
1001 Fannin
Houston, Texas 77002-6707
(713) 651-0111
FAX (713) 651-0220



EXHIBIT

A

CUsPDF - www.fwsna.com

**GARLOCK INC**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 629-3110
FAX: (713) 525-6295

**GENERAL REFRACTORIES COMPANY**
Neil Rambin
State Bar No. 16492800
Strasburger & Price
4300 NCNB Plaza
44th Floor
901 Main Street
Dallas, Texas 75202
651-4300
FAX NO. 651-4330

**GEORGIA PACIFIC CORPORATION**
Mel Bailey
State Bar No. 01532100
Dehay & Elliston, L.L.P.
717 North Harwood, Suite 1500
Dallas, Texas 75201
(214) 953-5454
FAX (214) 953-5455

**HARBISON-WALKER REFRACTORIES INDRESCO, INC.**
Mark A. Hendrix.
State Bar No. 09460500
Vial, Hamilton, Koch & Knox
1717 Main Street, Ste. 4400
Dallas, TX 75201
712-4400
FAX NO. 712-4402

**KAISER ALUMINUM & CHEMICAL**
Craig S. Wolcott
State Bar No. 21845475
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
(713) 654-1111
FAX (713) 655-9212

**KELLY-MOORE PAINT COMPANY**
Michael J. Truncale
Orgain, Bell & Tucker, L.L.P.
470 Orleans Street
Beaumont, TX 77701
(409) 838-6412
FAX NO. (409) 838-6959

**METROPOLITAN LIFE INSURANCE**
John L. Hill, Jr.
State Bar No. 00000027
Liddell, Sapp, Zivley,
Hill & LaBoon, L.L.P.
3300 Texas Commerce Tower
Houston, Texas 77002
(713) 226-1200
FAX (713) 223-3717

**M. H. DETRICK**
Ned Johnson
State Bar No. 10712000
Richard Ferguson
State Bar No. 06919700
Johnson & Associates
4900 Woodway, Suite 1100
Houston, Texas 77056
(713) 961-3730
FAX NO. (713) 961-5438

**"3 M"**
Anthony E. Pletcher
State Bar No. 16069800
White,Huseman,Pletcher & Powers
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78403-2707
(512) 883-3563
FAX (512) 883-0210

**NORTH AMERICAN REFRACTORIES**
James Powers
State Bar No. 16217400
Roberts, Markel, Folger & Powers
24 Greenway Plaza
Suite 2020
Houston, Texas 77046
(713) 961-2800
FAX NO. (713) 961-5090

**OWENS CORNING FIBERGLAS**
William Cozort
Bean & Manning, L.L.P.
5847 San Felipe
Suite 1500
Houston, Texas 77057
(713) 783-7070
FAX (713) 783-7157

**OWENS-ILLINOIS, INC.**
Peter Moir
State Bar No. 142545
800 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6500
FAX (214) 953-6503

PITTSBURGH CORNING CORPORATION
R. Lyn Stevens
State Bar No. 19189020
Weller, Wheelus, Green
550 Fannin Street
5th Floor, Petroleum Tower
Beaumont, Texas 77701
(409) 838-0101
FAX (409) 838-6780

PROKO INDUSTRIES, INC.
Thomas Dougall
Bowers, Orr & Robertson
1401 Main Street, Suite 1100
Columbia, South Carolina 29201
(803) 252-0494
FAX (803) 252-1068

RILEY STOKER CORPORATION
Gary Elliston
State Bar No. 06584700
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

ROCK WOOL MANUFACTURING
Richard N. Evans
State Bar No. 06726000
Evans & Evans
2528 Calder Avenue
Beaumont, TX 77702
(409) 838-0522
FAX (409) 838-0525

SYNKOLOID
Kathryn Hermes
State Bar No. 15156500
Patterson, Lamberty, Stanford,
   Walls, Dwyer, Inc.
2011 Cedar Springs at Harwood
Suite 100
P. O. Box 1078
Dallas, Texas 75221-9990
(214) 871-2200
FAX (214) 871-0521

UNITED STATES MINERAL PRODUCTS
Brian S. Clary
State Bar No. 04325100
55 Waugh Drive, Suite 1200
Houston, TX 77707
(713) 861-9595
FAX (713) 861-7679

UNIROYAL HOLDING, INC.
Richard L. Forman
Forman, Perry, Watkins & Krutz
Suite 1200, One Jackson Place
188 E. Capitol Street
Jackson, MS 39325-2608
(601) 960-8600
FAX NO. (601) 960-8613

W. R. GRACE & CO. - CONN.
Patricia Kelly
State Bar No. 01378500
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
Harlingen, TX 78550
(210) 428-7495
FAX (210) 428-2954