United States District Court
Southern District of Texas
FILED

OCT 2 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DEBRA KULAW, Individually and | § | No. B - 01 - 164 |
| As Personal Representative of the Heirs | § | |
| and Estate of LEVAUGHN DARNOLD, | § | |
| Plaintiffs | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| ACandS, Inc., | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| IN RE: | § | Case No. 01-10578 |
| FEDERAL-MOGUL GLOBAL, INC. | § | Chapter 11 |
| Debtor | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| | § | District of Delaware) |

PLAINTIFFS' MOTION FOR REMAND FOR
LACK OF SUBJECT MATTER JURISDICTION, FOR MANDATORY
ABSTENTION, OR FOR DISCRETIONARY ABSTENTION
OR EQUITABLE REMAND

Come now plaintiffs and file this their motion for remand for lack of subject

matter jurisdiction, for mandatory abstention, or for discretionary abstention or equitable

remand, and in support thereof would respectfully show as follows:

INTRODUCTION AND FACTUAL BACKGROUND

This is a wrongful death case originally filed in state court. The plaintiff, Debbie

Kulaw, is the daughter of the decedent, LeVaughn Darnold. Mr. Darnold died of

mesothelioma, the only known cause of which is exposure to asbestos.

1

This case was commenced in Cameron County in late 1999 by the decedent's widow, Jean Darnold. Mrs. Darnold herself died in July of 2001, and Ms. Kulaw was substituted as the named plaintiff. She brought claims, individually and on behalf of all heirs and the estate of Mr. Darnold, against numerous defendants responsible for Mr. Darnold's exposure to asbestos-containing products.

The case was set for trial in state court on three previous occasions. Each time, the court granted a continuance at the request of defendant Garlock, Inc., over plaintiffs' objection. It was set for trial, for the fourth time, on October 15, 2001.

Trial did commence on October 15, with the hearing of certain preliminary motions. Additional matters were heard on October 16, and the jury panel was given questionnaires. After the court disposed of an unrelated criminal matter on its docket, jury selection was to begin today, October 22.

During argument on one of the preliminary motions, defendant Brown & Root, Inc. insisted on the right to depose one of plaintiffs' fact witnesses, a man who lives in Florida. This deposition was scheduled for Friday, October 19. Plaintiffs' counsel appeared at the deposition, but no defense counsel appeared. Presumably defense counsel were aware of the removal notice they planned to file on October 19, and simply decided to ignore the deposition. They did not notify plaintiffs' counsel, however, who thus made a wasted trip to Florida.

Late in the afternoon on Friday, October 19, plaintiffs' counsel received notice that Garlock had removed the case to this Court. See letter of October 19 from Garlock counsel, bearing a fax transmission time of 4:36 p.m., attached as exhibit A.

2

For the reasons detailed below, this case should be summarily remanded to the state court from which it was removed, so that the trial -- already thrice continued at Garlock's request -- can resume and jury selection can commence. First, the Court lacks any basis for subject matter jurisdiction in this case. Second, even if jurisdiction existed, the doctrine of mandatory abstention would require that the Court decline to exercise it. Finally, the doctrines of permissive abstention and equitable remand would also compel remand to state court.

## ARGUMENT AND AUTHORITIES

### I.    THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS REMOVED ACTION

Garlock's notice of removal is unclear as to the asserted factual basis for jurisdiction. It does state, however, that removal is premised on 28 U.S.C. §1452, which affords removal "if [the] district court has jurisdiction" of a claim under 28 U.S.C. §1334, the general grant of bankruptcy jurisdiction. Without bankruptcy subject matter jurisdiction, then, the case must be remanded. The general federal removal statute likewise provides that if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S. §1447(c).

The only asserted basis for jurisdiction, then, is the grant of jurisdiction over "bankruptcy cases and proceedings" set out in 28 U.S.C. §1334(a) and (b). The notice of removal is completely silent, however, as to how bankruptcy jurisdiction is implicated in this case. In fact, but for the way the case is captioned, we would not even know who the debtor is asserted to be.

3

This failing alone is grounds for remand. The notice of removal is "required" to articulate a plausible way in which a bankruptcy estate is affected by prosecution of the removed action. McCratic v. Bristol-Meyers Squibb & Co., 183 B.R. 113 (N.D. Tex. 1995). Much like the notice of removal here, the removal notice in McCratic stated only that "as a result of debtor's bankruptcy, this Court has jurisdiction." Id. at 115. The court found this insufficient. See also In re Emerald Acquisition Corp., 170 B.R. 632, 640 (Bankr. N.D. Ill. 1994). Neither the Court nor plaintiffs should be required to guess at the basis for jurisdiction.

Since the way in which defendant invokes bankruptcy jurisdiction is not specified, plaintiffs will attempt to address the potential bases for such an assertion of jurisdiction "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute...which is not to be expanded by judicial decree....It is to be presumed that a cause lies outside this limited jurisdiction..., and the burden of establishing the contrary rests upon the party asserting jurisdiction..." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994)(citations omitted). In a removed case, the removing party bears the burden of establishing a basis for jurisdiction. Martineau v. ARCO Chem. Co., 203 F.3d 904, 910 (5th Cir. 2000). All doubts are to be resolved in favor of remand. Thomas v. Ohio Cas. Group., 3F.Supp.2d 764, 765 (S.D. Tex. 1998).

A.    The Debtor is Not a Party to this Case

The removal notice, again, asserts that there is bankruptcy jurisdiction under 28 U.S.C. §1334(a) and (b), but otherwise gives no clue as to why this is so. The style of the

4

notice of removal also includes a reference to "In re: Federal-Mogul Global, Inc., Debtor," a bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Delaware. Federal-Mogul Global, Inc., however, is not, and never has been a party to this case.

Plaintiffs assume that Garlock's contention is that the presence of a different entity, Federal Mogul Corp., as a party in the case confers bankruptcy jurisdiction here. Federal Mogul Corp. is also bankrupt, and its reorganization is proceeding in the same bankruptcy case. But Federal Mogul Corp. was eliminated from this case almost three months ago.

In an extremely disingenuous attempt to mislead, the notice of removal lists 47 defendants as parties to this case -- even though the vast majority of these entities are no longer parties, and some have been out of the case for well over a year. For instance, two entities, Pittsburgh Corning Corp. and PPG Industries, Inc., have not been parties since approximately April of 2000.

As Garlock well knows, Federal Mogul Corp. has not been a party to this case since the filing of plaintiffs' third amended petition on July 26, 2001, (cover pages attached as exhibit B). Federal Mogul Corp. did not appear as a named defendant in this petition, and thus was nonsuited. Randolph v. Jackson Walker, L.L.P., 29 S.W.3d 271, 274 (Tex. App. -- Houston [14th Dist.] 2000, n.p.h.); see also Tex. R. Civ. Proc. 64 and 65 (amended pleadings supersede previous pleadings). Garlock certainly could not have overlooked this pleading, because it was the subject of a motion for summary judgment filed by Garlock. See Garlock's motion for partial summary judgment, attached as exhibit C.

Plaintiffs therefore have no claim against Federal Mogul Corp. in this case, did not have one at the time of removal, and have not had one for almost three months. Nor does Garlock itself have a cross-claim or third-party claim on file against Federal Mogul. Little wonder, then, that the notice of removal is not "supported by an articulation of a plausible way the claim can have an impact on the [bankruptcy] estate...." Da Silva v. American Savings, 145 B.R. 9, 12 (S.D. Tex. 1992). Here, there is no claim against Federal Mogul at all, so there is simply no way its bankruptcy could possibly be affected.

This is a garden variety, state court asbestos case that involves no claims against the debtor in question. As detailed below, even if there were a third party claim by Garlock against Federal-Mogul, which there is not, that would not create bankruptcy jurisdiction either. But since there is no claim of any kind in this case against Federal-Mogul -- despite the fictional roster of defendants put forward by Garlock in its notice of removal -- the Court can, and should, remand summarily without the need to proceed further.

