IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OCT 3 0 2001

| | | |
|---|---|---|
| DEBRA KULAW, Individually and § | No. B-01-181 |
| As Personal Representative of the Heirs § | |
| and Estate of LEVAUGHN DARNOLD, § | |
| Plaintiffs § | |
| § | |
| § | |
| v. § | |
| § | |
| ACandS, Inc., § | |
| Defendants. § | |

| | | |
|---|---|---|
| IN RE: § | Case No. 01-10578 |
| FEDERAL-MOGUL GLOBAL, INC. § | Chapter 11 |
| Debtor § | (Pending in the United States |
| § | Bankruptcy Court for the |
| § | District of Delaware) |

**PLAINTIFFS' MOTION TO SEVER ALL CLAIMS
AGAINST BANKRUPT DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW PLAINTIFFS, and file this Motion to Sever All Claims Against Bankrupt Defendants. In support of this motion, Plaintiffs would respectfully show the Court as follows:

**I.**

During the week of October 15, 2001, Defendant Garlock Inc removed this asbestos related products liability case to federal court, along with more than 80 other cases involving more than 200 clients across the state represented by Waters & Kraus LLP. Garlock, apparently, did not remove any other asbestos cases, in any jurisdiction in the nation, involving plaintiffs represented by other firms.

This case is a multi-party action in which Plaintiffs contend the Defendants are legally responsible for causing Plaintiffs' asbestos-related injuries and damages. In its brief, Garlock argued that removal was appropriate because it maintains cross-claims against now-bankrupt defendants. The substantial majority of parties in this case have not sought bankruptcy protection.

While Garlock's putative third party claims against the debtor may have some relation to the bankruptcy proceeding, the claims between non-debtors (i.e. Plaintiffs and the solvent Defendants) have no relation to the bankruptcy proceeding. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994-96 (3rd Cir. 1984). As announced in *Pacor, Inc.*, adopted by the Fifth Circuit in *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987), and detailed in full in Plaintiffs' Motion to Remand, federal courts lack jurisdiction over claims among non-debtors even if a non-debtor asserts a third party claim against the debtor. *See Pacor, Inc.*, 743 F.2d at 994-96. Because federal courts lack jurisdiction over the vast majority of claims in this case, Plaintiffs request that the Court sever the few claims that may remain against bankrupt defendants so that the disputes between non-debtor parties may be resolved quickly, and without encumbering the bankruptcy court with collateral issues it lacks jurisdiction to address.

## II.

Federal Rule of Civil Procedure 21 provides that a court may sever any claim against any party and proceed with it separately. *See* Fed. R. Civ. P. 21. Therefore, this Court has the authority to sever the claims over which it has jurisdiction from those it lacks jurisdiction to consider.

## III.

Plaintiff's counsel has conferred with counsel for Federal Mogul Corp., and Federal Mogul Corp. is not opposed to the severance requested.

## IV.

The law of the Fifth Circuit provides that federal courts lack jurisdiction over disputes between non-debtors. By removing this case *in toto*, Garlock placed before this court claims that federal courts cannot consider. Therefore, the Court should sever all claims against the debtor from those claims between non-debtors and proceed only with those claims against the debtor. The claims between non-debtors should be remanded to state court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court sever all claims remaining against the bankruptcy debtor. Plaintiffs also request that the Court remand to state court the claims between non-debtors. Finally, Plaintiffs request all other relief to which they may be entitled.

Respectfully submitted,
WATERS & KRAUS, LLP

*Charles S. Siegel* w/ permission

Charles S. Siegel
State Bar No. 18341875
Federal I.D. 15736
Peter A. Kraus
State Bar No. 11712980
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 fax

_____
Frank Costilla
State Bar No. 04856500
Federal I.D.
Law Offices of Frank Costilla
5 East Elizabeth Street
Brownsville, Texas 78520
(956) 541-4982
(956) 541 3152 telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Motion to Sever All Claims Against Bankrupt Defendants was served on all counsel of record on this 30th day of October, 2001.

_____
Charles S. Siegel
*w/ permission*
*FC*

## CERTIFICATE OF CONFERENCE

On October 24, 2001, I conferred with Melissa Ferrell, counsel for the removing defendant Garlock Inc, and she stated that Garlock is opposed to this motion. On October 23, 2001, I spoke with Paul Hanley, counsel for the debtor Federal Mogul Corp., and he stated that Federal Mogul Corp. is not opposed to this motion.

_____
Charles S. Siegel
*w/ permission*
*FC*