IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Debra Kulaw, Individually and as Personal Representative of the Heirs and Estate of LeVaughn Darnold | § § § § | C.A. B-01-181 |
| Plaintiff | § § § | |
| v. | § § | |
| Able Supply Company, et al. Defendants. | § § | |

| | | |
|---|---|---|
| IN RE: FEDERAL-MOGUL GLOBAL, INC. Debtor | § § § § § | Case No. 01-10578 Chapter 11 (Pending in the United States Bankruptcy Court for the District of Delaware) |

United States District Court
Southern District of Texas
FILED
FEB 1 5 2002
Michael N. Milby
Clerk of Court

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURES

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify who attended for each party.

The initial conference was held on Tuesday, February 12, 2002, via conference call. The following appeared at the conference:

For the Defendants:

   Kimberley A.S. Satz, A. P. Green Industries, Inc., Foster Wheeler Energy Corporation, Harbison Walker Refractories Company
   Joel H. Whitney, Brown & Root
   Teri L. Danish, Garlock Inc
   John L. Hill, Jr., Metropolitan Life Insurance Company

For the Plaintiff:

   Charles S. Siegel

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**
    None known.

3.  **Briefly describe what this case is about.**
    This is an asbestos-related products liability lawsuit.

4.  **Specify the allegation of federal jurisdiction.**
    Removing Defendant Garlock alleges federal bankruptcy jurisdiction under 28 U.S.C. section 1334.

5.  **Name the parties who disagree and the reasons.**
    Plaintiff disagrees with Defendant's allegation of federal jurisdiction and believes that this case is properly filed in state court.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**
    None known at this time.

7.  **List anticipated interventions.**
    None known at this time.

8.  **Describe class-action issues.**
    None known at this time.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangement that have been made to complete the disclosures.**
    The parties have agreed to rely on responses to requests for disclosure answered in the state court cause of action. If any party has not filed responses for requests for disclosure, the parties agree that it must be filed seven days before the pre-trial conference.

10. **Describe the proposed agreed discovery plan, including:**
    A.  **Responses to all the matters raised in Rule 26(f).**
        See no. 9.

    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**
        Plaintiff anticipates sending interrogatories to Defendants.

    C.  **When and to whom the defendant anticipates it may send interrogatories.**
        Defendants anticipate sending interrogatories to Plaintiff.

    D.  **Of whom and by when the plaintiff anticipates taking oral depositions.**
        Plaintiff anticipates taking the oral depositions of those experts tendered by defendants and possibly noticing by videotape plaintiff's medical experts. Plaintiff anticipates taking depositions within the next six months.

E. **Of whom and by when the defendant anticipates taking oral depositions.**
Defendants anticipate taking the Plaintiff's deposition, any co-workers listed in discovery by Plaintiff, and any expert witnesses tendered by Plaintiff. Defendants anticipate taking depositions within the next eight months.

F. **When the plaintiff (or the party with the burden of proof of an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
Plaintiff anticipates designating their experts and providing expert reports no later than June 30, 2002. Defendants anticipate being able to designate experts and provide reports July 31, 2002.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
Medical experts and state-of-the-art experts. Plaintiff anticipates taking medical experts and Defendants' state-of-the-art experts within the next six months.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
Plaintiff, plaintiff's medical and state-of-the-art experts. Defendants anticipate taking medical experts and Plaintiff's state-of-the-art experts within the next eight months.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**
The parties agree.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**
None as of this date.

13. **State the date the planned discovery can reasonably be completed.**
Nine months.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**
None at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**
Parties agree that if the case is not remanded, mediation is an appropriate method for possibly bringing about a proper resolution of this lawsuit.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**
Mediation, upon completion of discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicated the parties' joint position on a trial setting before a magistrate judge.**
    The parties do not agree to a trial before a magistrate.

18. **State whether a jury demand has been made and if it was made on time.**
    Jury demand was made in state court.

19. **Specify the number of hours it will take to present the evidence in this case.**
    75 hours

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**
    Motion to Remand, Motion to Sever and Emergency Motion to Transfer, all could be considered at the pre-trial and scheduling conference.

21. **List other motions pending.**
    None other than those listed above.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**
    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of interested Parties, listing the date of filing for original and any amendments.**
    The parties listed below certify that they have all filed Disclosures of Interested Parties.

24. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**For the Plaintiff:**

Charles S. Siegel
    Attorney in Charge
    State Bar No. 18341875
    Federal ID No. 15736
    State Bar No. 11712980
    3219 McKinney Avenue, Suite 3000
    Dallas, Texas 75204
    (214) 357-6244
    (214) 871-2263 fax

**For the Defendants:**

Kimberley A.S. Satz, A. P. Green Industries, Inc., Foster Wheeler Energy Corporation, Harbison
    Walker Refractories Company
    Cordray, Goodrich & Miltenberger, PLLC
    One Century Plaza, Suite 500
    108 W. 8th Street
    Fort Worth, Texas 76102
    (817) 820-0343
    (817) 820-0373 fax

Joel H. Whitney, Brown & Root
    State Bar No. 24008580
    Godwin Gruber, PC.
    Renaissance Tower
    1201 Elm Street, Suite 1700
    Dallas, Texas 75270-2084
    (214) 939-4400
    (214) 760-7332 fax

Teri L. Danish, Garlock Inc
    State Bar No. 05375320
    Federal ID No. 12862
    Rodriguez Colvin & Chaney LLP
    1201 East Van Buren
    P. O. Box 2155
    Brownsville, TX 78522
    (956) 542-7441
    (956) 541-2170 fax

John L. Hill, Jr., Metropolitan Life Insurance Company
    State Bar No. 00000027
    Locke, Liddell & Sapp LLP
    600 Travis Street
    Houston, Texas 77002
    (713) 226-1302
    (713) 223-3717 fax

_____      2-15-02
Charles S. Siegel                           Date
Counsel for the Plaintiff

_____      2-15-02
Kimberley A.S. Satz                   Date
Counsel for Defendants A. P. Green Industries, Inc,
Harbison Walker Refractories Company

_____      2-15-02
Joe H. Whitney                             Date
Counsel for Defendant Brown & Root

_____      2-15-02
Teri L. Danish                               Date
Counsel for Defendant Garlock Inc

_____      2-15-02
John L. Hill, Jr.                              Date
Counsel for Defendant Metropolitan Life
Insurance Company