   B.    Even if a Third Party claim against Federal Mogul Existed in This Case, it
         would  not Provide Bankruptcy Jurisdiction

         1.    There is no Jurisdiction under §1334(a)

Section 1334(a) provides for jurisdiction in cases "under Title 11." This category of cases, however, includes only "the bankruptcy petition itself." In re Wood, 825 F.2d 90, 92 (5th Cir. 1987). Section 1334(a) cannot, therefore, form a basis for jurisdiction in this case.

         2.    There is no Jurisdiction under §1334(b)

Subsection (b) provides for "original but not exclusive jurisdiction of all civil proceedings arising under Title 11. This case is not a matter "arising under Title 11, "because it does not "involve a cause of action created or determined by a statutory provision of title 11." Wood, supra at 96. Similarly, it is not a matter "arising in" a case under Title 11, because this is a category of "'adminstrative' matters that arise only in bankruptcy cases." Id. at 97. see also WRT Creditors Liquidation Trust v. CIBC Oppenheimer Corp., 75 F.Supp.2d 596, 606 (S.D. Tex. 1999).

The only remaining possibility for jurisdiction is thus the notion that the removed claims -- plaintiffs' claims against nondebtor, unrelated parties -- are "related to" the Federal Mogul bankruptcy proceedings. It is firmly established, however, that independent state court claims against non-bankrupt defendants are not "related to" a separate debtor's bankruptcy, because resolution of those claims does not have a tangible effect on the bankrupt estate. As the Third Circuit case held in the leading case of Pacor Inc. v. Higgins, 743 F. 2d 984 (3d Cir. 1984), primary actions against solvent co-defendants, are, "at best....a mere precursor to the potential third party claim for indemnification..." Id. at 995. Such actions do not bind the debtor, do not determine the debtor's rights or obligations, and, since the debtor is not a party to such actions, the debtor would not face a bar of res judicata or collateral estoppel as a result of the outcome of the primary claim. The debtor here, Federal Mogul, will still be free to relitigate any issue, and adopt any position in response to a subsequent claim for indemnification or contribution by these defendants. Id. Accordingly, courts have repeatedly held that such claims are not "related to" a bankruptcy.

7

Garlock's jurisdictional argument presumably is that if plaintiffs are successful in obtaining a judgment against Garlock, which holds Garlock jointly and severally liable for damages in part caused by Federal-Mogul, Garlock might have a contribution right against Federal Mogul's bankrupt estate.  It is precisely such a claim, however, that the courts have held to be far too tenous to support "related to" jurisdiction under 28 U.S.C. 1452.  Pacor, itself an asbestos case involving a claim for contribution by a solvent defendant against a bankrupt co-defendant, soundly rejected the argument Garlock makes here:

> "Pacor stresses that the Higgins-Pacor claim would affect the Manville bankruptcy estate, in that without a judgment for plaintiff Higgins in that action, there could never be a third party indemnification claim against Manville.  This argument does not alter our conclusion.  At best, one could say that a judgment against the plaintiff on the primary claim would make absolutely certain that the Manville estate could never be adversely affected.  This does not prove the converse, however that a judgment in favor of the plaintiff Higgins necessarily does affect the estate.  The fact remains that any judgment received by the plaintiff Higgins could not itself result in even a contingent claim against Manville, since Pacor would still be obligated to bring an entirely separate proceeding to receive indemnification… Pacor is not a contractual guarantor of Manville, nor has Manville agreed to indemnify Pacor, and thus a judgment in the Higgins-Pacor action could not give rise to any automatic liability on the part of the estate.  All issues regarding Manville's possible liability would be resolved in the subsequent third party impleader action.  Furthermore, Higgins [the plaintiff] is not a creditor of Manville and has filed no claim against Manville.  Any judgment obtained would thus have no effect on the arrangement, standing, or priorities of Manville's creditors.  There would therefore be no effect on administration of the estate, until such time as Pacor may choose to pursue its third party claim."

Id. at 995.  The Fifth Circuit adheres to the rule articulated in Pacor.  Walker v. Cadle Company, 51 F.3d 562, 569 (5th Cir. 1995); Wood, supra; Sykes v. Texas Air Corp., 834 F.2d 488, 489, n. 4 (5th Cir. 1987).  The rule also has been cited with approval by the U.S. Supreme Court.  Edwards v. Celotex, 514 U.S. 300, 115 S.Ct. 1498-99

(1995);   Indeed, as the Fifth Circuit recently observed, the "vast majority of cases" hold that "related to jurisdiction" is lacking in connection with the third party complaints like the one that defendants allege exists here." Walker, supra, 51 F.3d at 569.  For instance, in Nickum v. Brakegate, Ltd., 128 B.R. 648, 649-50 (C.D. Ill. 1991), appeal dism'd, 942 F.2d 1223 (7th Cir. 1991) , the court found that "related to" jurisdiction did not exist in a removed asbestos case by virtue of a solvent defendant's contribution claim against a bankrupt co-defendant.  The court thus rejected what it termed a "nimble attempt to bootstrap state court actions into federal cases by way of the bankruptcy court."  Id at 649.  See also McCratic, supra, 183 B.R. at 115 (no "related to" jurisdiction in action by plaintiffs against nondebtor breast implant defendants where one defendant was bankrupt);   Official Creditors' Comm. v. International Ins. Co.  135 B.R. 847 (Bankr. N.D. Ill. 1992)(cross-claim which would merely determine which party will ultimately be responsible in the event that the first-party defendant is found liable in the underlying adversary actions was not related to a bankruptcy action under §1334).

Decisions holding that the "automatic stay" provisions of §362 of Title 11 do not apply to claims against solvent co-defendants in tort litigation are consistent with the above precedent, and underscore the fact that third-party contingent claims for contribution and indemnity -- claims that would arise from a finding that a group of defendants were jointly and severally liable for an injury -- are simply too attenuated to be "related to" a bankruptcy.  The courts have routinely held that such third party claims are not "actions against the debtor" and should not be stayed.  See, e.g., Wedgeworth v. Fibreboard, 706 F.2d 541, 544-45 (in asbestos case, action against solvent co-defendants of bankrupt not subject to automatic stay provision of Section 362); GATX Aircraft

9

Corp. v. M/V Courtney Leigh, 768 F. 2d 711, 716 (5th Cir. 1984); Austin v. UNARCO

Industries, Inc., 705 F.2d 1, 4-5 (1st Cir.), cert den'd, 463 U.S. 1247, 104 S.Ct. 34, 77

L.Ed. 2d 1454 (1983); Teachers Insurance and Annuity Association of America v.

Butler, 803 F.2d 61 65 (2d Cir. 1986); Williford v. Armstrong World Industries, Inc.,

715 F.2d 124, 126-7 (4th Cir. 1983); Lynch v. Johns-Manville Sales Corp., 710 F.2d

1194, 1196-7 (6th Cir. 1983); Pitts v. Unarco Industries, Inc., 698 F.2d 313, 314 (7th Cir.

1983(per curiam). Indeed, the bankruptcy courts presiding over asbestos defendant

bankruptcies have repeatedly declined to exercise even their discretionary power to

extend a stay to solvent co-defendants who are subject to joint and several liability. See

Wedgeworth, supra, 706 F.2d at 545; Lynch, supra, 710 F.2d at 1197; In re Related

Asbestos Cases, 23 B.R. 523, 527 (N.D. Cal. 1982); In re UNR Industries, Inc., 23 B.R.

144 (Bankr. N.D. Ill. 1982).


III.     THIS COURT MUST ABSTAIN FROM HEARING THIS CLAIM
         UNDER THE MANDATORY ABSTENTION PROVISION OF
         SECTION 1334(c), AND SO SHOULD REMAND THIS CASE TO
         STATE COURT.


For the reasons set forth above, there is no bankruptcy jurisdiction over this

removed case. Even if there were, however, this Court would be required to abstain from

exercising that jurisdiction.

As detailed above, the only conceivable basis for bankruptcy jurisdiction in this

case would be if Garlock's third-party claim were "related to" the Federal Mogul

bankruptcy. As such, it is not a "core" proceeding, and so abstention is *required* if the

test for mandatory abstention is met. In re Southmark Corp., 163 F.3d 925, 929 (5th Cir.

1999); In re Rupp & Bowman Co., 109 F.3d 237, 239 (5th Cir. 1977); Broyles v. U.S.

Gypsum Co., 266 B.R. 778, 782-83 (E.D. Tex. 2000). The doctrine of mandatory

abstention applies in removed cases. Southmark, supra, 163 F.3d at 929; Broyles, 266

B.R. at 782.

Under this doctrine, abstention is required if (1) there is no basis for federal

jurisdiction other than §1334; (2) the claim only "relates to" a bankruptcy case but does

not arise under or in it; (3) an action has been commenced in state court; and (4) the

action could be timely adjudicated in state court. Rupp & Bowman, supra, at 239. Each

requirement is met in this case.

First, there is no other basis for federal jurisdiction in this case, and Garlock does

not assert one. Second, for the reasons detailed above, this matter could only be "related

to" a bankruptcy at best (which it is not). Third, this case has been filed in state court

since 1999. Finally, inasmuch as the case is already in trial, the state court is positioned

to "timely adjudicate" this matter.

Since the test for mandatory abstention has been met, 28 U.S.C. 1334(c) requires

that this court abstain from exercising jurisdiction over this claim unless it finds that the

claim.

IV.     IN THE ALTERNATIVE, PLAINTIFFS REQUEST THAT THE
        COURT DISCRETIONARILY ABSTAIN, AND/OR
        EQUITABLY REMAND THIS CASE

Even if mandatory abstention were not required in this case, §1334(c)(1) provides

for discretionary abstention: "Nothing in this section prevents a district court in the

interest of justice, or in the interest of comity with State courts or respect for State law,

from abstaining from hearing a particular proceeding arising under title 11, or arising in

or related to cases under title 11." Similarly, this Court may equitably remand claims

related to bankruptcy cases: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. §1452(b). Both core and non-core court proceedings may be the subject of discretionary abstention or equitable remand. Broyles, supra, 266 B.R. at 784-85; Chickaway v. Banc One Dayton, n.a., 261 B.R. 646, 650 (S.D. Miss. 2001). Given the similarity between the discretionary abstention and equitable remand doctrines, the factors underlying them are frequently evaluated together. See Broyles, supra at 785. These factors include:

1. the effect or lack thereof on the efficient administration of the estate;

2. the extent to which state law issues predominate over bankruptcy issues;

3. whether the applicable law is difficult or unsettled;

4. the existence of related proceedings commenced in state court or elsewhere outside bankruptcy;

5. whether there is any jurisdictional basis other than §1334;

6. the degree of relatedness or remoteness to a bankruptcy case;

7. the substance, rather than the form, of an asserted core proceeding;

8. whether state law claims can be severed from core bankruptcy matters;

9. the burden of the bankruptcy court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial;

12. the presence in the proceeding of non-debtor parties;

13. comity; and

14. the possibility of prejudice to other parties.

Broyles, supra at 785.  All of these factors would favor abstention and remand in this case.

For the reasons detailed above, the completion of this case in state court will have no cognizable effect on Federal Mogul's bankruptcy estate.  It is for this reason, of course, that courts have consistently held such claims not even to be "related to" bankruptcy proceedings.  State law issues certainly predominate over bankruptcy issues, because plaintiffs' entire claim is based on garden variety state law tort theories.  There are no difficulties in applying this law.

Inasmuch as this matter is not "related to" the Federal Mogul bankruptcy, there is no related proceeding in bankruptcy; rather, the entire controversy was pending in state court until this eleventh-hour removal.  Nor is there any federal jurisdictional basis other than §1334, and Garlock does not contend that there is.

This case is not a core proceeding.  Nor does any severance have to occur, because Fedeal Mogul is not even in this case to begin with.

Finally, it must be said that the removal of this case under bankruptcy jurisdiction does, quite plainly, "involve forum shopping" by Garlock.  Having obtained three previous continuances, Garlock has finally turned to the bankruptcy courts to achieve a "self-help continuance."  See Hernandez v. Brakegate, Ltd., 942 F.2d 1223, 1226 (7th Cir. 1991)(holding that orders of remand in bankruptcy cases are unappealable because, among other reasons, "removal and appeal may be designed to achieve little more than a self-help continuance.");  see also Cassidy v. Wyeth-Ayerst Laboratories, 42 F.Supp. 2d 1260, 1264 (M.D. Ala. 1999)(defendant in fen-phen suit removed case on basis of co-defendants bankruptcy; court pretermitted issues of jurisdiction and mandatory

abstention, and remanded case to state court based on discretionary abstention, noting

forum shopping concerns and holding that "the real reason behind the removal of this

case... is not the relatedness of the case to any bankruptcy proceeding, but rather is to

make this case a part of the multidistrict litigation in Pennsylvania. In other words, the

removal is a fraud, a pretext for other reasons which would not independently support

removal."). It should be noted that Federal Mogul declared bankruptcy several weeks

ago, but Garlock removed this case late on a Friday afternoon, after trial had stated. It

should also be noted that other defendants have declared bankruptcy during the pendency

of this case, but not once did Garlock seek a removal -- not until jury selection was to

begin, that is.

As for the remaining factors, plaintiffs enjoy a right to jury trial in state court

which would be lost if their case were part of a bankruptcy proceeding. There are other

non-debtor defendants that have not joined in this removal and that presumably do not

desire the interruption caused by Garlock. Comity certainly counsels in favor of remand,

as it will restore the state court with jurisdiction over the case that it has enjoyed all

along.

In sum, all of the factors in the discretionary abstention-equitable remand inquiry

favor abstention or remand in this case.

CONCLUSION AND PRAYER

There is no federal subject matter jurisdiction in this case. This is because

Garlock's third-party claim for contribution -- even if it existed, which it does not --

is not even "related to" the Federal Mogul bankruptcy. Even if there were jurisdiction,

this Court would be required to abstain from exercising it under the doctrine of

14

mandatory abstention. Finally, plaintiffs respectfully request in the alternative that the court exercise its powers of discretionary abstention and/or equitable remand.

Therefore, this case should be remanded to the 404th Judicial District Court of Cameron County, so that trial may resume. Plaintiffs also respectfully request an award of costs and attorneys' fees, for an unwarranted removal, pursuant to 28 U.S.C. §1447(c).

Respectfully submitted,

Frank Costilla
State Bar No. 04856500
Federal I.D. 1509
Law Offices of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 541 3152 telecopier

WATERS & KRAUS

Charles S. Siegel
State Bar No. 18341875
Federal I.D. 15736
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 facsimile
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served via facsimile on October 21, and by hand-delivery on counsel of record on this the 22nd day of October, 2001.

Shelby A. Jordan
Harlin C. Womble, Jr.
Nathaniel Peter Holzer
Jordan, Hyden, Womble & Culbreth, P.C.
(361) 884-5616

15

Mitchell C. Chaney
Rodriguez, Colvin & Chaney, LLP
(956) 541-2170

Charles S. Siegel

CVISPDF - www.fesito.com

Case 1:01-cv-00181   Document 5   Filed in TXSD on 10/22/2001   Page 17 of 42

# RODRIGUEZ, COLVIN & CHANEY, L.L.P.

### ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP
1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S HARDY (1912-1993)
ORRIN W JOHNSON
NEIL E NORQUEST
CHRIS A. BRISACK
RAYMOND A COWLEY‡

LAURA J. URBIS
LECIA L. CHANEY
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

October 19, 2001

**_Via Fax No.: 214/357-7252_**
Troyce Wolfe
Darren P. McDowell
WATERS & KRAUS
3219 McKinney Ave, Ste. 3000
Dallas, Texas 75204

Re:   Cause No. B-01-181; _Debra Kulaw, et ux, et al. v. Able Supply Co.,
      et al._; In the United States District Court for the Southern District
      of Texas, Brownsville Division.

Dear Troyce and Darrell:

Enclosed is a copy of the Notice of Removal filed this afternoon in the above-referenced matter. As a result of the removal, this case is now pending in the federal court in Brownsville, and the jury selection in state court will not go forward as previously scheduled on October 22, 2001.

Thank you for your attention to this matter.

Very truly yours,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Teri L. Danish / w/permission
MCK

Teri L. Danish

cc:   All Known Defense Counsel                      _Via Facsimile_



MCALLEN, TEXAS OFFICE· 4900 NORTH 10TH STREET, BUILDING A-2, 78504, TELEPHONE (956) 686-1287 TELECOPIER (956) 686-6197

CAUSE NO. 98-10-04083-E

| | | |
|---|---|---|
| DEBBIE KULAW, Individually and | § | IN THE DISTRICT COURT |
| as Personal Representative of the Heirs | § | |
| And Estate of LeVAUGHN DARNOLD, | § | |
| *Deceased,* VALENTIN RAMIREZ and EVA | § | |
| RAMIREZ; LUIS GARCIA and GUADALUPE | § | |
| GARCIA, | § | |
| *Plaintiffs,* | § | |
| | § | CAMERON COUNTY |
| *V.* | § | |
| | § | |
| | § | |
| ACandS, INC. (sued individually and as | § | |
| successor-in-interest to ARMSTRONG | § | |
| CONTRACTING & SUPPLY, INC.); | § | |
| ABLE SUPPLY COMPANY; | § | |
| AMOCO CORPORATION; | § | |
| A.P. GREEN INDUSTRIES, INC.; | § | |
| BROWN & ROOT, INC.; | § | |
| CERTAINTEED CORPORATION; | § | |
| COMBUSTION ENGINEERING, INC.; | § | |
| CROWN CORK & SEAL COMPANY, INC.; | § | |
| DRESSER INDUSTRIES, INC., sued Individually and | § | |
| as successor-in-interest to HARBISON-WALKER | § | |
| REFRACTORIES and WORTHINGTON PUMP INC.; | § | |
| FLINTKOTE COMPANY; | § | |
| FOSTER WHEELER ENERGY CORPORATION; | § | |
| GARLOCK INC; | § | |
| GASKET HOLDING, INC. (sued individually and as | § | |
| successor-in-interest to FLEXITALLIC GASKET CO.); | § | |
| GENERAL REFRACTORIES COMPANY; | § | |
| GEORGIA-PACIFIC CORPORATION | § | |
| (sued individually and as successor-in-interest to | § | |
| BESTWALL GYPSUM COMPANY); | § | |
| GUARD-LINE, INC.; | § | |
| HARBISON-WALKER REFRACTORIES | § | |
| COMPANY (formally a division of INDRESCO INC.); | § | |
| INDRESCO INC. (sued individually and as | § | |
| successor-in-interest to HARBISON-WALKER | § | |
| REFRACTORIES, a division of INDRESCO, INC.); | § | |
| KAISER ALUMINUM & CHEMICAL | § | |
| CORPORATION; | § | |
| KELLY-MOORE PAINT COMPANY, INC. | § | |
| METROPOLITAN LIFE INSURANCE COMPANY; | § | |
| MINNESOTA MINING & MANUFACTURING | § | |
| COMPANY (a/k/a "3M"); | § | |
| NORTH AMERICAN REFRACTORIES | § | |
| COMPANY; | § | |
| OWENS-ILLINOIS, INC. (sued individually and as | § | |



PLAINTIFFS' SECOND CONSOLIDATED AMENDED PETITION AND JURY DEMAND                    Page 1

successor-in-interest to OWENS-ILLINOIS §
GLASS COMPANY); §
PROKO INDUSTRIES, INC.; §
QUIGLEY COMPANY, INC.; §
RILEY STOKER CORPORATION; §
THE SYNKOLOID COMPANY; §
T&N plc f/k/a TURNER & NEWELL PLC; §
T&N plc successor in interest to §
KEASBEY & MATTISON; §
TURNER & NEWELL INDUSTRIES, INC. §
d/b/a UNITED GASKET CORP.; §
TURNER & NEWELL, LTD. §
d/b/a UNITED FABRICATED; §
UNIROYAL HOLDING, INC. (sued individually and §
as successor-in-interest to U. S. RUBBER COMPANY); §
U.S. GYPSUM COMPANY; §
U.S. MINERAL PRODUCTS COMPANY; §
W.R. GRACE & CO.—CONN. (sued §
individually and as successor-in-interest to §
W.R. GRACE & COMPANY); §
     *Defendants* § **404th JUDICIAL DISTRICT**

## PLAINTIFFS' THIRD CONSOLIDATED
## AMENDED PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs, JEAN B. DARNOLD, Individually and as Personal Representative of the Heirs and Estate of LEVAUGHN DARNOLD, VALENTIN RAMIREZ and EVA RAMIREZ, LUIS GARCIA and GUADALUPE CARCIA, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

### I.

1. Pursuant to T.R.C.P. 190.1 Discovery will be conducted under Level 2 (T.R.C.P. 190.3). *Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County.* Certain acts or omissions, which were a proximate or producing cause of Plaintiffs' and Decedent's asbestos-related injuries, occurred in Texas; therefore, venue properly lies in this County. Finally, a substantial part of the events or omissions giving rise to plaintiffs' claims arose in Cameron County. Therefore, venue is proper in Cameron County.

2. The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.



PLAINTIFFS' SECOND CONSOLIDATED AMENDED PETITION AND JURY DEMAND      Page 2

3. Plaintiffs Valentin Ramirez and Eva Ramirez reside at 167 Greenbriar, Brownsville, Texas 78520, Luis Garcia and Guadalupe Garcia reside at 1925 E. Lincoln Street, Brownsville, Texas 76521, Jean B. Darnold resides at 1511 Puckett Avenue S.W., Decatur, Alabama 35601.

4. Defendant, **ACandS, INC.** (sued individually and as successor-in-interest to **ARMSTRONG CONTRACTING & SUPPLY, INC.**), is a foreign corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, and upon whom service may be had by serving C.T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

5. Defendant, **ABLE SUPPLY COMPANY**, may be served with process through its registered agent, Thomas J. Daubner, 5220 Texas, Houston, Texas 77011-4295.

6. Defendant, **AMOCO CORPORATION**, is a corporation organized and existing under and by virtue of the laws of the State of Indiana with an agent of service in the State of Texas, to wit: Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78704. Therefore, Defendant, **AMOCO CORPORATION**, may be served through its registered agent.

7. Defendant, **A.P. GREEN INDUSTRIES, INC.**, may be served through its registered agent, C. T. Corp System, 350 North Saint Paul Street, Dallas, Texas 75201.

8. Defendant, **BROWN & ROOT, INC.**, may be served through its registered agent for service of process, C. T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

9. Defendant, **CERTAINTEED CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201

10. Defendant, **COMBUSTION ENGINEERING, INC.**, may be served with process through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

11. Defendant, **CROWN CORK & SEAL COMPANY, INC.**, Individually and as Successor in-Interest to Mundet Cork Corporation, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

12. Defendant, **DRESSER INDUSTRIES, INC.**, sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES** and **WORTHINGTON PUMP INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

13. Though Defendant, **FLINTKOTE COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for



AMENDED PETITION AND JURY DEMAND

service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its corporate headquarters, Two Embarcadero Center, Suite 1600, San Francisco, California 94111, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-. 045. Defendant, **FLINTKOTE COMPANY**, may be served through the Secretary of State for the State of Texas.

14. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, may be served with process through its registered agent, U.S. Corporation, 400 North St. Paul Street, Dallas, Texas 75201.

15. Defendant, **GARLOCK INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

16. Defendant, **GASKET HOLDING, INC.**, may be served with process through its corporate headquarters, P.O. Box 760, 6915 Hwy. 225, Deer Park, Texas 77536, said corporation is being sued individually and as successor-in-interest to **FLEXITALLIC GASKET CO.**

17. Defendant, **GENERAL REFRACTORIES COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19009, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-.045. Defendant, **GENERAL REFRACTORIES COMPANY**, may be served through the Secretary of State for the State of Texas.

18. Defendant, **GEORGIA-PACIFIC CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **BESTWALL GYPSUM COMPANY**.

19. Defendant, **GUARD-LINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

20. Defendant, **HARBISON-WALKER REFRACTORIES COMPANY** (formerly a division of **INDRESCO INC.**), having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

21. Defendant, **INDRESCO INC.** (sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES**, a division of **INDRESCO INC.**), having its

principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

22.   Defendant, **KAISER ALUMINUM & CHEMICAL CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

23.   Defendant, **KELLY-MOORE PAINT COMPANY, INC.**, may be served through its agent for service of process, Mr. Kenneth Wall, 2727 Allen Suite 1300, Houston, Texas 77019.

24.   Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, may be served with process through its registered agent, Robert Wolin, Wolin, Fuller, Ridley & Miller, L.L.P., 1717 Main Street, 3100 BancOne Center, Dallas, Texas 75201.

25.   Defendant, **MINNESOTA MINING AND MANUFACTURING COMPANY**, a/k/a "3M", (hereinafter referred to as "3M"), may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

26.   Defendant, **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

27.   Although Defendant, **OWENS-ILLINOIS, INC.**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is being sued individually and as successor-in-interest to **OWENS-ILLINOIS GLASS COMPANY**. Therefore, said corporation may be served with process through its corporate headquarters Fiberglass Tower, One Seagate, Toledo, Ohio 43666, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant, **OWENS-ILLINOIS, INC.**, may be served through the Secretary of State for the State of Texas.

28.   Defendant, **PROKO INDUSTRIES, INC.**, having its principal place of business in Texas, may be served through its registered agent, Proko Industries, Inc., C/O Bowers Orr & Dougall, 8910 Two Notch Road, Ste. 400, P. O. Box 25389, Columbia, South Carolina 29224.

29.   Defendant, **QUIGLEY COMPANY, INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 N. St. Paul, Ste 2900, Dallas, Texas 75207.

30.   Defendant, **RILEY STOKER CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

PLAINTIFFS' SECOND CONSOLIDATED AMENDED PETITION AND JURY DEMAND                    Page 5

31. Although Defendant, **THE SYNKOLOID COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 148 East 5th Street, Bayonne, New Jersey 07002, pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. §§ 17.041-.045. Defendant, **THE SYNKOLOID COMPANY**, may be served through the Secretary of State for the State of Texas.

32. Although Defendant **T&N plc (f/k/a TURNER & NEWELL PLC, individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY)** had at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent. Therefore, said corporation may be served with process through its home office address, Styal Road, Manchester England, GB-M 225 TN, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. Defendant **T&N plc (f/k/a TURNER & NEWELL PLC, individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY)** may be served with process through the Secretary of State of Texas.

33. Although Defendant, **T&N plc (successor in interest to KEASBEY & MATTISON)**, is a foreign corporation having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for **T&N plc**. This suit arises out of business contacts in this State, and under the circumstances, **T&N plc** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office address, Styal Road, Manchester England, GB-M 225 TN.

34. Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)**, is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State



for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.).** This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

35.   Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED),** is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED).** This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

36.   Although Defendant, **UNIROYAL HOLDING, INC. (sued** individually and as successor-in-interest to **U. S. RUBBER COMPANY),** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant **UNIROYAL HOLDING, INC.,** may be served through the Secretary of State for the State of Texas.

37.   Defendant, **U.S. GYPSUM COMPANY,** may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

38.   Although Defendant, **U.S. MINERAL PRODUCTS COMPANY,** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered


**PLAINTIFFS' SECOND CONSOLIDATED AMENDED PETITION AND JURY DEMAND**                    Page 7

agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **U.S. MINERAL PRODUCTS COMPANY**, may be served through the Secretary of State for the State of Texas.

39. Defendant, **W.R. GRACE & CO.-CONN.**, may be served with process through its registered agent, Prentice-Hall Corporation System, 400 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **W.R. GRACE & COMPANY**.

40. This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

<u>**COUNT ONE**</u>

41. Each Defendant corporation or its predecessor-in-interest, with the exception of **METROPOLITAN LIFE INSURANCE COMPANY, BROWN & ROOT, INC., and J.T. THORPE COMPANY**, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff and Decedent have been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Plaintiff and Decedent have suffered injuries proximately caused by their exposure to asbestos-containing products designed, manufactured and sold by Defendants.

42. Plaintiffs allege that Plaintiff and Decedent were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in their occupations. In that each exposure to such products caused or contributed to Plaintiff's and Decedent's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

43. In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products

CAUSE NO. 98-10-04083-E

DEBBIE KULAW, Individually and §     IN THE DISTRICT COURT
as Personal Representative of the Heirs §
And Estate of LeVAUGHN DARNOLD, §
*Deceased*, VALENTIN RAMIREZ and EVA §
RAMIREZ; LUIS GARCIA and GUADALUPE §
GARCIA, §
        *Plaintiffs,* §
§     CAMERON COUNTY
*V.* §
§
§
ACandS, INC. (sued individually and as §
successor-in-interest to ARMSTRONG §
CONTRACTING & SUPPLY, INC.); §
ABLE SUPPLY COMPANY; §
AMOCO CORPORATION; §
A.P. GREEN INDUSTRIES, INC.; §
BROWN & ROOT, INC.; §
CERTAINTEED CORPORATION; §
COMBUSTION ENGINEERING, INC.; §
CROWN CORK & SEAL COMPANY, INC.; §
DRESSER INDUSTRIES, INC., sued Individually and §
as successor-in-interest to HARBISON-WALKER §
REFRACTORIES and WORTHINGTON PUMP INC.; §
FLINTKOTE COMPANY; §
FOSTER WHEELER ENERGY CORPORATION; §
GARLOCK INC; §
GASKET HOLDING, INC. (sued individually and as §
successor-in-interest to FLEXITALLIC GASKET CO.); §
GENERAL REFRACTORIES COMPANY; §
GEORGIA-PACIFIC CORPORATION §
(sued individually and as successor-in-interest to §
BESTWALL GYPSUM COMPANY); §
GUARD-LINE, INC.; §
HARBISON-WALKER REFRACTORIES §
COMPANY (formally a division of INDRESCO INC.); §
INDRESCO INC. (sued individually and as §
successor-in-interest to HARBISON-WALKER §
REFRACTORIES, a division of INDRESCO, INC.); §
KAISER ALUMINUM & CHEMICAL §
CORPORATION; §
KELLY-MOORE PAINT COMPANY, INC. §
METROPOLITAN LIFE INSURANCE COMPANY; §
MINNESOTA MINING & MANUFACTURING §
COMPANY (a/k/a "3M"); §
NORTH AMERICAN REFRACTORIES §
COMPANY; §
OWENS-ILLINOIS, INC. (sued individually and as §



successor-in-interest to OWENS-ILLINOIS §
GLASS COMPANY); §
PROKO INDUSTRIES, INC.; §
QUIGLEY COMPANY, INC.; §
RILEY STOKER CORPORATION; §
THE SYNKOLOID COMPANY; §
T&N plc f/k/a TURNER & NEWELL PLC; §
T&N plc successor in interest to §
KEASBEY & MATTISON; §
TURNER & NEWELL INDUSTRIES, INC. §
d/b/a UNITED GASKET CORP.; §
TURNER & NEWELL, LTD. §
d/b/a UNITED FABRICATED; §
UNIROYAL HOLDING, INC. (sued individually and §
as successor-in-interest to U. S. RUBBER COMPANY); §
U.S. GYPSUM COMPANY; §
U.S. MINERAL PRODUCTS COMPANY; §
W.R. GRACE & CO.—CONN. (sued §
individually and as successor-in-interest to §
W.R. GRACE & COMPANY); §
        *Defendants* §        **404th JUDICIAL DISTRICT**

## PLAINTIFFS' THIRD CONSOLIDATED
## AMENDED PETITION AND JURY DEMAND

### *TO THE HONORABLE JUDGE OF SAID COURT:*

COME NOW, Plaintiffs, JEAN B. DARNOLD, Individually and as Personal Representative of the Heirs and Estate of LEVAUGHN DARNOLD, VALENTIN RAMIREZ and EVA RAMIREZ, LUIS GARCIA and GUADALUPE CARCIA, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1. Pursuant to T.R.C.P. 190.1 Discovery will be conducted under Level 2 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County. Certain acts or omissions, which were a proximate or producing cause of Plaintiffs' and Decedent's asbestos-related injuries, occurred in Texas; therefore, venue properly lies in this County. Finally, a substantial part of the events or omissions giving rise to plaintiffs' claims arose in Cameron County. Therefore, venue is proper in Cameron County.

2. The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.



CVsPDF - www.fevto.com

3.  Plaintiffs Valentin Ramirez and Eva Ramirez reside at 167 Greenbriar, Brownsville, Texas 78520, Luis Garcia and Guadalupe Garcia reside at 1925 E. Lincoln Street, Brownsville, Texas 76521, Jean B. Darnold resides at 1511 Puckett Avenue S.W., Decatur, Alabama 35601.

4.  Defendant, **ACandS, INC.** (sued individually and as successor-in-interest to **ARMSTRONG CONTRACTING & SUPPLY, INC.**), is a foreign corporation organized and existing under and by virtue of the laws of some state other than the State of Texas, and upon whom service may be had by serving C.T. Corporation Systems, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

5.  Defendant, **ABLE SUPPLY COMPANY**, may be served with process through its registered agent, Thomas J. Daubner, 5220 Texas, Houston, Texas 77011-4295.

6.  Defendant, **AMOCO CORPORATION**, is a corporation organized and existing under and by virtue of the laws of the State of Indiana with an agent of service in the State of Texas, to wit: Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78704. Therefore, Defendant, **AMOCO CORPORATION**, may be served through its registered agent.

7. Defendant, **A.P. GREEN INDUSTRIES, INC.**, may be served through its registered agent, C. T. Corp System, 350 North Saint Paul Street, Dallas, Texas 75201.

8.  Defendant, **BROWN & ROOT, INC.**, may be served through its registered agent for service of process, C. T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

9.  Defendant, **CERTAINTEED CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201

10.  Defendant, **COMBUSTION ENGINEERING, INC.**, may be served with process through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

11.  Defendant, **CROWN CORK & SEAL COMPANY, INC.**, Individually and as Successor in-Interest to Mundet Cork Corporation, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.

12.  Defendant, **DRESSER INDUSTRIES, INC.**, sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES** and **WORTHINGTON PUMP INC.**, having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

13.  Though Defendant, **FLINTKOTE COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for



AMENDED PETITION AND JURY DEMAND

service of process, it has not designated such an agency. Therefore, said corporation may be served with process through its corporate headquarters, Two Embarcadero Center, Suite 1600, San Francisco, California 94111, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-. 045. Defendant, **FLINTKOTE COMPANY**, may be served through the Secretary of State for the State of Texas.

14. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, may be served with process through its registered agent, U.S. Corporation, 400 North St. Paul Street, Dallas, Texas 75201.

15. Defendant, **GARLOCK INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

16. Defendant, **GASKET HOLDING, INC.**, may be served with process through its corporate headquarters, P.O. Box 760, 6915 Hwy. 225, Deer Park, Texas 77536, said corporation is being sued individually and as successor-in-interest to **FLEXITALLIC GASKET CO.**

17. Defendant, **GENERAL REFRACTORIES COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 225 City Avenue, Suite 114, Bala Cynwyd, Pennsylvania 19009, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code 17.041-.045. Defendant, **GENERAL REFRACTORIES COMPANY**, may be served through the Secretary of State for the State of Texas.

18. Defendant, **GEORGIA-PACIFIC CORPORATION**, may be served through its registered agent, C.T. Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **BESTWALL GYPSUM COMPANY**.

19. Defendant, **GUARD-LINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

20. Defendant, **HARBISON-WALKER REFRACTORIES COMPANY** (formerly a division of **INDRESCO INC.**), having its principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

21. Defendant, **INDRESCO INC.** (sued individually and as successor-in-interest to **HARBISON-WALKER REFRACTORIES**, a division of **INDRESCO INC.**), having its

principal place of business in Dallas, Texas, may be served through its registered agent for service of process, Christine Astin, Connecticut Valley Claim Service Company, Inc., 525 Brook Street, Rocky Hill, Connecticut 06067.

22.     Defendant, **KAISER ALUMINUM & CHEMICAL CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

23. Defendant, **KELLY-MOORE PAINT COMPANY, INC.**, may be served through its agent for service of process, Mr. Kenneth Wall, 2727 Allen Suite 1300, Houston, Texas 77019.

24. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, may be served with process through its registered agent, Robert Wolin, Wolin, Fuller, Ridley & Miller, L.L.P., 1717 Main Street, 3100 BancOne Center, Dallas, Texas 75201.

25.     Defendant, **MINNESOTA MINING AND MANUFACTURING COMPANY**, a/k/a "3M", (hereinafter referred to as "3M"), may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

26.     Defendant, **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, C.T. Corporation Systems, 350 North St. Paul, Suite 2900, Dallas, Texas 75201.

27.     Although Defendant, **OWENS-ILLINOIS, INC.**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation is being sued individually and as successor-in-interest to **OWENS-ILLINOIS GLASS COMPANY**. Therefore, said corporation may be served with process through its corporate headquarters Fiberglass Tower, One Seagate, Toledo, Ohio 43666, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant, **OWENS-ILLINOIS, INC.**, may be served through the Secretary of State for the State of Texas.

28. Defendant, **PROKO INDUSTRIES, INC.**, having *its principal* place of business in Texas, may be served through its registered agent, Proko Industries, Inc., C/O Bowers Orr & Dougall, 8910 Two Notch Road, Ste. 400, P. O. Box 25389, Columbia, South Carolina 29224.

29. Defendant, **QUIGLEY COMPANY, INC.**, may be served with process through its registered agent, C.T. Corporation Systems, 350 N. St. Paul, Ste 2900, Dallas, Texas 75207.

30.     Defendant, **RILEY STOKER CORPORATION**, may be served with process through its registered agent, C.T. Corporation Systems, 1021 Main Street, Suite 1150, Houston, Texas 77002.

31. Although Defendant, **THE SYNKOLOID COMPANY**, has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 148 East 5th Street, Bayonne, New Jersey 07002, pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. §§ 17.041-.045. Defendant, **THE SYNKOLOID COMPANY**, may be served through the Secretary of State for the State of Texas.

32. Although Defendant T&N plc (f/k/a TURNER & NEWELL PLC, **individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY**) had at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this state, it has not designated such an agent. Therefore, said corporation may be served with process through its home office address, Styal Road, Manchester England, GB-M 225 TN, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§17.041-.045. Defendant **T&N plc (f/k/a TURNER & NEWELL PLC, individually and as successor and alter ego of KEASBEY AND MATTISON COMPANY)** may be served with process through the Secretary of State of Texas.

33. Although Defendant, **T&N plc (successor in interest to KEASBEY & MATTISON)**, is a foreign corporation having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for **T&N plc**. This suit arises out of business contacts in this State, and under the circumstances, **T&N plc** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office address, Styal Road, Manchester England, GB-M 225 TN.

34. Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)**, is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State

for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.).** This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED GASKET CORP.)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

35.   Although Defendant, **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED),** is a foreign business entity having sufficient business contact with the State of Texas to make it amenable to service of process, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process has been made pursuant to Tex. Civ. Prac. & Rem. Code § 17.044 by serving the Secretary of State for the State of Texas as agent for **TURNER AND NEWALL INDUSTRIES, INC. (d/b/a/ UNITED FABRICATED).** This suit arises out of business contacts in this State, and under the circumstances, **TURNER AND NEWALL INDUSTRIES, INC.** (d/b/a/ **UNITED FABRICATED)** has appointed the Secretary of State for the State of Texas as its agent upon whom service of process has been had in this action. The Secretary of State has been requested to forward a copy of the process with this petition under Tex. R. Civ. Pro. 106 and 108 to any president, vice-president, secretary, treasurer, agent or representative at their home office located at Styal Road, Manchester England, GB-M 225 TN.

36.   Although Defendant, **UNIROYAL HOLDING, INC.** (sued individually and as successor-in-interest to **U. S. RUBBER COMPANY**), has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process in this State, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, 70 Great Hill Road, Naugatuck, Connecticut 06770, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-. 045. Defendant **UNIROYAL HOLDING, INC.,** may be served through the Secretary of State for the State of Texas.

37.   Defendant, **U.S. GYPSUM COMPANY,** may be served through its registered agent, C.T. Corporation, 350 North St. Paul Street, Dallas, Texas 75201.

38.   Although Defendant, **U.S. MINERAL PRODUCTS COMPANY,** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered

agent for service of process, it has not designated such an agent. Therefore, said corporation may be served with process through its corporate headquarters, Furnace Street, Stanhope, New Jersey 07874, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **U.S. MINERAL PRODUCTS COMPANY**, may be served through the Secretary of State for the State of Texas.

39. Defendant, **W.R. GRACE & CO.-CONN.**, may be served with process through its registered agent, Prentice-Hall Corporation System, 400 North St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **W.R. GRACE & COMPANY**.

40. This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

## COUNT ONE

41. Each Defendant corporation or its predecessor-in-interest, with the exception of **METROPOLITAN LIFE INSURANCE COMPANY, BROWN & ROOT, INC., and J.T. THORPE COMPANY**, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff and Decedent have been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Plaintiff and Decedent have suffered injuries proximately caused by their exposure to asbestos-containing products designed, manufactured and sold by Defendants.

42. Plaintiffs allege that Plaintiff and Decedent were exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in their occupations. In that each exposure to such products caused or contributed to Plaintiff's and Decedent's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

43. In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products



PLAINTIFFS' SECOND CONSOLIDATED AMENDED PETITION AND JURY DEMAND                    Page 8

Case 1:01-cv-00181 Document 5 Filed in TXSD on 10/22/2001 Page 34 of 42

CAUSE NO. 98-10-04083-E

| | | |
|---|---|---|
| VALENTIN RAMIREZ AND EVA | § | IN THE DISTRICT COURT OF |
| RAMIREZ; LUIS GARCIA AND | § | |
| GUADALUPE GARCIA | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| ABLE SUPPLY COMPANY, ET AL. | § | 404TH JUDICIAL DISTRICT |

CAUSE NO. 99-12-5218-D

| | | |
|---|---|---|
| JEAN B. DARNOLD, Individually and | § | IN THE DISTRICT COURT OF |
| As Personal Representative of the Heirs | § | |
| and Estate of LEVAUGHN DARNOLD | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY CO.; ET AL. | § | 404TH JUDICIAL DISTRICT |

## DEFENDANT GARLOCK INC'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Garlock Inc (herein "Garlock") Files this Motion for Partial Summary Judgment and shows the Court as follows:

### I.
### Introduction

Plaintiff Jean B. Darnold, (herein "Jean Darnold") died on July 13, 2001. Currently, she is named as a Plaintiff and seeks damages for the death of her husband, LeVaughn Darnold, who died on July 2, 1999. However, Jean Darnold's wrongful death claims terminated upon *her* death, as a matter of law. Accordingly, Garlock is entitled to summary judgment with respect to her claims arising under the Texas Wrongful Death Statute.

**EXHIBIT**
C

On or about July 26, 2001, Plaintiffs filed their Third Consolidated Amended Petition. In the caption of that amended pleading, Plaintiff now lists Debbie Kulaw, the daughter of LeVaughn and Jean Darnold, as bringing claims "Individually and as Personal Representative of the Heirs And Estate of LeVaughn Darnold." While Jean Darnold is no longer listed as a party in the caption of this new pleading, she is still a named plaintiff in the body of the pleading. Moreover, Debbie Kulaw is not named as a party in the body of that pleading. In any event, Debbie Kulaw may not now bring a wrongful death claim because the statute of limitations on such claim expired on July 2, 2001, two years after LeVaughn Darnold's death. Accordingly, Garlock is also entitled to judgment as a matter of law with respect to any wrongful death claim asserted by Debbie Kulaw.

## II.
## Factual Statement

The following facts are undisputed or conclusively proven by the summary judgment evidence attached hereto and incorporated by reference for all purposes:

LeVaughn and Jean Darnold (the "Darnolds") filed their Plaintiffs' Original Petition and Jury Demand on December 20, 1999, under cause number 99-12-5218-D. Exhibit 1. The Darnolds were seeking damages for LeVaughn Darnold's alleged exposure to asbestos. *Id.* Although named as a plaintiff in that petition in his individual capacity, LeVaughn Darnold had, in fact, died on July 2, 1999, almost 6 months prior to the filing of Plaintiffs' suit. Exhibit 2, LeVaughn Darnold's Death Certificate. As such, at the time of filing this lawsuit, Jean Darnold was actually the surviving spouse of LeVaughn Darnold. However, LeVaughn Darnold's death was not disclosed in Plaintiffs' Original Petition and Jury Demand.

CUtePDF - www.fenito.com

Case 1:01-cv-00181  Document 5  Filed in TXSD on 10/22/2001  Page 36 of 42

On or about September 15, 2000, Plaintiff Jean Darnold filed her First Amended Petition and Jury Demand, also under Cause Number 99-12-5218-D, naming her as the sole plaintiff "Individually and as Personal Representative of the Heirs and Estate of LeVaughn Darnold." Exhibit 3. No other plaintiffs were named in the First Amended Petition. There was no cause of action or prayer for damages under the Texas Wrongful Death Statute alleged in this petition.

On or about February 6, 2001, Plaintiffs' Consolidated Original Petition and Jury Demand was filed under Cause Number 98-10-04083-E. Exhibit 4. This petition consolidated the claims of Jean Darnold with the claims of certain other, unrelated asbestos claimants. *Id.* In the "Damages" section of this consolidated petition, it stated that Plaintiffs were seeking recovery for: "Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the plaintiff/decedent." *Id.* at page 19, ¶ 85(1). However, other than Jean Darnold, no other statutory wrongful death beneficiary of LeVaughn Darnold was named as a party or otherwise identified in the consolidated petition.

Just two days later, on February 8, 2001, Plaintiffs filed their Consolidated Amended Petition and Jury Demand. Exhibit 5. There were no new plaintiffs added or wrongful death beneficiaries named in this amended petition.

On July 2, 2001, two years had expired since the death of LeVaughn Darnold.

On July 6, 2001, Plaintiffs filed their Second Consolidated Amended Petition and Jury Demand. Exhibit 6. There were no new plaintiffs added or wrongful death beneficiaries named in this amended petition.

On July 19, 2001, Plaintiffs' counsel informed Garlock's counsel that Jean Darnold had died. Exhibit 7, letter from Plaintiffs' counsel. Plaintiffs' counsel did not

disclose the date of her death. However, Garlock learned that Jean Darnold passed away on July 13, 2001. Exhibit 8.

On or about July 26, 2001, Plaintiffs filed their Third Consolidated Amended Petition and Jury Demand. Exhibit 9. In the caption of that amended pleading, Plaintiff now lists "Debbie Kulaw, Individually and as Personal Representative of the Heirs and Estate of LeVaughn Darnold. *Id.*, page 1. Debbie Kulaw is apparently the daughter of LeVaughn and Jean Darnold. Exhibit 10. While Jean Darnold is no longer listed as a plaintiff in the caption of this new pleading, she is still a named plaintiff in the body of the petition. Exhibit 9, page 2. Moreover, while listed in the caption as a plaintiff, Debbie Kulaw is not named as party or even mentioned in the body of that pleading. Other than substituting Debbie Kulaw for Jean Darnold in the caption, there appears to be no other changes in this petition as compared to the petition filed by Plaintiffs on July 6, 2001.[1]

As set forth below, Garlock seeks summary judgment on the wrongful death claims asserted by Jean Darnold because those claims expired upon her death. Garlock also seeks summary judgment on the wrongful death claim brought by Debbie Kulaw, if one is alleged, because such claim is barred by limitations as it was brought more than two years after the death of LeVaughn Darnold.

## III.
## Summary Judgment Standard

Under Texas law a movant is entitled to summary judgment when he demonstrates that there are no issues of material fact and that he is entitled to judgment

---

[1] Nor have plaintiffs provided any verfication that Ms. Kulaw has actually been legally designated as the Representative of LeVaughn Darnold.

as a matter of law. *Nixon v. Mr. Property Management, Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Vaquara v. Salas*, 810 S.W.2d 456, 460 (Tex. App.--San Antonio 1991, writ denied). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will accept as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 549. Any doubt and reasonable inference from the evidence will be resolved in favor of the non-movant. *Id.* Summary judgment is designed to limit unmerited claims or untenable defenses. *Byrd v. Woodruff*, 891 S.W.2d 689 (Tex.App.-- Dallas 1994, writ denied) (citation omitted). Summary judgment for a defendant is proper when the summary judgment evidence negates an essential element of the plaintiffs' cause of action as a matter of law or establishes all elements of an affirmative defense as a matter of law. *Byrd* 891 S.W.2d at 689 (citing *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20 (Tex. 1990.)

## IV.
## Summary Judgment Arguments

As set forth below in more detail, Garlock is entitled to judgment as a matter of law with respect to the wrongful death claim asserted by Jean Darnold because that claim terminated upon her death. Garlock is also entitled to summary judgment on the wrongful death claim of Debbie Kulaw, if she has asserted one, because such claim is barred by limitations. Each of these arguments is addressed in turn below.

A. ***Jean Darnold's Wrongful Death Claims Terminated Upon Her Death.***

The Texas Wrongful Death Act states that a wrongful death action may only be brought by the surviving statutory beneficiaries of the deceased. Tex. Civ. Prac. & Rem. Code. § 71.004(a). As LeVaughn Darnold's surviving spouse, Jean Darnold was a

---

statutory beneficiary under the Wrongful Death Act. *Id.* Jean Darnold died on July 13, 2001. Exhibits 7 and 8. Jean Darnold continues to be named as a plaintiff in Plaintiffs' live pleading, which was filed on July 26, 2001. Exhibit 9. Neither Debbie Kulaw nor any other person has ever been named as a plaintiff in Plaintiffs' live pleading. Rather, plaintiffs have consistently named Ms. Kulaw as a *potential party* in discovery responses, effectively admitting that she is *not* a party to this lawsuit. Exhibit 11.

Under the Wrongful Death Act, statutory beneficiaries have the sole and exclusive right to bring a wrongful death claim. Texas courts have determined that the right to file a wrongful death action is a "personal right" and does not survive the death of the beneficiary. *Carter v. Van Meter*, 495 S.W.2d 583, 586-587 (Civ. App. – Dallas 1973, no writ); *Johnson v. City of Houston*, 813 S.W.2d 227, 229-230 (Tex. App. – Houston [14th Dist.] 1991, writ denied). As such, Jean Darnold's wrongful death claim terminated upon her death. Accordingly, the Court should grant Garlock's motion for summary judgment with respect to the wrongful death claim asserted by Jean Darnold.

## B. *Any Wrongful Death Claim Brought By Debbie Kulaw Is Barred By Limitations.*

LeVaughn Darnold died on July 2, 1999. Exhibit 2. The statute of limitations for a wrongful death action is two years after the death of the injured party, which in this case was July 2, 2001. Tex. Civ. Prac. & Rem. Code § 16.003(b). Debbie Kulaw was first made a party to this case on or about July 26, 2001, twenty-four (24) days after limitations had run.[2] Exhibit 9. As such, to the extent Debbie Kulaw is seeking to assert

---

[2] As noted above, there is no evidence that Ms. Kulaw has ever been properly designated as a party in this lawsuit. Moreover, the standing order applicable to asbestos-related cases filed in Cameron County requires that the parties "may amend their pleadings up to 30 days prior to the scheduled trial date, and thereafter only upon leave obtained from the Court." Standing Order No. 14. Despite plaintiffs' designation of Ms. Kulaw as a potential party,

a wrongful death claim, her action is barred by the two-year statute of limitations. Therefore, Garlock is entitled to summary judgment on that claim.

## — V.
## Summary Judgment Evidence

The following exhibits are attached to this Motion for Summary Judgment and incorporated by reference for all purposes:

1.  Exhibit 1 hereto is Plaintiffs' Original Petition and Jury Demand;

2.  Exhibit 2 hereto is the Alabama Certificate of Death of LeVaughn Darnold;

3.  Exhibit 3 hereto is Plaintiff's First Amended Petition and Jury Demand;

4.  Exhibit 4 hereto is Plaintiff's Consolidated Original Petition and Jury Demand;

5.  Exhibit 5 hereto is Plaintiffs' Consolidated Amended Petition and Jury Demand;

6.  Exhibit 6 hereto is Plaintiffs' Second Consolidated Amended Petition and Jury Demand;

7.  Exhibit 7 hereto is a letter from Plaintiff's counsel to defense counsel disclosing death of Jean Darnold;

8.  Exhibit 8 hereto is an article from *The Decatur Daily* concerning the death of Jean Darnold;

9.  Exhibit 9 hereto is Plaintiffs' Third Consolidated Amended Petition and Jury Demand; and

10. Exhibit 10 hereto is Plaintiffs' Response to Interrogatory No. 3 from Plaintiffs' Answers to Master Discovery Requests.

---

plaintiffs never sought to amend their petition to include her as an *actual* party in this litigation, and cannot now do so after the applicable statute of limitations has run.

---

Garlock reserves the right to supplement this summary judgment evidence as allowed by the Texas Rules of Civil Procedure.

## VI.
## Prayer

WHEREFORE, premises considered, Garlock respectfully requests the Court to grant this Motion for Partial Summary Judgment in all respects and for such further relief as justice may require.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

BY: _____

EDUARDO ROBERTO RODRIGUEZ
State Bar No. 17144000
MITCHELL C. CHANEY
State Bar No. 04107500
TERI L. DANISH
State Bar No. 05375320
1201 E. Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522-2155
(956) 542-7441
FAX: (956) 541-2170
ATTORNEYS FOR DEFENDANT, GARLOCK INC

Case 1:01-cv-00181   Document 5   Filed in TXSD on 10/22/2001   Page 42 of 42

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing has been served on Plaintiffs' counsel of record, Darren P. McDowell, WATERS & KRAUS, 3219 McKinney Ave., Suite 3000, Dallas, Texas 75204, by Certified Mail, Return Receipt Requested, postage pre-paid and properly addressed and notice of the filing was sent to the following counsel of record via facsimile on this the 31th day of July, 2001.

| | |
|---|---|
| ROBERT WILKINSON | 228-762-3223 |
| ANTHONY PLETCHER | 512-883-0210 |
| JERRY KACAL | 713-529-8161 |
| MARY LOU MAURO | 713-355-7600 |
| TODD WADE/KENN WALL | 713-525-6251 |
| FRANK HARMON | 713-752-8618 |
| JEFF MUNDY | 512-477-5813 |
| PETER MOIR | 214-953-6503 |
| ERIC WEWERS | 214-210-2500 |
| PATRICIA KELLY | 956-428-2954 |
| JAMES POWERS | 713-767-7199 |
| LISA POWELL | 713-752-4221 |
| JOHN HILL/JOHN HALL | 713-223-3717 |
| PHIL BROWN | 214-698-1101 |
| GARY ELLISTON | 214-210-2500 |
| FERGUSON MCNIEL | 713-615-5493 |
| TOM TAYLOR | 713-220-4285 |
| SUSAN CARSTENS | 713-529-2290 |
| W. MILLER THOMAS | 409-598-7712 |
| ROBERT BASS | 214-905-3976 |
| LEWIS MILTENBERGER | 817-820-0373 |
| THOMAS DOUGALL | 803-788-6767 |
| JIM RILEY | 713-651-0220 |
| JAMES TOMPKINS | 713-599-0777 |
| HUBERT CROUCH/KIM | 214-922-7101 |
| W. NEIL RAMBIN | 214-651-4330 |
| JAMES HARRIS | 409-833-4240 |
| DAVID FISHER | 409-598-7712 |
| SHARLA FROST | 713-767-1799 |
| GREGORY BEVEL | 214-659-4401 |
| RUSSELL NUNNALY | 214-740-1499 |
| JOSEPHINE RANDALL | 214-760-7332 |
| RUSSELL SERAFIN | 713-758-2346 |
| WILLIAM GAULT | 956-544-0607 |

Teri L. Danish